6-9-05

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

05-11242 NMG

| United States District Court | District |
|---|---|
| Name (under which you were convicted): ROGER PELLANA | Docket or Case No.: |
| Place of Confinement: TAYLOR CORRECTIONAL INSTITUTION (AFTER 6/15/05 CUSTODY OF MASSACHUSETTS | Prisoner No.: FLA. D87064 MASS. W57794 |
| Petitioner (include the name under which you were convicted) ROGER PELLANA | v. Respondent (authorized person having custody of petitioner) JAMES CROSBY SECRETARY FLA DEPT OF CORR. FLA. PAROLE COMMISSION; AFTER 6/15/05 MASS SEC. DEPT. OF CORR. AND PAROLE BOARD |
| The Attorney General of the State of FLORIDA CHARLIE CRIST COMMONWEALTH OF MASSACHUSETTS TOM REILLY | |

referred to MJ Dein

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: WORCESTER SUPERIOR COURT MAIN ST. WORCESTER MASS. 01608

   (b) Criminal docket or case number (if you know): 94-0573 ; 1 THROUGH 5

2. (a) Date of the judgment of conviction (if you know): JAN 11. 1995

   (b) Date of sentencing: JAN. 11. 1995

3. Length of sentence: 3-8 YEARS

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: COUNT I ARMED ROBBERY; COUNT II ARMED ROBBERY; COUNT III ROBBERY; COUNT IV ROBBERY; COUNT V ROBBERY

6. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☑ (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? SAME PLEA TO ALL COUNTS

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐ Judge only ☐ NA.

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?

Yes ☐ No ☑

9. If you did appeal, answer the following:

(a) Name of court: NA

(b) Docket or case number (if you know): NA.

(c) Result: NA.

(d) Date of result (if you know): NA.

(e) Citation to the case (if you know): NA.

(f) Grounds raised: NA.

(g) Did you seek further review by a higher state court? Yes ☐ No ☑

If yes, answer the following:

(1) Name of court: NA.

(2) Docket or case number (if you know): NA

(3) Result: NA

(4) Date of result (if you know): NA.

(5) Citation to the case (if you know): NA.

(6) Grounds raised: NA

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If yes, answer the following:

(1) Docket or case number (if you know): NA.

(2) Result: NA.

(3) Date of result (if you know): NA.

(4) Citation to the case (if you know): NA.

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: NA

(2) Docket or case number (if you know): NA

(3) Date of filing (if you know): NA

(4) Nature of the proceeding: NA

(5) Grounds raised: NA

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: NA.

(8) Date of result (if you know): NA

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: NA.

(2) Docket or case number (if you know): NA.

(3) Date of filing (if you know): NA.

(4) Nature of the proceeding: NA.

(5) Grounds raised: NA

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: NA

(8) Date of result (if you know): NA

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: NA.

(2) Docket or case number (if you know): NA

(3) Date of filing (if you know): NA

(4) Nature of the proceeding: NA

(5) Grounds raised: NA

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: NA

(8) Date of result (if you know): NA

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☐ No ☑

(2) Second petition: Yes ☐ No ☑

(3) Third petition: Yes ☐ No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: BECAUSE THE ACTUAL JUDGEMENT AND CONVICTION WAS THE RESULT OF A PLEA NEGOTIATION; THIS PETITION IS CONCERNING SUBSEQUENT PAROLE

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** DEPRIVATION OF DUE PROCESS ON ARREST FOR PAROLE VIOLATION AND FAILURE TO UTILIZE STATUTORY REQUIREMENTS; NO CREDIT TOWARDS SENTENCE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THE PETITIONER WAS ARRESTED ON 11/03/00 IN FLORIDA BY AND THROUGH MASSACHUSETTS AS AN ALLEGED PAROLE VIOLATOR. HE WAS AT LIBERTY, FREE AND AT HIS HOME RESIDENCE. UPON BEING ARRESTED THE FOLLOWING WAS DEPRIVED AND/OR NOT AFFORDED: BAIL; RIGHT TO JUDICIAL PROCEEDINGS AFFORDED BY LAW (IE. HABEAS CORPUS); A PRELIMINARY COMPLETE HEARING PROCESS; FINAL REVOCATION HEARING; AND HAS RECEIVED NO CREDIT FROM THE DATE OF THE ARREST, (11/03/00 ON A 10/25/00 WARRANT) THE SITUATION IS SIGNIFICANTLY DIFFERENT FROM THAT OF AN INCARCERATED INDIVIDUAL WHO IS ALREADY CONFINED, HAS BEEN (CONT) ON EXE.

(b) If you did not exhaust your state remedies on Ground One, explain why: THE STATE REMEDIES ARE: FULL ON ADMINISTRATIVE LEVELS. THERE ARE PETITIONS PENDING; PETITION FOR WRIT OF MANDAMUS TAYLOR COUNTY FLORIDA CASE NO 05-296-CA; LEON COUNTY CASE NO. 2005-CA-000100 ALSO FLORIDA; AND NORFOLK COUNTY MASSACHUSETTS CASE NO. 2005-00633 (DISMISSED AND PRESENTLY (CONT) EXE"

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: THE DIRECT APPEAL ON JUDGEMENT AND CONVICTION DID NOT TAKE PLACE; FURTHERMORE ALL PREREQUISITE COURT CASES(IN) CONCERN PAROLE, AND ARE IN PROGRESS; APPELLATE ADDRESS REQUESTED FOR MASS.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION FOR WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed: SUPERIOR COURT SS. NORFOLK 650 HIGH ST. DEDHAM MASS. 02026

Docket or case number (if you know): 2005 - 00633

Date of the court's decision: MAY 3 2005 DISMISSAL UNDER RECONSIDERATION

Result (attach a copy of the court's opinion or order, if available): DISMISSAL, MAY 3. 2005 HAS BEEN RESUBMITTED FOR RECONSIDERATION – APPELLATE COURTS ADDRESS REQUESTED; NOT RECEIVED.

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ NA.

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NA.

Docket or case number (if you know): NA.

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available): NA.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: DUE TO THE FACT THAT THE PETITIONER HAS BEEN ADDRESSING THE ISSUE FROM FLORIDA IT WAS NECESSARY TO FILE IN PROPER VENUE AND JURISDICTION TAYLOR AND LEON CO. FLA. (CONT)

**GROUND TWO:** NA.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

NA

(b) If you did not exhaust your state remedies on Ground Two, explain why: NA

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: NA

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☐ NA

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: NA

Name and location of the court where the motion or petition was filed: NA

Docket or case number (if you know): NA

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐ NA

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐ NA

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ NA

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NA

Docket or case number (if you know): NA

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available): NA

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: NA

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: NA

**GROUND THREE:** NA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): NA

(b) If you did not exhaust your state remedies on Ground Three, explain why: NA

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ NA

(2) If you did not raise this issue in your direct appeal, explain why: NA

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☐ NA

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: NA

Name and location of the court where the motion or petition was filed: NA

Docket or case number (if you know): NA

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available): NA

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐ NA

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐ NA

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ NA

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NA.

Docket or case number (if you know): NA.

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available): NA.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: NA

GROUND FOUR: NA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): NA

(b) If you did not exhaust your state remedies on Ground Four, explain why: NA

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑ NA

(2) If you did not raise this issue in your direct appeal, explain why: NA

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑ No ❑ NA.

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: NA

Name and location of the court where the motion or petition was filed: NA

Docket or case number (if you know): NA

Date of the court's decision: NA.

Result (attach a copy of the court's opinion or order, if available): NA

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑ NA

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑ NA.

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑ NA

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NA.

Docket or case number (if you know): NA.

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available): NA

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: NA

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: NA

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☐ No ☑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: THE ISSUE IS PRESENTED IN THE THREE PETITIONS AFORESTATED AND ALL ADMINISTRATIVE ACTIONS INCLUDING INTERSTATE HOWEVER DUE TO THE TIME ELEMENTS AND PARTICULAR SITUATION THE PROGRESS OF THE 3 PENDING STATE ACTIONS WILL NOT WARRANT ; EXPEDIENT RELIEF

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: NO. ALL ISSUES RELATED TO THIS GROUND HAVE BEEN EXPLAINED AND PRESENTED INCLUDING INFORMING THE PARTIES OF PUNISHMENT PAST LEGAL EXPIRATION

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. NO.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☑ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. AS AFOREMENTIONED NORFOLK SUPERIOR COURT CASE NO. 2005-00633
LEON COUNTY CASE NO 2005-CA-000100
TAYLOR COUNTY CASE NO 05-296-CA
ALL ADDRESSES LISTED IN # 12(d) AND CONTINUATION SHEET ACCORDINGLY

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: GALE M. FRANCO CPCS 340 MAIN ST WORCESTER MASSACHUSETTS 01608-1601

(b) At arraignment and plea: " "

(c) At trial: NO TRIAL

(d) At sentencing: " "

(e) On appeal: NO APPEAL

(f) In any post-conviction proceeding: THIS PROCEEDING IS PRO SE PETITIONER ROGER PELLAND D87064 H-1-205 TAYLOR CI 8515 HAMPTON SPRINGS RD PERRY FLA 32348

(g) On appeal from any ruling against you in a post-conviction proceeding: NO APPEAL TO DATE

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: NA

(b) Give the date the other sentence was imposed: NA.

(c) Give the length of the other sentence: NA.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

THE PETITIONER WAS ARRESTED ON 11/03/00 IN FLORIDA VIA MASSACHUSETTS FUGITIVE WARRANT (HE WAS TRANSFERRED TO FLORIDA FROM MASSACHUSETTS UNDER THE INTERSTATE CORRECTIONS COMPACT) WHILE AT HIS RESIDENCE FREE AND AT LIBERTY HE WAS ARRESTED SOLELY BY AND FOR MASSACHUSETTS. SINCE THIS ACTION DOES NOT ADDRESS THE ACTUAL JUDGEMENT AND CONVICTION AND DOES ADDRESS THE ISSUES SURROUNDING THE COMMONWEALTH OF MASSACHUSETTS AND ITS AUTHORIZED AGENTS ACTIONS CONCERNING PAROLE ISSUES. THE MOVANT HAD ONLY GAINED KNOWLEDGE TO OR ACCESS TO THE LEGAL AND FACTUAL BASIS FOR THIS PARTICULAR CLAIM AND THE PETITIONER; BY VOLUMINOUS EXHIBITS (SEE ATTACHED APPENDIX) PURSUED THE RELIEF OF ESTABLISHING A PAROLE VIOLATORS PENALTY AND PROPER CREDITING FROM THE ARREST DATE OF AN EXECUTED WARRANT TO NO AVAIL: DILIGENTLY AND CONSISTENTLY WHICH IS NECESSARY FOR PROPER EXHAUSTION AND TOLLING PROPERTIES [IT SHOULD BE NOTED THAT THE PETITIONER HAS BEEN DETAINED WITHOUT DISPOSAL ON THE ISSUE EVEN IN RESPECT TO THE NON RELATED FLORIDA SENTENCE WHICH WAS RECEIVED ON MAY 5, 2001; AND NOT BEFORE THE 11/03/00 ARREST] WHILE FLA STATE REMEDIES INCLUDE 2 PETITIONS IN STATE COURT SEE LEON CO AND TAYLOR CO. CASES; AND ONE MASSACHUSETTS PETITION IN NORFOLK CO DEDHAM (DISMISSED AND UNDER RECONSIDERATION AND ARE PENDING; THE CLAIM IS BROUGHT TO THIS COURT AS NO EXPEDIENT RELIEF HAS BEEN ACQUIRED TO DATE AND PETITIONERS RELEASE FROM UNRELATED FLORIDA SENTENCE 6/15/05 CAUSES HIM TO BE BEYOND EXPIRATION OF ANY PENALTY WHICH COULD BE ESTABLISHED IF THAT HAD TRANSPIRED - THEREFORE THE DATE OF THE JUDGEMENT AND CONVICTIONS FINALITY ETC WOULD BE INAPPROPRIATE.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: TO GRANT CREDIT ON THIS CASE FROM THE ARREST AND OR ORDER THE RELEASE OF THE PETITIONER ON 6/15/05

or any other relief to which petitioner may be entitled.

______________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 6-9-05 (month, date, year).

Executed (signed) on June 9, 2005 (date).

Roger Dillard

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______________________________

* * * * *

05 11242NMG

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

APPENDIX B CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ROGER PELLAND

**DEFENDANTS** JAMES CROSBY, SEC. FLA. D.O.C. FLA. PAROLE COMMISSION (AFTER 6/15/05) MASS. SEC. D.O.C. AND MASS. PAROLE BOARD

(b) County of Residence of First Listed Plaintiff TAYLOR CO. FLA.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed LEON CO. FLA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO PRIA PERSONA

Attorneys (If Known)
CHARLIE CRIST - PL-01 THE CAPITOL TALLAHASSEE FLA. 32399-1050
TOM REILLY - 1 ASHBURTON PL. BOSTON MASS. 02108

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 2254 I V VI VIII, XIV AMENDMENTS NO DUE PROCESS ON WARRANT EXECUTED 11/02/00 FOR PAROLE VIOLATION, HELD IN FLA BY MASS. GRIEVANCE, HABEAS DENIED, NO RELIEF 5 YEARS (SEE 3 DEFENDANTS)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE JUDGE JAMES ROY DEAN; JUDGE Igastram; JUDGE NAME UNKNOWN (CLERK TIMOTHY)
DOCKET NUMBER FLA → TAYLOR CO. 05-269-CA; LEON CO 05-CA-100; MASS → NORFOLK CO NOCV2005 00633

DATE X JUNE 15, 2005 SIGNATURE OF ATTORNEY OF RECORD X Roger Pelland PRO SE

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) ROGER PELLAND VS. JAMES CROSBY SEC FLA D.O.C. (PLEASE NOTE MULTI DEFENDANTS DUE TO JURISDICTION)

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

| | | | |
|---|---|---|---|
| ___ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
| ___ | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ___ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| X | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| ___ | V. | 150, 152, 153. | |

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

NO RELATED CASES IN THIS COURT

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES ☐ NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES ☐ NO ☒

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES ☐ NO ☒ STATE AGENCIES ARE

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES ☐ NO ☒ BUT NOT CERTAIN

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

YES ☐ NO ☐

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION ☒ CENTRAL DIVISION ☐ WESTERN DIVISION ☐

NOTE PARTIAL FLA, HOWEVER MASS. DEFENDANT ARE

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

AFTER 6/15/05 ON ROUTE / EXTRADITION TO MASS

EASTERN DIVISION ☒ CENTRAL DIVISION ☐ WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ROGER PELLAND PRO SE

ADDRESS 8515 HAMPTON SPRINGS ROAD PERRY FLA 32348 AFTER 6/15/05 EN ROUTE TO MASS

TELEPHONE NO. NA - PRISONER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX D NOTICE OF SCHEDULING CONFERENCE

ROGER PELLAND

v.

Civil Action No. ______________

JAMES CROSBY, SEC. FLA D.O.C.; FLA PAROLE COMMISSION
SEC. MASS D.O.C. AND MASS. PAROLE BOARD

NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No. ______ on the _______ floor at ___________.m. on ______ _____________________, 20_____, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

______________________
Date

______________________________
United States District Judge

By:______________________________
Deputy Clerk

______________________

[1] These sections of Local Rule 16.1 provide:

(B) Obligation of counsel to confer. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C) Settlement proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) Joint statement. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(2) a proposed schedule for the filing of motions; and

(3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.