PETITION UNDER 28 USC § 2254 WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

CA 05- 11242 NMG

| UNITED STATES DISTRICT COURT | |
|---|---|
| NAME (UNDER WHICH YOU WERE CONVICTED): ROGER PELLAND | DOCKET OR CASE.: |
| PLACE OF CONFINEMENT: TAYLOR CORRECTIONAL INSTITUTION (AFTER 6/15/05 CUSTODY OF MASSACHUSETTS | PRISONER NO.: FLA. D87064 MASS. W57794 |
| PETITIONER (INCLUDE THE NAME UNDER WHICH YOU WERE CONVICTED) ROGER PELLAND | RESPONDENT (AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER) v. JAMES CROSBY, SECRETARY, FLA. DEPT. OF CORR., FLA. PAROLE COMMISSION: AFTER 6/15/05 MASS. SEC. DEPT. OF CORR. AND PAROLE BOARD |
| THE ATTORNEY GENERAL OF THE STATE OF: FLORIDA: CHARLIE CRIST COMMONWEALTH OF MASSACHUSETTS: TOM REILLY | |

APPENDIX

# TABLE OF CONTENTS

...D
...OFFICE

... 13  2 1:03

EXHIBIT A                          COMPLAINT FOR WRIT OF MANDAMUS
                                   SECOND JUDICIAL CIRCUIT, LEON
                                   COUNTY, STATE OF FLORIDA, CASE NO
                                   2005CA000100

                                   UTILIZE MEMORANDUM C2 AND
                                   APPENDIX EXHIBIT D

EXHIBIT B                          COMPLAINT FOR WRIT OF MANDAMUS
                                   THIRD JUDICIAL CIRCUIT, TAYLOR COUNTY,
                                   STATE OF FLORIDA, CASE NO. 05-296-CA

                                   WITH MEMORANDUM C2 AND
                                   APPENDIX EXHIBIT D

EXHIBIT C1                         PETITION FOR WRIT OF HABEAS CORPUS
                                   SUPERIOR COURT, NORFOLK COUNTY
                                   COMMONWEALTH OF MASSACHUSETTS
                                   CASE NO. NOCV2005-00633

                                   WITH MEMORANDUM (C2) CONTAINS
                                   I -V UNIVERSAL FOR A B AND C1
EXHIBIT C2                         UNIVERSAL MEMORANDUM

EXHIBIT D                          UNIVERSAL APPENDIX
                                   UTILIZED IN A, B, AND C1

EXHIBIT E                          CONTINUATION SHEET
                                   12(a); 12(b):        : AND
                                   12(d)

EXHIBIT A
COMPLAINT FOR WRIT OF MANDAMUS
SECOND JUDICIAL CIRCUIT, LEON
COUNTY, STATE OF FLORIDA
CASE NO. 2005CA 000100
WITH MEMORANDUM C 2

# EXHIBIT A

IN THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY
STATE OF FLORIDA

ROGER PELLAND,
    PETITIONER,

CASE NO.: 2005CA000100

V.

JAMES CROSBY, F. D.O.C. SECRETARY
FLORIDA PAROLE COMMISSION,
       RESPONDENT(s),

**OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON**

1-7-05

DATE       I/M INT.

MAIL ROOM - MAIN UNIT

## COMPLAINT FOR WRIT OF MANDAMUS

**PETITIONER**, ROGER PELLAND, SUES RESPONDENT(s), JAMES CROSBY, F.D.O.C. SECRETARY
& FLORIDA PAROLE COMMISSION: AND ALLEGES:

### I) INTRODUCTION

THIS IS A COMPLAINT FOR A PRE-EMPTORY WRIT OF MANDAMUS TO COMPEL THE RESPONDENT(S) TO
ABIDE BY THE REQUIREMENTS OF LAW RELATING TO APPLICATION FOR DISPOSAL OF COMPLAINTS
PENDING, AND I.A.D. (INTERSTATE AGREEMENT ON DETAINER).

### II) JURISDICTION AND VENUE

THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO ART. I, § 5(b) FLORIDA CONSTITUTION
AND 1.630 FLORIDA RULES CIVIL PROCEDURE. THE LOCATION IN WHICH ENFORCEMENT IS SOUGHT
IS LEON COUNTY, FLORIDA, WITHIN THE VENUE OF THE SECOND JUDICIAL CIRCUIT.

### III) PETITIONER _____, ROGER PELLAND, D.C.# D87064, IS AN INMATE HOUSED IN AN INSTITU-

-TION CONTROLLED BY THE FLORIDA DEPARTMENT OF CORRECTIONS, WHO'S CENTRAL OFFICE IS LO-
CATED AT 2601 BLAIRSTONE BLVD., TALLAHASSEE, FLORIDA 32399-2500.

RESPONDENT(S) _____ THE FLORIDA DEPARTMENT OF CORRECTIONS HEREAFTER (F.D.O.C.) IN TALL-
-AHASSEE (CENTRAL OFFICE) AND THE FLORIDA PAROLE COMMISSION REPRESENTED BY, AND ACCESS
IS PAROLE, WHILE SEPARATE ENTITIES ARE ADMINISTRATIVE AGENCIES OF THE EXECUTIVE BRANCH OF
THE FLORIDA GOVERNMENT CHARGED WITH THE CARE AND CUSTODY OF STATE PRISONERS BY VIRTUE
OF §§ 20.315 & 944.09 FLORIDA STATUTES AND § 94 ____ FLORIDA STATUTE. RESPONDENT ADDRESS
IS 8515 HAMPTON SPRINGS ROAD, ____ PERRY, FLORIDA 32348 AND 2601 BLAIRSTONE ROAD,
TALLAHASSEE, FLORIDA 32399-2500. RESPECTIVELY.

(·)

## IV) AVERMENTS

1) PETITIONER WAS ARRESTED ON A MASSACHUSETTS WARRANT WHILE AT LIBERTY FOR A PAROLE VIOLATION TO WHICH THE FLORIDA PAROLE WAS RESPONSIBLE FOR UNDER INTERSTATE COMPACT. (SEE EXHIBIT A).

2) AS A DIRECT RESULT THE PETITIONER'S BOND (WHICH WAS FOR A FLORIDA CHARGE) WAS REVOKED. (SEE EXHIBIT B).

3) THE FLORIDA PAROLE COMMISSION CONTACTED THE PETITIONER AND SCHEDULED A HEARING NOTING THE RESPONSIBILITY OF THE FLORIDA PAROLE COMMISSION (HERE- -AFTER F.P.C.) AND THAT F.P.C. ACTED AS AUTHORIZED AGENT. (SEE EXHIBIT C)

4) A TEMPORARY WAIVER FORM WAS SIGNED UNTIL DISPOSITION OF THE FLORIDA CHARGE WHICH WAS AN OPTION ON THE FORM (SEE EXHIBIT D), AND THE PETITIONER FOLLOWED THE INSTRUCTIONS ON THE FORM TO CONTACT THE FLORIDA F.P.C. AGENT AUTHORIZED BY MASSACHUSETTS.

5) THE PETITIONER CONTINUALLY ATTEMPTED TO CONTACT THE AGENT REPRESENTATIVE TO NO AVAIL AND HEARING WAS NOT HELD.

6) A CONSTANT SERIES OF REQUESTS AND INQUIRIES TRANSPIRES. SEE EXHIBITS "CHRONOLOGY" AND NO HEARING HAS TAKEN PLACE.

7) THE DEPARTMENT VIA F.D.O.C. AND F.D.C., WHO ACCEPTED RESPONSIBILITY FOR AN INMATE WHILE ON INTERSTATE COMPACT WAS ARRESTED ON A FUGITIVE WAR- -RANT ISSUED BY MASSACHUSETTS AND EXECUTED BY FLORIDA LAW ENFORCEMENT OFFICIALS HAVE HELD NO HEARING.

8) THE PROPER PROCEEDINGS WERE INITIATED. (SEE EXHIBIT C AND D). HOW- -EVER AFTER FLORIDA DISPOSITION DID NOT PROCEED AFTER BEING CONTACTED.

9) THE PETITIONER MADE WRITTEN REQUESTS FOR FINAL DISPOSITION OF A DETAINER PLACED ON HIM FOR AN ARREST ON A FUGITIVE WARRANT, WHICH WAS EXCUTED WHILE THE PETITIONER WAS AT LIBERTY AND PRIOR TO ANY FLORIDA SENTENCE.

10) UPON INITIAL ARREST PROCEEDINGS ON PAROLE WERE INITIATED AND NEVER RESUMED

11) WRITTEN REQUEST FOR FINAL DISPOSITION WAS REJECTED WITHOUT RULE STATUTE AS COMPLAINT IS LISTED IN PLAIN MEANING OF LANGUAGE.

## CHRONOLOGY

__SEPTEMBER 4, 2000__ — PETITIONER WAS ARRESTED.

10/23/00 _____ — BONDED OUT FOR APPROX. 12 DAYS.

11/03/00 (EXHIBIT-A) — PETITIONER WAS ARRESTED ON A FUGITIVE WARRANT — STATE OF MASS..

11/03/00 (EXHIBIT-B) — THE BOND WAS SUBSEQUENTLY REVOKED AT THE SAME TIME.

12/12/00 (EXHIBIT-C) — THE DEPARTMENT PAROLE BOARD SERVED NOTICE OF HEARING.

12/12/00 (EXHIBIT-D) — PETITIONER SIGNED A WAIVER OF HEARING, OR POSTPONEMENT
WITHOUT ADMISSION OF GUILT. SEE #3. CONTACT WAS INSTRUCTED
FOR COORDINATION WITH ANY SENTENCE RECEIVED; IF ANY ON FLORIDA
CHARGE, DIRECTED TO SHEILA ROBERTS @ 561 - 837 - 5128.

5/5/01 (EXHIBIT-E) — AS PETITIONER RECEIVED 66.9 MOS. ON FLA. CHARGE.
AS INSTRUCTED PETITIONER CALLED ABOVE #, LEFT INFORMATION
WITH REPRESENTATIVE.

7/19/01 (EXHIBIT-F) — LETTER OUT TO DEPARTMENT OF CORRECTION IN BOSTON, MASS..

8/2/01 (EXHIBIT-F) — NON DELIVERABLE BACK TO PETITIONER

BETWEEN 8/2/01 AND JULY 10, 2002 _____ — PETITIONER UNDER WENT SURGERY FOR
CANCER (LUNG), CHEMO THERAPY, AND RADIATION @ LAKE BUTLER
RECEPTION & MEDICAL CENTER.

7/10/02 (EXHIBIT-G) — REQUEST WAS MADE FOR ADDRESS     "DONALD LA FRATTA.
THERE WAS A TRANSFER FROM LAKE BUTLER TO TAYLOR CORRECTIONAL
INSTITUTION DESIGNATING TAYLOR CORRECTIONAL INSTITUTION AS
PETITIONER's PERMANENT HOUSING DESTINATION.

9/18/02 (EXHIBIT-H-i-4) — (LETTER) AS INTERSTATE COMPACT ADMINISTRATOR DEPUTY, DONALD
LA FRATTA, RESPONDS WITH IDENTICAL CRITERIA. REQUEST WHICH MATCH-
-ED THE INFORMATION IN AN INTERSTATE AGREEMENT ON DETAINER.
WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION (IT SHOULD BE
NOTED THAT IF THE PETITIONER HAD NOT BEEN "UNDER" I.A.D. AS IN-
-FORMED BY THE WARDEN @ LAKE BUTLER AND LATER BY THE WARDEN's
DESIGNATED REPRESENTATIVE CONCERNING THE MATTER AT TAYLOR
CORRECTIONAL INSTITUTION.

<u>C RONOLOGY - CON'T.</u>



9/25/02 <u>(EXHIBIT-I)</u> - PETITIONER REQUESTED CLASSIFICATION TO MEET WITH HIM CONCERNING MR. LAFRATTA'S; REQUEST ANSWERED BY CLASSIFICATION OFFICER WOOD; IT BECAME KNOWN THAT A MS. BURNS (ALSO CLASSIFICATION OFFICER) CONTACTED KATHY KOZAK, REPRESENTATIVE FOR PAROLE BOARD.

NOVEMBER 2002 ____ - THE PETITIONER DID MEET WITH MS. BURNS, CLASSIFICATION OFFICER, AND IT WAS DISCOVERED THAT THE NOTICE OF HEARING AND TEMPORARY WAIVER WITH- -OUT ADMISSION OF GUILT, WAS NOT IN THE INMATE FILE, COPIES WERE MADE: APPARENTLY, THE PAROLE BOARDS REPRESENTATIVE, SHEILA ROBERTS DID NOT FOR- -WARD THOSE DOCUMENTS TO THE INMATE'S FILE, (i.e. MEETING WHICH TOOK PLACE AT THE MARTIN COUNTY JAIL.

APPROX.

1/ 1/03 ____ - MET WITH MS. BURNS RE ITERATED DONALD LA FRATTA'S REQUEST.

1/21/03 <u>(EXHIBIT-J)</u> - A MEDICAL REQUEST WAS MADE TO SEE IF RECORDS WERE TRANSFERRED TO KATHY KOZAK.

2/04/03 (EXHIBIT-K) - MS. KOZAK'S ADDRESS WAS REQUESTED.

2/18/03 (EXHIBIT-L) - REQUESTED CLASSIFICATION ASSISTANCE TO GET MEDICAL RECORDS TO MASS..

3/5/03 (EXHIBIT-M) - A BRIEF SYNOPSIS FROM DR. HAU HuYnH, TO THE PAROLE BOARD IN MASS. GENERAL DIAGNOSTIC EXPLANATORY.

5/21/03 (EXHIBIT-N / 1-4) - REQUEST TO KATHY KOZAK REQUESTING ACTION.

NOTE ⟶    THERE IS NO WAY, THIS LETTER REACHED MASSACHUSETTS IN TIME FOR 5/22/03 MEETING AT PAROLE BOARD (MASS.). 5/22/03 PAROLE BOARD MAKES DECISION OF SOME KIND WITHOUT PRELIMINARY HEARING, RIGHTS TO PRESENT EVIDENCE, WITNESSES, OR OTHER ASSOCIATED WITH SAME.

6/03/03 (EXHIBIT-O) - LETTER FROM KATHY KOZAK CONCERNING 5/22/03 MEETING DECIDING NOT TO LIFT WARRANT YET.

10/16/03 ____ - DURING MEDICAL RUN PETITIONER WAS INFORMED OF 2 DETAINERS, INQUIRY MADE.

10/28/03 (EXHIBIT-P) - TO WHICH, A REPLY INFORMING MASSACHUSETTS (NON-VIOLENT).

10/20/03 (EXHIBIT-Q) - PETITIONER MADE REQUEST TO MEDICAL TO SEE IF RECORD WAS FORWARDED TO MASSACHUSETTS.

11/03/03 (EXHIBIT-R) - REQUEST RECIEVED STATING THAT NO PERTINENT INFORMATION WAS FORWARD- -ED TO DONALD LA FRATTA PER HIS REQUEST.

12/21/03 (EXHIBIT-S / 1-2) - LETTER CONCERNING WIFES PHONE CALL ABOUT 2 DETAINERS RATHER THAN 1. ALSO INFORMED CLASSIFICATION WOULD HAVE SUCH INFORMATION. ATTEMPTED TO CONTACT SEVERAL ATTORNEYS CONCERNING MATTER AND THERE AFTER.

12/14/04 (EXHIBIT-T / 1-5) - FILED WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION WHICH WAS NOT HONORED AS NON-APPLICABLE.

# CHRONOLOGY — CON'T

(EXHIBIT-U) ON PAGE #52 EXPLAINS PROCEDURE 601.501 ON DETAINER RELEASES.

12/22/04 (EXHIBIT-V) - LETTER TO THE FLORIDA PAROLE COMMISSION IN RE: TO INTERSTATE
                       COMPACT, I.A.D. DETAINER.

## EXHAUSTION OF REMEDY

CONCERNING THIS ISSUE, IT IS WELL KNOWN THAT PAROLE ISSUES ARE NOT GRIEV- -ABLE. SEE CHAPTER 33. 103.00/(4)(C). HOWEVER, THE COPY OF THE WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION IS APPENDIX ED, ALONG WITH CONSISTENT VOLUMINOUS REQUESTS AND INQUIRIES SHOWING THAT FROM THE INITIAL ARREST, AND NOTICE OF PRELIM- -INARY HEARING / NON ADMISSION OF GUILT, TEMPORARY WAIVER, ETC.. THE PETITIONER HAS PROVIDED BY APPENDIX, BOTH CHRONOLOGICAL AND SUBSTANTIATING EXHIBIT'S SHOW- -ING THE ABOVE CONSISTENT ATTEMPT TO DISPOSE OF THE MATTER. SEE ALSO, EXHIBIT-V.

## IMPORTANT NOTES

THE FOLLOWING FACTS ARE BOTH PERTINENT, AND NOTE WORTHY ;

THE PETITIONER WAS NOT INCARCERATED AT THE TIME OF THE ARREST, BUT WAS AT LIB- -ERTY, THIS IS UNLIKE AN INDIVIDUAL, WHO IS INCARCERATED, PRISON OR COUNTY JAIL, ETC., AND THE DETAINER IS PLACED WITH A WARRANT PENDING AS NOW, OVER 3½ YEARS LATER, IS THE CASE. A DETAINER IS THE SUBSEQUENT RESULT OF A WARRANT PENDING DUE TO A COMPLA- -INT FILED BY SOME AGENCY.

IN THIS CASE, THE INITIAL ARREST WARRANT WAS EXECUTED AND THE PETITIONER WAS HELD SOLELY ON A MASSACHUSETTS FUGITIVE FROM JUSTICE WARRANT. THE FACT THAT DUE TO THAT ARREST, THE PETITIONER RECIEVED ADDITIONAL CHARGES, OR HAD BOND REVOKED IS IRRELEVANT. THE FIRST WARRANTS EXECUTION STARTED THE CLOCK THAT ALLOWS INCARCERATED OR DETAINED INDIVIDUALS TO HAVE FAIR HEARINGS, CONCERNING COMPLAINTS FILED AGAINST THEM. THUS THE PAROLE BOARD WAS BOUND TO HEAR THIS CASE, WHICH IT DID NOT.

THE APPEARANCE AND PRESENT SITUATION (i.e. PETITIONER NOW BEING INCAR- -CERATED WITH A DETAINER DUE TO A NEW WARRANT, AS IT IS OBVIOUS, THE OTHER [1st] WARRANT WAS SATISFIED THROUGH ARREST.), CAUSES ONE TO LOOK AT THE SITUATION AS IF AN INCARCERATED PERSON HAD A DETAINER LODGED AGAINST THEM WHILE THEY WERE INCAR- CERATED ; THIS IS A FALSE REPRESENTATION OF THE ENTIRE SCENERIO, ONE MUST BEGIN AT THE DATE OF ARREST, U.S. CONSTITUTIONAL AMENDMENT $\overline{V}$ AND $\overline{XIV}$.

(~)

## IMPORTANT NOTES

DONALD LA FRATTA IS THE INTERSTATE COMPACT ADMINISTRATOR DEPUTY, AND ROGER PELLAND, PETITIONER, WAS TRANSFERRED TO FLORIDA ON PAROLE, UNDER THE COMPACT.

IT WOULD BE FAIR TO SAY, THAT THE ADMINISTRATOR DEPUTY WOULD NOT MAKE A REQUEST ON AN INMATE IN FLORIDA, REQUESTING PERTINENT INFORMATION TO PRESENT ON HIS BEHALF, (SINCE IT WOULD REQUIRE AN AGREEMENT BETWEEN STATES), IF THAT INMATE, WHO HAD A DETAINER PLACED ON HIM, BY COMPLAINT FILED IN MASSACHUSETTS, ISSUING WARRANT, WHICH LODGED DETAINER, WAS NOT "UNDER" I.A.D..

I.A.D. IS MERELY THE MECHANISM WHICH ALLOWS STATES INVOLVED IN THE INTER--STATE CORRECTION'S COMPACT, TO HOLD OR DETAIN PERSONS IN OTHER STATES, WHO HAVE VIOLATED SOME RULE OR ORDINANCE. ETC.. SEE. 941.45 ; 941.56 ; AND 947.09.


THE FACT THAT THE DEPARTMENT OF CORRECTIONS / PAROLE COMMISSION, ETC., SERVED "WRITTEN NOTICE"; AND REQUEST FOR FINAL DISPOSITION VIA "NON ADMISS--ION OF GUILT, TEMPORY WAIVER FORM," EXEMPLIFIES THE DEPARTMENT'S RESPONSIBILITY TO HOLD HEARING, WHERE SUCH HEARING, PAROLEE WOULD BE ABLE TO BE HEARD, PRESENT WITNESSES, EVIDENCE, CROSS EXAMINE, ETC., SENDING AN ACCURATE PICTURE OF THE SITUATION. MOREOVER, SUCCEED OR FAIL, THE PETITIONER HAD THIS RIGHT FOR "A" DISPOSITION AS THE ARREST TRIGGERED CONSTITUTIONAL PROVISIONS SCOPING DUE PROCESS, THE RIGHT TO BE HEARD, ETC..

THE HEARING WAS NEVER HELD, THEREFORE, SINCE THE DATE OF THE ARREST THE MASSACHUSETTS SENTENCE HAS BEEN IN PROGRESS.

## FIRST CAUSE OF ACTION

THE FLORIDA DEPARTMENT OF CORRECTIONS & THE FLORIDA PAROLE COMMISSION. HAS FAILED TO HOLD A PRELIMINARY HEARING AS PAROLEE WAS UN'DER INTERSTATE CORR- -ECTIONS COMPACT: TO WHICH WAS THEIR DULY DESIGNATED RESPONSIBILITY, EVIDENCED BY THE NOTICE OF PRELIMINARY HEARING: AND FORM PROVIDED WITH INSTRUCTIONS FOR NON- ADMISSION OF GUILT, POSTPONEMENT TO DISPOSITION OF PENDING FLORIDA CHARGE BEING THE REPRESENTATIVE. WITH THE FLORIDA PAROLE COMMISSION RESPONSIBLE FOR HOLDING SAID HEARING. FAILING TO COMPLY WITH ITS PUBLISHED RULES OF ITS PROCEDURE IN PROCESSING PAROLE- -ES UNDER INTERSTATE CORRECTIONS COMPACT. F.S. 941.56. AND PROCESSING NUMEROUS REQUESTS UNDER I.A.D., INCLUDING WRITTEN NOTICE AND REQUEST FOR DISPOSITION IN VIOLATION OF ART- -ICLE I, SECTION 9 FLORIDA CONSTITUTION: AND AMENDMENT XIV, U.S. CONSTITUTION.

## SECOND CAUSE OF ACTION

THE DEPARTMENT (AND SUBSEQUENTLY THE FLORIDA PAROLE COMMISSION), IMPROPER- -LY DENIED A REQUEST (WRITTEN) UNDER FLA. STATUTE 941.45, FOR IMPROPER REASONS CON- -TRARY TO STATUTE AND IT'S OWN RULES: F.D.C. PROCEDURE. F.A.C. RULES. INCLUDED PETITIONER'S SITUATION. AND THERE IS NO RULE OR PROCEDURE CONTRARIWISE IN VIOLATION OF ARTICLE I, SECTION 9. FLA. CONSTITUTION. AMENDMENT XIV, U.S. CONSTITUTION.

## THIRD CAUSE OF ACTION

THE F.D.D.C. AND THE FLORIDA PAROLE COMMISSION FAILED TO STATE A PROPER REA- -SON FOR DENYING WRITTEN REQUEST: AND HAS MISAPPREHENDED FLORIDA STATUTE 941.45 IN THE CLAIM OF NON-APPLICABILITY WITH NO RULE CONTRARY IN THAT COMPLAINT IS NECESSARY FOR WARRANT CAUSING SUBSEQUENT DETAINER.

## RELIEF REQUESTED

WHEREFORE; PETITIONER PRAYS FOR THE FOLLOWING RELIEF;

1) A DECLARATION OF RIGHTS BE MADE BY THE COURT UPON EACH CAUSE HEREIN STATED.
2) A) A PRE EMPTORY WRIT OF MANDAMUS BE ISSUED DIRECTING THE DEFENDANTS COM-
    - PLIANCE WITH THE RULES CONCERNING ___F.S. 947_____ PAROLE
    VIOLATION WARRANT PRELIMINARY HEARING.
2) B) PROCESSING I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION DUE TO
    NO F.A.C. OR F.D.C. RULE CONTRARY AND IN COMPLIANCE WITH FLA. STATUTES
    941.56 & 941.45. DUE PROCESS AND THE REQUIREMENTS OF LAW AS APPLIED
    TO THE FACTS OF THE CASE.
3) AN ORDER INCLUSIVE TO THE WRIT REQUIRING DEFENDANTS TO REVERSE THE DECISION
    FOR REFUSAL TO PROCESS I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DIS-
    - POSITION; FURTHER INSTRUCTION TO PROCESS PROPERLY SUBMITTED NOTICE
    REQUEST; AND FOR PAROLE COMMISSION TO HOLD HEARING ESTABLISHING CRE-
    - DIT FOR PETITIONER TOWARDS SUBSEQUENT PENALTY IF APPLICABLE DUE TO
    DEPARTMENTS DELAY.
4) ALL COSTS ASSOCIATED WITH THE EXPENSE OF THIS ACTION INCLUDING COURT COST,
    SERVICE CHARGES, IF APPLICABLE DELIVERY; COPIES AND OTHER COSTS AS
    APPLICABLE.

RESPECTFULLY SUBMITTED,

_1 / 7 / 05_
D ATE

ROGER PELLAND
TRUE AS MY SIGNATURE AFFIXED PROCLAIMS

STATE OF FLORIDA }
COUNTY OF TAYLOR }

I THE UNDER SIGNED AUTHORITY, AUTHORIZED BY THE STATE OF FLORIDA HAVING BEFORE
ME.ROGER PELLAND, WHO HAS PRODUCED A PRISONER IDENTIFICATION CARD ISSUED BY THE
F.D.O.C. AS PROOF OF IDENTITY AND HAVING BEEN SWORN, STATES THAT THE FACTS AND
MATTERS HEREIN SET FORTH AND ALLEGED ARE TRUE AND CORRECT.

ATTEST _____
NOTARY PUBLIC _____

SWORN TO AND SUBSCRIBED BEFORE ME THIS _____ DAY OF _____, 200___
MY COMMISSION EXPIRES THE _____ DAY OF _____, 200___

(8)  19

CERTIFICATE OF SERVICE
AND OATH

I, ROGER PELLAND, DO SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING DOCUMENT IS BOTH TRUE AND CORRECT AND HAS BEEN READ, AND THAT A TRUE COPY HAS BEEN FORWARDED TO:

WILLIE MEGGS, STATE ATTORNEY
LEON COUNTY COURTHOUSE
301 SOUTH MONROE ST.
TALLAHASSEE, FLORIDA 32399-2650

OR,
LOUIS VARGAS, GENERAL COUNSEL
2601 BLAIRSTONE ROAD
TALLAHASSEE, FLORIDA 32399-2450

WITH THE ORIGINAL TO;

BOB INZER, CLERK
301 SOUTH MONROE STREET
TALLAHASSEE, FLORIDA 32301

THIS __7TH__ DAY OF __JANUARY__, 200_5_

BY U.S. MAIL

ROGER PELLAND
__D87064__    __HI-205L__
D.C.#         HOUSING
TAYLOR CORRECTIONAL INSTITUTION
8515 HAMPTON SPRINGS ROAD
PERRY, FLORIDA 32348

EXHIBIT B

COMPLAINT FOR WRIT OF MANDAMUS
THIRD JUDICIAL CIRCUIT, TAYLOR COUNTY
STATE OF FLORIDA CASE NO
WITH MEMORANDUM C2

EXHIBIT B

IN THE THIRD JUDICIAL CIRCUIT
IN AND FOR TAYLOR COUNTY OFFICE
STATE OF FLORIDA
13 P 1:04

ROGER PELLAND,
        PETITIONER,

CASE NO.: 05-296-CA

V.

JAMES CROSBY, F. D. O. C. SECRETARY
FLORIDA PAROLE COMMISSION,
        RESPONDENT (S),

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
4-21-05
MAIL ROOM - MAIN UNIT          T.

## COMPLAINT FOR WRIT OF MANDAMUS

PETITIONER, ROGER PELLAND, SUES RESPONDENT(s) JAMES CROSBY, F.D.O.C.
SECRETARY & FLORIDA PAROLE COMMISSION; AND ALLEGES;

### I) INTRODUCTION

THIS IS A COMPLAINT FOR A PRE EMPTORY WRIT OF MANDAMUS TO COMPEL THE RE-
-SPONDENT(s) TO ABIDE BY THE REQUIREMENTS OF LAW RELATING TO APPLICATIONS
FOR DISPOSAL OF COMPLAINTS PENDING AND I.A.D.(INTERSTATE AGREEMENT ON DETAINERS).

### II) JURISDICTION AND VENUE

THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO ART. I, § 5(b) FLORIDA CONSTITU-
-TION AND RULE 1.630 FLORIDA RULES CIVIL PROCEDURE; THE LOCATION IN WHICH ENFORCE-
-MENT IS SOUGHT IS TAYLOR COUNTY, FLORIDA; WITHIN THE VENUE OF THE THIRD JUDICIAL CIRCUIT.

### III) PETITIONER, ROGER PELLAND, D.C.# D 87064 IS AN INMATE AT TAYLOR CORRECTIONAL
INSTITUTION IN PERRY, FLORIDA; WHICH IS AN INSTITUTION UNDER THE FLORIDA DEPARTMENT OF
CORRECTIONS. PETITIONER'S ADDRESS IS ROGER PELLAND, D87064, TAYLOR CORRECTIONAL INSTITUTION,
8575 HAMPTON SPRINGS ROAD, PERRY, FLORIDA 32348.

RESPONDENT(s), THE FLORIDA DEPARTMENT OF CORRECTIONS (HEREAFTER F.D.O.C.) IN PERRY, FLORIDA
AND TALLAHASSEE (CENTRAL OFFICE) AND THE FLORIDA PAROLE COMMISSION' REPRESENTED BY; AND WHO'S
ACCESS IS PAROLE, WHILE SEPARATE ENTITIES ARE ADMINISTRATIVE AGENCIES OF THE EXECUTIVE
BRANCH OF THE FLORIDA GOVERNMENT CHARGED WITH THE CARE AND CUSTODY OF STATE PRISONERS
BY VIRTUE OF §§ 20.315 & 944.09 FLORIDA STATUTES AND § 947 FLORIDA STATUTE RESPONDENT(s)
ADDRESS IS 8575 HAMPTON SPRINGS ROAD, PERRY, FLORIDA AND 2601 BLAIRSTONE ROAD, TALL-
-AHASSEE, FLORIDA 32399-2500, RESPECTIVELY                                    (1)

# IV) AVERMENTS

1) PETITIONER WAS ARRESTED ON A MASSACHUSETTS WARRANT WHILE AT LIBERTY FOR A PAROLE VIOLATION TO WHICH THE FLORIDA PAROLE COMMISSION WAS RESPONSIBLE FOR UNDER INTERSTATE COMPACT. (SEE EXHIBIT __A__ ).

2) AS A DIRECT RESULT THE PETITIONER'S BOND (WHICH WAS FOR A FLORIDA CHARGE) WAS REVOKED. (SEE EXHIBIT __B__ ).

3) THE FLORIDA PAROLE COMMISSION CONTACTED THE PETITIONER AND SCHEDULED A HEARING NOTING THE RESPONSIBILITY OF THE FLORIDA PAROLE COMMISSION (HERE-AFTER F.P.C.) AND THAT F.P.C. ACTED AS AUTHORIZED AGENT. (SEE EXHIBIT __C__ ).

4) A TEMPORARY WAIVER WAS SIGNED UNTIL DISPOSITION OF THE FLORIDA CHARGE WHICH WAS AN OPTION ON THE FORM, (SEE EXHIBIT __D__ ), AND THE PETITIONER FOLLOWED THE INSTRUCTIONS ON THE FORM TO CONTACT THE FLORIDA PARLYE COMMISSION, F.P.C., AGENT AUTHORIZED BY MASSACHUSETTS.

5) THE PETITIONER CONTINUALLY ATTEMPTED TO CONTACT THE AGENT REPRESENTATIVE TO NO AVAIL AND HEARING WAS NOT HELD.

6) A CONSTANT SERIES OF REQUESTS AND INQUIRIES TRANSPIRED. SEE EXHIBITS F, H1-H4, I, J, K, L, M, N1-N4, O, P, Q, R, S1-S2 ___ AND NO HEARING HAS TAKEN PLACE.

7) THE DEPARTMENT (F.D.O.C.) VIA THE FLORIDA PAROLE COMMISSION (F.P.C.) INITIATED THE PROPER PROCEEDINGS AS AFORE MENTIONED. (SEE EXHIBIT C, D, E ). HOWEVER, AFTER DISPOSITION DID NOT FOLLOW THROUGH AFTER BEING CONTACTED.

8) REGARDLESS OF THE PREVIOUS FACT, NUMEROUS ATTEMPTS WERE MADE TO CONTACT: CONCERNING F.D.O.C. AND F.P.C., WHO ACCEPTED RESPONSIBILITY FOR AN INMATE WHO, WHILE ON INTERSTATE COMPACT WAS ARRESTED ON A FUGITIVE WARRANT ISSUED BY MASSACHUSETTS, AND EXECUTED BY FLORIDA LAW ENFORCEMENT OFFICIALS.

9) THE PETITIONER MADE WRITTEN REQUEST FOR FINAL DISPOSITION OF A DETAINER PLACED ON HIM FOR AN ARREST ON A FUGITIVE WARRANT WHICH WAS EXECUTED WHILE THE PETITIONER WAS AT LIBERTY AND PRIOR TO ANY FLORIDA SENTENCE.

10) UPON INITIAL ARREST PROCEEDINGS ON PAROLE WERE INITIATED AND NEVER RESUM-ED AFTER TEMPORARY POST PONEMENT.

11) WRITTEN REQUEST FOR FINAL DISPOSITION WAS REJECTED WITHOUT PROVISION BY RULE OR STATUTE AS COMPLAINT IS LISTED IN PLAIN MEANING OF LANGUAGE.

(-)

## EXHAUSTION OF REMEDY

THE PETITIONER HAS EXHAUSTED REMEDY IN ACCORDANCE WITH CHAPTER 33-103 OF THE FLORIDA ADMINISTRATIVE CODE, "SEE" AND HAS NO OTHER MEANS TO OBTAIN RELIEF. ALSO A COPY OF THE WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION IS INCLUDED _____ _____ ALONG WITH NUMEROUS INQUIRIES, ETC, AND REQUESTS SHOWING FROM THAT FROM THE INITIAL ARREST, AND NOTICE OF PRELIMINARY HEARING/ NON ADMISSION OF GUILT, ETC. . THE PETITIONER HAS PROVIDED BY APPENDIX BOTH CHRONOLOGICAL AND SUBSTANTIATING EXHIBITS SHOWING THE ABOVE CONSISTENT ATTEMPT TO DISPOSE OF THE MATTER, SEE ALSO EXHIBIT V.

## IMPORTANT NOTES

THE FOLLOWING FACTS ARE BOTH PERTINENT, AND NOTE WORTHY :

THE PETITIONER WAS NOT INCARCERATED AT THE TIME OF THE ARREST, BUT WAS AT LIB--ERTY, THIS IS UNLIKE AN INDIVIDUAL, WHO IS INCARCERATED, PRISON OR COUNTY JAIL, ETC. , AND THE DETAINER IS PLACED WITH A WARRANT PENDING AS NOW, OVER 3½ YEARS LATER, IS THE CASE. A DETAINER IS THE SUBSEQUENT RESULT OF A WARRANT PENDING DUE TO A COMPLA--INT FILED BY SOME AGENCY.

IN THIS CASE, THE INITIAL ARREST WARRANT WAS EXECUTED AND THE PETITIONER WAS HELD SOLELY ON A MASSACHUSETTS FUGITIVE FROM JUSTICE WARRANT. THE FACT THAT DUE TO THAT ARREST, THE PETITIONER RECIEVED ADDITIONAL CHARGES, OR HAL BOND REVOKED IS IRRELEVANT. THE FIRST WARRANTS EXECUTION STARTED THE CLOCK THAT ALLOWS INCARCERATED OR DETAINED INDIVIDUALS TO HAVE FAIR HEARINGS, CONCERNING COMPLAINTS FILED AGAINST THEM. THUS THE PAROLE BOARD WAS BOUND TO HEAR THIS CASE, WHICH IT DID NOT.

THE APPEARANCE AND PRESENT SITUATION (i.e. PETITIONER NOW BEING INCAR--CERATED WITH A DETAINER DUE TO A NEW WARRANT, AS IT IS OBVIOUS, THE OTHER [1ST] WARRANT WAS SATISFIED THROUGH ARREST.), CAUSES ONE TO LOOK AT THE SITUATION AS IF AN INCARCERATED PERSON HAD A DETAINER LODGED AGAINST THEM WHILE THEY WERE INCAR-CERATED ; THIS IS A FALSE REPRESENTATION OF THE ENTIRE SCENERIO, ONE MUST BEGIN AT THE DATE OF ARREST, U.S. CONSTITUTIONAL AMENDMENT V AND XIV.

## IMPORTANT NOTES

DONALD LA FRATTA IS THE INTERSTATE COMPACT ADMINISTRATOR DEPUTY, AND ROGER PELLAND, PETITIONER, WAS TRANSFERRED TO FLORIDA ON PAROLE, UNDER THE COMPACT.

IT WOULD BE FAIR TO SAY, THAT THE ADMINISTRATOR DEPUTY WOULD NOT MAKE A REQUEST ON AN INMATE IN FLORIDA, REQUESTING PERTINENT INFORMATION TO PRESENT ON HIS BEHALF, (SINCE IT WOULD REQUIRE AN AGREEMENT BETWEEN STATES), IF THAT INMATE, WHO HAD A DETAINER PLACED ON HIM, BY COMPLAINT FILED IN MASSACHUSETTS, ISSUING WARRANT, WHICH LODGED DETAINER, WAS NOT "UNDER." I.A.D..

I.A.D. IS MERELY THE MECHANISM WHICH ALLOWS STATES INVOLVED IN THE INTER--STATE CORRECTION'S COMPACT, TO HOLD OR DETAIN PERSONS IN OTHER STATES, WHO HAVE VIOLATED SOME RULE OR ORDINANCE. ETC.. SEE. 941.45; 941.56; AND 947.09.


THE FACT THAT THE DEPARTMENT OF CORRECTIONS / PAROLE COMMISSION, ETC.; SERVED "WRITTEN NOTICE"; AND REQUEST FOR FINAL DISPOSITION VIA "NON ADMISS--ION OF GUILT, TEMPORY WAIVER FORM", EXEMPLIFIES THE DEPARTMENT'S RESPONSIBILITY TO HOLD HEARING, WHERE SUCH HEARING, PAROLEE WOULD BE ABLE TO BE HEARD, PRESENT WITNESSES, EVIDENCE, CROSS EXAMINE, ETC., SENDING AN ACCURATE PICTURE OF THE SITUATION. MOREOVER, SUCCEED OR FAIL, THE PETITIONER HAD THIS RIGHT FOR "A" DISPOSITION AS THE ARREST TRIGGERED CONSTITUTIONAL PROVISIONS SCOPING DUE PROCESS, THE RIGHT TO BE HEARD, ETC..

THE HEARING WAS NEVER HELD, THEREFORE, SINCE THE DATE OF THE ARREST THE MASSACHUSETTS SENTENCE HAS BEEN IN PROGRESS.

## FIRST CAUSE OF ACTION

THE FLORIDA DEPARTMENT OF CORRECTIONS HAS FAILED TO COORDINATE A PROPER HEARING BY BOTH INFORMING THE PETITIONER OF HIS RIGHT TO PURSUE SUCH AFTER CONTACT WAS BROKEN AFTER NOTIFICATION OF DISPOSITION OF FLORIDA OFFENSE BY THE PETITIONER AND FAILED TO CON--TACT PAROLE BOARD AFTER REPEATED REQUESTS AND INQUIRIES CONCERNING THE MATTER. FURTHERMORE HAS FAILED TO ACKNOWLEDGE MANDATED STATUTORY REQUIREMENTS OF F.S. 941.45 AND 941.56 BY PROMULGATED RULES IN THAT SUCH RULES ARE RECINDED AND PROCEDURE 601.212, "INTERSTATE CORRECTIONS COMPACT-INSTITUTIONS," IS HEREBY REPEALED RESCINDED AS BEING REDUNDANT WITH FLORIDA ADMINISTRATIVE CODE 33-601.401. ADDITIONALLY DID NOT RECOGNIZE EX--ISTING RULES DID SUBSTANTIATE THAT SUCH SITUATION INDEED APPLIED (i.e. PERSON "FROM ANOTHER STATE ALREADY SERVING SENTENCE" NEGATING PRE DISPOSED IDEOLOGY THAT ONLY UNTRIED "CRIMINAL CHARGES" WERE UNDER THE PURVIEW OF I.A.D.; THUS PLACING OBSTRUCTION CONCERN--ING PRELIMINARY GATHERING OF PROPER INFORMATION PERTINENT TO FINAL DISPOSITION EVEN AFTER REQUEST FROM I.C.C. ADMINISTRATOR'S DEPUTY VIOLATING ARTICLE I, SECTION 9 FLA. CONSTITUTION: AMENDMENTS V AND XIV OF U.S. CONSTITUTION.

## SECOND CAUSE OF ACTION

INSTITUTIONAL ADMINISTRATORS, DULY DESIGNATED REPRESENTATIVES OF F.D.O.C. AND F.P.C. FAILED TO PROCESS I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION PURSUANT TO F.S. 941.45 AND 941.56 AS ADMINISTRATIVE AGENCY BOUND TO PROMULGATED RULES WHICH MUST STRICTLY ADHERE TO STATUTORY AUTHORITY AND, IN THE ABSENSE OF SUCH ARE BOUND TO STATUTE VIOLATING PETITIONER'S DUE PROCESS LIBERTY INTEREST: ARTICLE I, SECTION 9 OF FLA. CONSTITUTION: AND AMENDMENTS V AND XIV OF U.S. CONSTITUTION.

## THIRD CAUSE OF ACTION

INSTITUTIONAL ADMINISTRATORS, DULY DESIGNATED REPRESENTATIVES OF F.D.O.C. AND F.P.C. FAILED TO PROVIDE PROPER REASON FOR FAILING TO PROCESS I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION BY MISAPPREHENSION OF EXISTING SUBSTANT--IATING RULE AND ADDING LANGUAGE THAT NEITHER EXISTS IN ITS OWN PROMULGATED RULES OR STATUTORY AUTHORITY TO THOSE RULES (i.e. UNTRIED "CRIMINAL CHARGES") VIOLATING ARTICLE I, SECTION 9 FLA. CONSTITUTION AND AMENDMENT V AND XIV U.S. CONSTITUTION.

## RELIEF REQUESTED

1) A DECLARATION OF RIGHTS BE MADE BY THE COURT UPON EACH CAUSE HERE IN STATED.

2A) A PRE EMPTORY WRIT OF MANDAMUS BE ISSUED DIRECTING THE DEFEND- -ANT'S COMPLIANCE WITH THE RULES CONCERNING F.S.947. PAROLE VIOLATION WARRANT PRELIMINARY HEARING WHICH WAS NOT HELD.

2B) PROCESS I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION DUE TO NO F.A.C. OR F.D.C. RULE CONTRARY AND PURSUANT TO F.S. 941.45 AND 941.56 IN ACCORDANCE WITH DUE PROCESS REQUIREMENTS OF LAW AS APPLIED TO THE FACTS OF THE CASE.

3) AN ORDER INCLUSIVE TO THE WRIT REQUIRING RESPONDENTS TO REVERSE THE DECISION TO NOT PROCESS A PROPERLY SUBMITTED I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION: AND FURTHER DIRECT RESPONDENT TO PROCESS SAID REQUEST: ALSO TO FORWARD INFORMA- -TION TO PAROLE BOARD ENTITY WHO MISTAKENLY DID NOT HOLD HEARING UPON DISPOSITION AS THEIR OWN INSTRUCTIONS DIRECT AND TO HOLD PRELIMINARY HEARING ESTABLISHING CREDIT FOR IMPROPERLY TOLLED PERIOD OF TIME TOWARD SUBSEQUENT PENALTY DUE TO DEPARTMENTS DELAY.

4) RE IMBURSEMENT OF ALL COSTS ASSOCIATED WITH THE EXPENSE OF THIS ACTION INCLUDING COURT COST SERVICE CHARGE. . IF APPLICABLE DELIVERY: COPIES AND OTHER COSTS AS APPLICABLE.



RESPECTFULLY SUBMITTED,

ROGER PELLAND



APRIL 21, 2005
DATE



(9)

# CERTIFICATE OF SERVICE
## AND OATH

I, ROGER PELLAND, DO SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING DOCUMENT IS BOTH TRUE AND CORRECT, AND THAT A TRUE COPY HAS BEEN FORWARDED TO;

    JERRY M. BLAIR, STATE ATTORNEY
    POST OFFICE BOX / DRAWER 1546
    LIVE OAK, FLORIDA    32060

OR,   LOUIS VARGAS, GENERAL COUNSEL
    2601 BLAIRSTONE ROAD
    TALLAHASSEE, FLORIDA 32399-2450

WITH THE ORIGINAL TO;

    ANNIE MAE MURPHY
    108 N. JEFFERSON STREET
    PERRY, FLORIDA   32327

THIS 21ST DAY OF   APRIL   , 2005

BY U.S. MAIL

                    ROGER PELLAND

                    D87664   #-1-2251
                    D.C. #    HOUSING

                    TAYLOR CORRECTIONAL INSTITUTION
                    8515 HAMPTON SPRINGS ROAD
                    PERRY, FLORIDA  32348


(10)

EXHIBIT C

PETITION FOR WRIT OF HABEAS CORPUS
SUPERIOR COURT, NORFOLK COUNTY
COMMONWEALTH OF MASSACHUSETTS
CASE NO. NOCV2005-0063 3
WITH MEMORANDUM

EXHIBIT C1

IN THE SUPERIOR COURT
IN AND FOR NORFOLK COUNTY
AND THE COMMONWEALTH OF MASSACHUSETTS

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
3-24-05

MAILROOM - MAIN UNIT   T.

ROGER PELLAND,
        PETITIONER,

CASE NO. NOCV 2005-00633-

V.

THE COMMONWEALTH OF MASSACHUSETTS,
EXECUTIVE OFFICE OF PUBLIC SAFETY,
PAROLE BOARD
        RESPONDENT

## PETITION FOR WRIT OF HABEAS CORPUS
### AD SUBJICIENDUM

COMES THE PETITIONER, ROGER PELLAND, IN PRO PRIA PERSONA REQUESTING THAT THIS COURT PURSUANT TO APPLICABLE LOCAL RULES OF PROCEDURE AND RULE OF LENIENCY OF THE MASSACHUSETTS STATUTORY SCHEME AND PROMULGATED RULES FOR EXTRAORDINARY WRIT ISSUANCE UNDER DIRECT PURVIEW OF THE U.S. CONSTITUTION : TO ISSUE A WRIT OF HABEAS CORPUS GRANTING THE PETITIONER DUE PROCESS RIGHT TO PRELIMINARY, FINAL, AND APPELLATE HEARING (IF APPLICABLE) ACCORD AMENDMENT $\overline{V}$ AND $\overline{XIV}$ FOR THE FOLLOWING GOOD CAUSE.

### BASIS FOR JURISDICTION

THE PETITION FOR WRIT OF HABEAS CORPUS IS BROUGHT UNDER ARTICLE $\overline{I}$ SECTION 9 OF THE U.S. CONSTITUTION AND STATUTORY COMMONWEALTH OF MASSACHUSETTS COINCIDING REGULATORY LAWS AND RULES. THE LOCATION IN WHICH ENFORCEMENT IS SOUGHT IS NORFOLK COUNTY (MEDFIELD) MASSACHUSETTS WITHIN THE VENUE OF THE SUPERIOR COURT.

### EXHAUSTION OF REMEDY

PETITIONER HAS FILED A WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS IN ACCORDANCE WITH A COMPLAINT FILED AS WARRANT AND EXECUTED ON THE 3RD DAY OF NOVEMBER , 1999 , AS THE PETITIONER WAS INFACT ARRESTED ON SOLELY A MASSACHUSETTS WARRANT, AND HELD BY FLORIDA TO WHICH HAS AGREEMENT WITH COMMONWEALTH OF MASSACHUSETTS AND DID TRANSFER PAROLE OF PETITIONER UNDER INTER-STATE CORRECTIONS COMPACT.

(1)

## RELIEF SOUGHT

PETITIONER MOVES THE COURT FOR EXTRAORDINARY WRIT OF ALTERNATIVE AND OR PEREMPTORY NATURE : OF HABEAS CORPUS

1) DIRECTING RESPONDENTS TO PROVIDE PRELIMINARY AND FINAL HEARING WITH APPELLATE REVIEW IF NECESSARY FOLLOWING RULES, DUE PROCESS, LAW.

2) ARRIVING AT A FINAL DISPOSITION CONCERNING PAROLE VIOLATION.

3) ESTABLISHING THE ARREST DATE AS BINDING FOR APPLICATION OF SAID DISPOSITION.

4) AN ORDER INCLUSIVE TO THE WRIT REQUIRING THE RESPONDENTS TO REVERSE ANY DECISION WHICH WAS ARRIVED AT WITHOUT PRELIMINARY HEARING:
   PROPER INFORMATION, CONTRARY TO REQUIREMENTS OF LAW
   AS APPLIED TO THE FACTS OF THIS CASE,
   WITH SPECIFIC DECLARATION OF RIGHTS MADE BY THE COURT
   ON EACH CAUSE OF ACTION.

## STATEMENT OF THE FACTS

## PARTIES:

1) PETITIONER IS                    , A PRISONER IN THE FLORIDA DEPARTMENT OF CORRECTIONS, WHO HAS DETAINER LODGED AGAINST HIM WITH WARRANT PENDING. SUBSEQUENT TO COMPLAINT ENDORSED BY COMMONWEALTH OF MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY PAROLE BOARD : AND IS LOCATED AT TAYLOR CORRECTIONAL INSTITUTION @ 8515 HAMPTON SPRINGS ROAD, PERRY, FLORIDA, 32348 WHICH UNDER INTERSTATE CORRECTIONS COMPACT AND INTERSTATE AGREEMENT ON DETAINERS REPRESENTS MASSACHUSETTS.

2) RESPONDENT IS THE COMMONWEALTH OF MASSACHUSETTS EXECUTIVE OFFICE OF SAFETY PAROLE BOARD WHO ENDORSES COMPLAINT, AND SUBSEQUENT WARRANT CAUSING LODGING OF DETAINER AND IS LOCATED AT 45 HOSPITAL ROAD, BUILDING B 3 MEDFIELD, MASSACHUSETTS, D2D52 AND IS THE ADMINISTRATIVE AGENCY IN CHARGE OF PAROLE AND THE CARE OF SUCH PRISONERS UNDER SUPERVISION BY VIRTUE OF MASSACHUSETTS GENERAL LAW CHAPTER C 276 ALSO SEE §§ 11 TO 20 R CONCERNING DEMAND FOR EXTRADITION AGREEMENT.

(2)

## AVERMENTS:

1) PETITIONER WAS PLACED ON PAROLE IN COMMONWEALTH OF MASSACHUSETTS ON SEPT. 3, 97 FOR CASE NO.: 94-0573-1,2,3,4,5 AND UNDER THE INTERSTATE CORRECTIONS COMPACT TRANSFERRED SAID PAROLE TO THE STATE OF FLORIDA ON OCT. 99.

2) RESPONDENT VIA M.G.L.A. CHAPTER 276, §811 THRU 20 R MADE DEMAND ON STATE OF FLORIDA GOVERNOR ON APPROX. NOV. 3, 2000 WHERE AS WARRANT WAS ISSUED BY COMPLAINT VIA F.S. 941.01-44 AND THE ABOVE DUE TO INTERSTATE CORRECTIONS COMPACT F.S. 941.56 (COMMONWEALTH OF MASSACHUSETTS HEREAFTER REFERRED TO AS RESPONDENT)

3) WARRANT WAS EXECUTED ON NOV. 3, 2000 VIA ARREST OF PETITIONER. SEE EXHIBIT- "A" WHILE AT LIBERTY SOLELY ON MASSACHUSETTS FUGITIVE FROM JUSTICE WARRANT.

4) PETITIONER WAS NOT BROUGHT BEFORE COURT FOR ADVISEMENT OF RIGHTS UNDER F.S. 941.10, COMPLIMENTARY TO M.G.L.A 276 § 19. AS ARREST INITIATED TIME CLOCK STARTING CREDIT TOWARD ANY POSSIBLE PENALTY FOR SUBSEQUENT REVOCATION CONCERNING VIOLATION IT SHOULD BE NOTED THAT STATE OF FLORIDA PAROLE BOARD ACTED IN ADMINISTRATIVE AGENCY CAPACITY OF EXECUTIVE BRANCH: HEREAFTER, COURT ACTED OF COURSE IN JUDICIAL BRA- -NCH CAPACITY BOTH OF WHICH ARE IN AGREEMENT UNDER F.S. 941 CONCERN- -ING EXTRADITION WITH CONCURRENCY TO M.G.L.A. CHAPTER 276, §11 THRU 20 R THUS THE ACTIONS OF THE FLORIDA BRANCHES AFORESTATED ARE BY AGREEMENT DULY DESIGNATED REPRESENTATIVES OF THE COMMONWEALTH OF MASSACHUSETTS.

5) THE PETITIONER DID RECIEVE NOTICE OF PRELIMINARY HEARING FROM ADMINISTRA- -TIVE AGENCY REPRESENTATIVE IN 39 DAYS FURTHER EXEMPLIFYING THE FACT THAT AFOREMENTIONED "CLOCK" HAD INITIATED DUE PROCESS MANDATED SEQUENCE. A TEMPORARY: NON ADMISSION OF GUILT: WAIVER OF HEARING: UNTIL FINAL DISPOSITION OF UNRELATED CHARGES WAS SIGNED WITH INSTRUCTIONS FOR CONTACT TO BE MADE TO SHIELA ROBERTS REPRESENTATIVE OF FLORIDA PAROLE COMMISSION AT FINAL DISPOSITION OF UNRELATED CHARGES TO RE INITIATE PROCESS AFFORDED TO SUSPECTED PAROLE VIOLATOR (i.e. PRELIMINARY HEARING, FINAL HEARING: AND APPEAL) DUE TO LIBERTY INTEREST CONCERNING A POSSIBLE PENAL- -TY WHICH CAUSES A PRISONER TO SPEND A LONGER PORTION OF TIME INCARCERATED. SEE EXHIBITS - "C, D, E."

6) UPON DISPOSITION OF UNRELATED CHARGES TO THE DATE MAY 5, 2001 PETITIONER CONTACTED TELEPHONE # PROVIDED, LEFT PERTINENT INFORMATION WITH REPRESENTATIVE PROCEED TO PRISON ON UNRELATED OFFENSE.

(2)

7) SINCE PETITIONER PROCEEDED TO PRISON AT THIS POINT IT IS ESTABLISHED THAT NEITHER THE COURT OR THE PAROLE BOARD ADVISED HIM OF THE STATUTORY RIGHT TO APPLY FOR FINAL DISPOSITION / HEARING WITHIN THE PROSCRIBED TIME PERIOD SET FORTH IN F.S. 941.45(A)
FOR HABEAS CORPUS RELIEF COMPLIMENTED BY M.G.L.A. CHAPTER 276,§ 19. CONCERNING EXTRADITION FURTHERMORE PRELIMINARY HEARING WAS NOT HELD AND HAS NOT BEEN HELD TO DATE MAKING FINAL HEARING AND APPELLATE RIGHTS AN IMPOSSIBLITY.

8) DUE TO THE FACT THAT FIRST WARRANT WAS EXECUTED UPON APPROVAL OF THE GOVERN-OR OF THE STATE OF FLORIDA DULY DESIGNATED REPRESENTATIVE OF COMMONWEALTH OF MASSACHUSETTS SUBSEQUENT TO COMPLAINT / DEMAND. SECOND WARRANT WAS THEREFORE ISSUED IN ORDER TO PLACE DETAINER FOR PERIOD PETITIONER WAS HELD IN MARTIN COUNTY JAIL. ALL AFORESTATED IN COORDINATION WITH THE INTERSTATE AGREEMENT ON EXTRADITION F.S. 941 : M.G.L.A. CHAPTER 276,§ 11 THRU 20 R AND PERTAINING TO A PAROLE TRANSFERRED PURSUANT TO INTERSTATE CORRECTIONS COMPACT F.S. 941.56 (AS AFORESTATED M.G.L.A. COMPLIMENTARY LAW IS NOT LISTED) (IN CHART CONTAINED IN FLORIDA STATUTE: 941.55.)
DETAINERS LODGED UNDER F.S. 941.45 AND M.G.L.A. CHAPTER 276,§ 11 THRU 20 R IT IS UNKNOWN TO PETITIONER WHETHER FLORIDA PAROLE COMMISSION ISSUED SECOND COMPLAINT, WARRANT, DETAINER OR HAS ALTERNATE MECHANISM TO HOLD POTENTIAL VIOLATOR, OR, SIMPLY UTILIZED REVOCATION ON BOND, SEE EXHIBIT-"B", ON NON RELATED CHARGE TO ACCOMPLISH GOAL OF HOLD-ING PRISONER. HOWEVER, IT APPEARS IN THE EVENT THAT THE UNRELATED RESULTED IN A DISPOSITION FAVORABLE TO THE PETITIONER IT SHOULD BE NOTED THAT IT WOULD BE NECESSARY FOR SOME TYPE OF HOLD SUCH AS THE AFOREMEN-TIONED DISTINGUISHABLE FUGITIVE FROM JUSTICE / FLORIDA PAROLE ISSUE SOLELY IN THE EVENT THE PETITIONER WERE RELEASED ON THE UNRELATED FLORIDA CHARGE(S). EQUALLY NOTABLE IS THE FACT THAT THE UNRELATED FLORIDA CHARGE(S) WERE IN FACT THE REASONING BEHIND THE VIOLATION IN THE FIRST PLACE.

9) ADDITIONAL COMPLAINT, WARRANT DETAINER (2ND OR 3RD DEPENDING ON THE ACTUAL MECHANISM THAT WAS APPLIED IN AFORESTATED ISSUES CONTAINED IN #8) WERE GENERATED, DUE TO NATURE AND PURPOSE CONTAINED IN THE INTERSTATE AGREEMENTS ON DETAINERS AND SUCH AS THE SCOPE AND PURPOSE LISTED IN F.S. 941.45 AND M.G.L.A. CHAPTER 276,§ 11 THRU 20 R SUCH ARE DESIGNED TO ALLIEVIATE THE DETRIMENTAL AFFECT OF A DETAINER IN A PRISON SETTING THAT HINDERS A PRISONER'S REHABILITATIVE DEVELOP-MENT IN THE RECEIVING STATE CUSTODY (PROGRAMS, ADVANCEMENT WORK RELEASE UPON APPLICATION) (VIA WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION) PER F.S. 941.45 : M.G.L.A. CHAPTER 276,§ 11 THRU 20 R

9 CON'T) ULTIMATELY DETAINER AS RESULT OF THE AFOREMENTIONED WHICH IS PRESENTLY LODGED AGAINST THE PETITIONER GIVES THE APPEARANCE THAT THIS DETAINER IS THE RESULT OF DETAINER PLACED SUBSEQUENT TO COMPLAINT / WARRANT PENDING FOR AN PRISONER SERVING AN INTERVENING SENTENCE WHERE AS COMPETENT FACTUAL BASIS HAS BEEN ESTABLISHED BY PETITIONER THAT IT IS NOT THE CASE IN THAT WARRANT FOR FUGITIVE OF JUSTICE WHICH INITIATED PROCEEDINGS BY ARRESTING PETITIONER WHILE AT LIBERTY HAS BEEN PRODUCED.

10) PETITIONER HAS FILED APPROPRIATE LAWFUL WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION UNDER RECEIVING STATE'S F. S. 941. 45 COMPLIMENTARY M. G. L. A. CHAPTER 276, § 11 THRU 20 R
SEE EXHIBIT-"T-1 THRU T-6" WHICH HAS BEEN DENIED AS INAPPLICABLE DUE TO PETITIONER'S SITUATION NOT BEING COVERED UNDER I. A. D. BECAUSE IT IS NOT "UNTRIED INDICTMENT" ON "CRIMINAL CHARGES".
SEE EXHIBIT-"T-6"

11) PETITIONER HAS FILED GRIEVANCE UNDER RECEIVING STATES F. A. C. FLORIDA ADMINISTRATIVE CODES GRIEVANCE SYSTEM. FLORIDA HAS FAILED TO PROCESS. SEE EXHIBIT-"T-1 THRU T-8" GRIEVANCES.

12) SINCE ORIGINAL ARREST OF PETITIONER, A CONSTANT VOLUMINOUS AMOUNT OF TRANSMISSIONS HAVE BEEN FORWARDED (SEE CHRONOLOGY AND APPENDIX) REQUESTING DISPOSITION OF MATTER AT ISSUE INCLUDING MULTIPLE REQUESTS TO MASSACHUSETTS SENDING COMMONWEALTH ALONG WITH FLORIDA RECIEVING STATE. IT SHOULD BE NOTED THAT DONALD LA FRATTA, MASSACHUSETTS INTERSTATE COMPACT DEPUTY ADMINISTRATOR, EVEN CONTACTED RECEIVING STATE FLORIDA REQUEST- ING SIMILAR INFORMATION PERTAINING TO I. A. D. NOTICE AND REQUEST.
SEE EXHIBIT-"H-b*" AND DID NOT RECEIVE SUCH INFORMATION. SEE EXHIBIT SUBSEQUENTLY RESULTING IN A "VOTE". SEE EXHIBIT-"O" NOT TO LIFT WARR- -ANT. PLEASE NOTE AS THE FINAL HEARING, ADMINISTRATIVE AGENCY. A FINAL HEARING COULD NOT TAKE PLACE DUE TO THE FACT THAT THE PRELIMINARY HEARING DID NOT TAKE PLACE. THE BOARD DID NOT VOTE ON DISPOSITION AND WITHOUT PRELIMINARY HEARING'S FINDING COULD NOT HOLD DUE PROCESS FINAL HEARING WITH APPELLATE RIGHTS. ADDITIONALLY KATHRYN KOZAK, DESIGNATED AGENT OF MASSACHUSETTS PAROLE BOARD, HAS BEEN FULLY AWARE OF PETITIONERS LAWFUL REQUEST TO DISPOSE OF SAID MATTER. SEE EXHIBITS- "M, N-1 THRU N-4, S-1, S-2.

13) THE PETITIONER BRINGS THIS ACTION TO THE VENUE OF THE SENDING COMMONWEALTH AS THE MATTER HAS BEEN CONSISTENTLY PURSUED SINCE THE ARREST TO DATE WITH NO LAWFUL ACTION ON PART OF THE RECEIVING STATE, FLORIDA, OR THE SENDING COMMONWEALTH, MASSACHUSETTS CONCERNING RULES, LAW, STATUTE GOVERNING SAID MATTER: THE COMMONWEALTH OF MASSACHUSETTS RESPONDENT IS THE ULTIMATE AUTHORITY AND MUST ASSUME RESPONSIBILITY OF THE SITUATION WHICH IS WELL BEYOND ANY LEGAL

## CHRONOLOGY

<u>SEPTEMBER 4, 2000</u> — PETITIONER WAS ARRESTED.

10/23/00 _____ — BONDED OUT FOR APPROX. 12 DAYS.
11/03/00 (EXHIBIT-A) — PETITIONER WAS ARRESTED ON A FUGITIVE WARRANT — STATE OF MASS..
11/03/00 (EXHIBIT-B) — THE BOND WAS SUBSEQUENTLY REVOKED AT THE SAME TIME.
12/12/00 (EXHIBIT-C) — THE DEPARTMENT PAROLE BOARD SERVED NOTICE OF HEARING.

12/12/00 (EXHIBIT-D) — PETITIONER SIGNED A WAIVER OF HEARING, OR POSTPONEMENT
    WITHOUT ADMISSION OF GUILT. SEE #3. CONTACT WAS INSTRUCTED
    FOR COORDINATION WITH ANY SENTENCE RECEIVED; IF ANY ON FLORIDA
    CHARGE, DIRECTED TO SHEILA ROBERTS @ 561-837-5128.

5/5/01 (EXHIBIT-E) — AS PETITIONER RECEIVED 66.9 MOS. ON FLA. CHARGE.
    AS INSTRUCTED PETITIONER CALLED ABOVE #, LEFT INFORMATION
    WITH REPRESENTATIVE.

7/19/01 (EXHIBIT-F) — LETTER OUT TO DEPARTMENT OF CORRECTION IN BOSTON, MASS..
8/2/01 (EXHIBIT-F) — NON DELIVERABLE BACK TO PETITIONER

BETWEEN 8/2/01 AND JULY 10, 2002 _____ — PETITIONER UNDER WENT SURGERY FOR
    CANCER (LUNG), CHEMO THERAPY, AND RADIATION @ LAKE BUTLER
    RECEPTION & MEDICAL CENTER.

7/10/02 (EXHIBIT-G) — REQUEST WAS MADE FOR ADDRESS    "DONALD LAFRATTA.
    THERE WAS A TRANSFER FROM LAKE BUTLER TO TAYLOR CORRECTIONAL
    INSTITUTION DESIGNATING TAYLOR CORRECTIONAL INSTITUTION AS
    PETITIONER'S PERMANENT HOUSING DESTINATION.

9/18/02 (EXHIBIT-H-i-4) — (LETTER) AS INTERSTATE COMPACT ADMINISTRATOR DEPUTY, DONALD
    LA FRATTA, RESPONDS WITH IDENTICAL CRITERIA. REQUEST WHICH MATCH-
    -ED THE INFORMATION IN AN INTERSTATE AGREEMENT ON DETAINER.
    WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION (IT SHOULD BE
    NOTED THAT IF THE PETITIONER HAD NOT BEEN "UNDER" I.A.D. AS IN-
    -FORMED BY THE WARDEN @ LAKE BUTLER AND LATER BY THE WARDEN'S
    DESIGNATED REPRESENTATIVE CONCERNING THE MATTER AT TAYLOR
    CORRECTIONAL INSTITUTION.

## CHRONOLOGY - CON'T.



9/25/02 (EXHIBIT-I) - PETITIONER REQUESTED CLASSIFICATION TO MEET WITH HIM CONCERNING MR. LAFRATTA'S: REQUEST ANSWERED BY CLASSIFICATION OFFICER WOOD: IT BECAME KNOWN THAT A MS. BURNS (ALSO CLASSIFICATION OFFICER) CONTACTED KATHY KOZAK, REPRESENTATIVE FOR PAROLE BOARD.

NOVEMBER 2002 ___ - THE PETITIONER DID MEET WITH MS. BURNS, CLASSIFICATION OFFICER, AND IT WAS DISCOVERED THAT THE NOTICE OF HEARING AND TEMPORARY WAIVER WITH-OUT ADMISSION OF GUILT, WAS NOT IN THE INMATE FILE, COPIES WERE MADE: APPARENTLY, THE PAROLE BOARDS REDRESENTATIVE, SHEILA ROBERTS DID NOT FOR-WARD THOSE DOCUMENTS TO THE INMATES FILE, (i.e. MEETING WHICH TOOK PLACE AT THE MARTIN COUNTY JAIL).

APPROX.
11/_/03 ___ - MET WITH MS. BURNS RE ITERATED DONALD LA FRATTA'S REQUEST.

1/21/03 (EXHIBIT-J) - A MEDICAL REQUEST WAS MADE TO SEE IF RECORDS WERE TRANSFERRED TO KATHY KOZAK.

2/04/03 (EXHIBIT-K) - MS. KOZAK'S ADDRESS WAS REQUESTED.

2/18/03 (EXHIBIT-L) - REQUESTED CLASSIFICATION ASSISTANCE TO GET MEDICAL RECORDS TO MASS..

3/5/03 (EXHIBIT-M) - A BRIEF SYNOPSIS FROM DR. HAU HUYNH, TO THE PAROLE BOARD IN MASS. GENERAL DIAGNOSTIC EXPLANATORY.

5/21/03 (EXHIBIT-N 1-4) - REQUEST TO KATHY KOZAK REQUESTING ACTION.

NOTE ——→ THERE IS NO WAY, THIS LETTER REACHED MASSACHUSETTS IN TIME FOR 5/22/03 MEETING AT PAROLE BOARD (MASS.). 5/22/03 PAROLE BOARD MAKES DECISION OF SOME KIND WITHOUT PRELIMINARY HEARING, RIGHTS TO PRESENT EVIDENCE, WITNESSES, OR OTHER ASSOCIATED WITH SAME.

6/03/03 (EXHIBIT-O) - LETTER FROM KATHY KOZAK CONCERNING 5/22/03 MEETING DECIDING NOT TO LIFT WARRANT YET.

10/16/03 ___ - DURING MEDICAL RUN PETITIONER WAS INFORMED OF 2 DETAINERS, INQUIRY MADE.

10/28/03 (EXHIBIT-P) - TO WHICH, A REPLY INFORMING MASSACHUSETTS (NON-VIOLENT).

10/20/03 (EXHIBIT-Q) - PETITIONER MADE REQUEST TO MEDICAL TO SEE IF RECORD WAS FORWARDED TO MASSACHUSETTS.

11/03/03 (EXHIBIT-R) - REQUEST RECIEVED STATING THAT NO PERTINENT INFORMATION WAS FORWARD-ED TO DONALD LA FRATTA PER HIS REQUEST.

12/21/03 (EXHIBIT-S 1-2) - LETTER CONCERNING WIFES PHONE CALL ABOUT 2 DETAINERS RATHER THAN 1. ALSO INFORMED CLASSIFICATION WOULD HAVE SUCH INFORMATION. ATTEMPTED TO CONTACT SEVERAL ATTORNEYS CONCERNING MATTER AND THERE AFTER.

12/14/04 (EXHIBIT-T 1-5) - FILED WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION WHICH WAS NOT HONORED AS NON-APPLICABLE.

## CHRONOLOGY — CON'T.

(EXHIBIT-U)-ON PAGE #52 EXPLAINS PROCEDURE 601.501 ON DETAINER RELEASES.

12/22/04 (EXHIBIT-V) - LETTER TO THE FLORIDA PAROLE COMMISSION IN RE:
TO COMPACT, I.A.D. DETAINER.

2/1/05 (EXHIBIT-W/W-1) - LETTER FROM MARTIN COUNTY SHERIFF DEPART-
-MENT " THE WARRANT" / "FACSIMILE TRANSMISSION
SHEET."

2/1/05 (EXHIBIT-W-2/W-3) - LETTER FROM MARTIN COUNTY SHERIFF DEPART-
-MENT "COMPLAINT" / "COMMITMENT WARRANT."

(EXHIBIT-X/X-1) - FLORIDA CRIMINAL PUNISHMENT CODE USED AND STATED IN
MEMORANDUM IV, PARAGRAPH 8.

2/8/05 (EXHIBIT-Y) — RECEIVED LETTER FROM MASSACHUSETTS PAROLE
BOARD, DONALD LAFRATTA IN RESPONSE TO EXHIBIT-V.

2/15/05 (EXHIBIT-Z/Z-1) - REPLY TO MR. LAFRATTA LETTER.

NOTE ——————→      IT IS UNLIKELY THIS LETTER REACHED MASSACHUSETTS IN TIME
FOR 2/17/05 MEETING AT PAROLE BOARD (MASS.). 2/17/05,
PAROLE BOARD, ONCE AGAIN SEE EXHIBIT "N-1 THRU N-4," & "O" MAKES A "VOTE"
OF SOME KIND WITHOUT PRELIMINARY HEARING, RIGHTS TO PRESENT
EVIDENCE, WITNESSES, OR OTHER ASSOCIATED WITH SAME.

3/3/05 (EXHIBIT-AA) — LETTER FROM DONALD LAFRATTA CONCERNING
2/17/05 MEETING DECIDING NOT TO LIFT WARRANT.

6/15/05 — FLORIDA 85% TEMPORARY RELEASE
DATE / END OF SENTENCE.
MY RELEASE DATE.

(8)

## FIRST CAUSE OF ACTION

DESIGNATED REPRESENTATIVE OF COMMONWEALTH OF MASSACHUSETTS, RECEIVING STATE FLORIDA DEPARTMENT OF CORRECTIONS HAS DEVIATED FROM LEGISLATED AUTHORITY AS ADMINISTRA-TIVE AGENCY (OF EXECUTIVE BRANCH) REFUSING TO PROCESS I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION AFTER THE STATE LEGISLATURE OF FLORIDA HAS AGREED WITH COMMONWEALTH OF MASSACHUSETTS TO KEEP, CARE FOR, AND PROCESS MASSACHUSETTS PRISONER UPON LAWFUL REQUEST CONTRARY TO AMENDMENTS $\overline{V}$, $\overline{VI}$ AND $\overline{XIV}$ OF THE U.S. CONSTITUTION. THUS COMMON-WEALTH OF MASSACHUSETTS IS RESPONSIBLE AS REQUIRED TO OVERSEE TREATMENT, CARE PROCESS OF ENTRUSTED PRISONER WITH AGREEMENT AND COMPLIMENTARY STATUTORY SCHEME. PETITIONER HAS BEEN DENIED PRELIMINARY, FINAL, AND APPELLATE DUE PROCESS PROVISIONS.

## SECOND CAUSE OF ACTION

DESIGNATED REPRESENTATIVE OF COMMONWEALTH OF MASSACHUSETTS, RECEIVING STATE FLORIDA HAS DEVIATED FROM LEGISLATED AUTHORITY, FOR JUDICIAL BRANCH BY NOT PRODUCING FUGITIVE OF JUSTICE PRISONER BEFORE THE COURT ADVISING OF RIGHTS PURSUANT TO INTERSTATE AGREEMENT ON EXTRADITION F.S. 941.45 AND COMPLIMENTARY M.G.L.A. CHAPTER 276, § 11 THRU 20 R
CONTRARY TO AMENDMENT $\overline{V}$, $\overline{VI}$, AND $\overline{XIV}$: THUS COMMONWEALTH OF MASSACHUSETTS IS RESPONSIBLE AS ENTERING INTO INTERSTATE AGREEMENTS: TO OVERSEE TREATMENT, CARE, PROCESS OF ENTRUSTED PRISONER BY TERMS OF AGREEMENT AND COMPLIMENTARY STATUTORY SCHEME PETITION HAS BEEN DENIED PRELIMINARY, FINAL, AND APPELLATE DUE PROCESS PROVISIONS.

## THIRD CAUSE OF ACTION

DESIGNATED REPRESENTATIVE OF COMMONWEALTH OF MASSACHUSETTS. RECEIVING STATE FLORIDA HAS DEVIATED FROM LEGISLATIVED AUTHORITY FOR EXECUTIVE BRANCH ADMINISTRATIVE AGENCY (i.e. PAROLE COMMISSION) BY NOT HOLDING PRELIMINARY HEARING AFTER PETITIONER FOLLOWED INSTRUCTIONS CONCERNING NON ADMISSION OF GUILT TEMPORARY WAIVER FORM AND RESPONDENT VIA DESIGNATED REPRESENTATIVE DID NOT RESUME SAID HEARINGS DEPRIVING PETITIONER OF PRELIMINARY, FINAL, AND APPELLATE HEARING DUE PROCESS RIGHTS CONTRARY TO THE $\overline{V}$, $\overline{VI}$, AND $\overline{XIV}$ AMENDMENTS OF THE U.S. CONSTITUTION. COMMONWEALTH OF MASSACHUSETTS IS RESPONSIBLE AS ENTERING INTO INTERSTATE AGREEMENTS: TO OVERSEE TREATMENT, CARE, PROCESS OF ENTRUSTED PRISONER BY TERMS OF AGREEMENT AND COMPLIMENTARY STATUTORY SCHEMES.

## FOURTH CAUSE OF ACTION

COMMONWEALTH OF MASSACHUSETTS IS RESPONSIBLE AS HAVING ENTERED INTO AGREEMENT WITH STATE OF FLORIDA TO OVERSEE THE TREATMENT, CARE, AND PROCESSING OF ENTRUSTED PRISONERS. EXECUTIVE BRANCH ADMINISTRATIVE AGENCY COMMONWEALTH OF MASSACHUSETTS PAROLE BOARD FAILED TO "CHECK AND BALANCE" PRISONER IN ANOTHER STATE EVEN AFTER BEING INFORMED REPEATEDLY BY PRISONER. PETITIONER WAS DENIED BASIC DUE PROCESS PROVISIONS OF PRELIMINARY, FINAL, AND APPELLATE HEARING UNDER PURVIEW OF U.S. CONSTITUTION AMENDMENT $\underline{V}$, $\underline{VI}$, AND $\underline{XIV}$, ALLEGED "VOTE" DOES NOT CONSTITUTE HEARING. PRELIMINARY FACTS WERE NOT PRESENTED DUE TO PRELIMINARY HEARING NOT TRANSPIRING. PETITIONER WAS NOT AFFORDED RIGHTS TO PRESENT INFORMATION PERTINENT. NO FURTHER APPELLATE RIGHTS WERE INFORMED: AND VOTE WAS NOT DISPOSITIONAL IN NATURE MERELY CONCERNED LIFTING WARRANT.

## FIFTH CAUSE OF ACTION

AS PETITIONER WAS ARRESTED CLEARLY ON FACE OF RECORD BY COMMON WEALTH OF MASS-ACHUSETTS FUGITIVE OF JUSTICE WARRANT SOLELY WHILE AT LIBERTY RESUMING SERVICE OF MASSACHUSETTS SENTENCE, DUE TO PAROLE BOARD'S FAILURE TO PROCEDURALLY FOLLOW UP ON ARREST AND WAS MADE AWARE REPEATEDLY, DELAY WAS OF NO FAULT TO PETITIONER AND PENALTY (IF APPLICABLE) MAXIMIZED (i.e. TIME LEFT ON SENTENCE OR MATRIXED GRADUATION) IS EXPIRED, NOTING THE DIFFICULTY DUE TO NO DISPOSITION DETERMINING PENALTY FOR PAROLE VIOLATION. FURTHERMORE, SINCE SPECIFIC PROCEDURES CONCERNING HABEAS CORPUS APPLICATION AT THE INITIAL ARREST MANDATED BY AGREEMENT AND COMPLIMENTARY STATUTORY SCHEMES VIOLATED U.S. ARTICLE $\underline{I}$ SECTION 9 OF THE U.S. CONSTITUTION OF FUNDAMENTAL MAGNITUDE CONTRARY TO AMENDMENTS $\underline{V}$, $\underline{VI}$, AND $\underline{XIV}$ PAST ANY PROPER HEARING DATE: AND EXPIRATION OF TIME LIMITATION FOR LIBERTY INTERESTED HABEAS CORPUS PROVISIONS PROVIDED UNDER AGREEMENT: STATUTORY SCHEMES: AND U.S. CONSTITUTION.

## REMEDY / RELIEF SOUGHT

PETITIONER MOVES THE COURT FOR PER EMPTORY WRIT OF HABEAS CORPUS: DECLARATORY STATEMENTS ON ALL CAUSES OF ACTION AFORESTATED: WITH INCLUSIVE ORDERS OF DISCHARGE OF CASE (AS EITHER EXPIRED OR OTHER WISE) FOREVER: AND WITH DIRECTION FOR REMOVAL OF COMPLAINTS, WARRANTS, DETAINERS BY THE COMMON WEALTH OF MASSACHUSETTS BRANCHES, OR BY SAID ORDERS DISPOSING OF MATTER: WITH OR WITHOUT PENALTY BY ADMINISTRATIVE AGENCY ESTABLISHING DATE OF ARREST AS RESUMING SERVICE OF SENTENCE IN THE EVENT OF PENALTY APPLICATION: AND ANY OTHER ORDER NECESSARY TO ACCOMPLISH DISPOSITION FROM DATE OF ARREST ON FUGITIVE OF JUSTICE WARRANT AND TO RELIEVE PETITIONER OF ALL BURDENS ATTESTED TO THE CAUSES WITH REIMBURSEMENT FOR ALL COSTS ACCRUED IN THE PETITIONER'S PURSUIT OF SAID RELIEF.

CERTIFICATE OF SERVICE
AND OATH

I, ROGER PELLAND, PETITIONER DO SWEAR UNDER THE PENALTY OF PERJURY
THAT THE FOREGOING DOCUMENT HAS BEEN READ: AND IS BOTH TRUE AND CORRECT
FURTHERMORE, A COPY HAS BEEN FORWARDED TO THE RESPONDENT:

COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE BRANCH
DIVISION OF PUBLIC SAFETY
PAROLE BOARD
45 HOSPITAL ROAD
P.O. BOX 647
MEDFIELD, MA. 02052

WITH THE ORIGINAL TO:

THE COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
COURTHOUSE, 650 HIGH ST.
DEDHAM, MA. 02026

TRUE AND CORRECT AS AFFIXED BY SIGNATURE THIS
24TH DAY OF MARCH, 2005 BY U.S. MAIL

ROGER PELLAND
D.L.# D87064 DORM HI-205L
TAYLOR CORRECTIONAL INSTITUTION
8515 HAMPTON SPRINGS ROAD
PERRY, FLORIDA 32348

(11)

EXHIBIT L 2

MEMORANDUM FRom SUPERIOR
COURT PETITION UNIVERSAL
CONTAINS MEMORANDUM I-V

EXHIBIT C2

IN THE SUPERIOR COURT
IN AND FOR NORFOLK COUNTY
AND THE COMMONWEALTH OF MASSACHUSETTS

ROGER PELLAND,
        PETITIONER,

CASE NO.: NOCV2005-00633-1

V.

THE COMMONWEALTH OF MASSACHUSETTS,
EXECUTIVE OFFICE OF PUBLIC SAFETY,
PAROLE BOARD,
              RESPONDENT,


"MEMORANDUM"


(12)

## ADMINISTRATIVE AGENCIES

## MEMORANDUM - I

THE FLORIDA PAROLE COMMISSION (CONDITIONAL RELEASE AUTHORITY), IN CONJUN-CTION WITH THE FLORIDA DEPARTMENT OF CORRECTIONS. HEREAFTER, REFERRED TO AS F.P.C. ; C.R.A. ; AND F.D.O.C., RESPECTIVELY.

THEY ARE ADMINISTRATIVE AGENCIES ; OR EXECUTIVE ENTITIES, THEIR FUNCTION, IN GOVERNMENT IS TO "ADMINISTRATE" PUBLIC POLICY. THE POLICY OF COURSE CREATED BY THE LEGISLATURE IS COMMONLY REFERRED TO AS STATUTORY LAW.

BEING ADMINISTRATIVE AGENCIES "CREATED" BY LEGISLATURE FOR THE PURPOSE OF IMPLEMENTING PUBLIC POLICY IN A GIVEN FIELD OF CONCERN. THEY ARE "CREATURES OF STATUTE", CITY OF CAPE CORAL V. G.A.C. UTILITIES. INC., 281 So2d 493 (FLA.1973), AND CREATED BY STATUTE. THUS THEIR POWERS, AND AUTHORITY DOES NOT EXTEND BEYOND THE POWERS AND AUTHORITY PROVIDED BY STATUTE.

"IT IS WELL RECOGNIZED THAT THE POWERS OF ADMINISTRATIVE AGENCIES ARE MEASURED AND LIMITED [TO AND] BY THE STA-TUTES AND ACTS IN WHICH SUCH POWERS ARE EXPRESSLY GRANT-ED OR IMPLICITYLY CONFERRED."

DEPARTMENT OF PROFESSIONAL REGULA-TION, BOARD OF MEDICINE V. MERRERD, 536 So2d 1094 (FLA. 1ST. DCA 1988), rev.den., 545 So2d 1360 (FLA.1989).

IN THIS CASE, THE PETITIONER HAS TWICE BEEN INFORMED THAT THE INTERSTATE AGREEMENT ON DETAINERS, HEREAFTER, I.A.D. DOESN'T APPLY OR IS NOT COVERED QUOTING NO RULE, (SEE, EXHIBIT  T-1   AND  T-5  ).

WHILE ON THE SUBJECT OF RULES OF AN ADMINISTRATIVE AGENCY, THE DEPARTMENTS OWN POLICY, KNOWN AS F.D.C. PROCEDURE 601.501 (5)(a) SHOWS, EXHIBIT   U   's RESPONSE TO BE INVALID, AND WITHOUT AUTHORITY BECAUSE SUBSECTION (5)(a) 4 CLEARLY STATES :

" OTHER STATES WHERE SENTENCES HAVE ALREADY BEEN IMPOSED. IN THE ORDER IN WHICH THEY HAVE BEEN RECIEVED."

ALONG WITH (5)(a) 1-3.6.7. THAT CONTAIN SEVERAL SCENERIOS OTHER THAN MS. PILKIN-GTON (CLASSIFICATION OFFICER AND REPRESENTATIVE FOR THE WARDEN, AS SEEN IN

(12)

EXHIBIT __I-1__ REFERRING TO EXHIBIT __I-5__ ).
AN IMPORTANT NOTE HERE IS ;

THE STATEMENT CONTAINED IN A REFUSAL TO PROCESS
I.A.D. WRITTEN REQUEST FOR FINAL DISPOSITION ON 12/14/04 WAS ;

" THE INTERSTATE AGREEMENT ON DETAINERS TO PROVIDE,
TO ADDRESS UNTRIED INDICTMENTS TO REQUEST FINAL DIS-
-POSITION." "YOUR DETAINER IS M.A. PAROLE BOARD ON A
PAROLE VIOLATION, THEREFORE, DOESN'T QUALIFY."

THE AFORESTATED PROCEDURE NEGATES THE POSSIBILITY OF THIS BEING CORRECT, PRO-
-CEDURE 601.501 DERIVES AUTHORITY FROM 33.601.501 F.A.C. (FLORIDA ADMINISTRATIVE
CODE, HEREAFTER, F.A.C.).
THERE IS NO A.C.A. / C.A.C. STANDARDS; ULTIMATELY F.D.C. PROCEDURE AND F.A.C.
BOTH DERIVE AUTHORITY FROM FLORIDA STATUTE, HEREAFTER, F.S. 941.45.

F.S. 941.45 EXPLICITLY ;

" DURING THE CONTINUANCE OF A TERM OF IMPRISONMENT,
THERE IS PENDING IN ANY OTHER PARTY STATE ANY UNTRIED
INDICTMENT, INFORMATION, OR COMPLAINT ON THE BASIS
OF WHICH A DETAINER HAS BEEN LODGED AGAINST THE PRISONER."

THE EXACT SCENERIO IS CLEARLY LISTED UNDER F.D.O.C.'s ONLY POLICY FOR DETAIN-
-ERS DERIVING AUTHORITY FROM STATUTE.

RULE MAKING IS CALLED QUASI - LEGISLATIVE POWER, BECAUSE WHILE NOT A PART OF
THE LEGISLATIVE BRANCH OF GOVERNMENT. RULE MAKING RESEMBLES A LEGISLATIVE FUNCTION.
AGENCIES SUCH AS F.D.O.C. AND F.P.C. ARE GIVEN AUTHORITY TO CREATE RULES BY
THE FLORIDA LEGISLATIVE, BUT THAT AUTHORITY IS LIMITED TO IMPLEMENTING A STATUTE.
THE EXECUTIVE BRANCH TO WHICH AN ADMINISTRATIVE AGENCY IS, HAS NO INHERENT
POWER TO ADOPT RULES AT ALL, GROVE ISLE LTd. V. DEPT. OF ENVIRONMENTAL REGULATION,
454 So2d 571, AT 573 (FLA. 1ST. DCA 1984).

THIS AUTHORITY IS DELEGATED BY THE LEGISLATURE. AN AGENCY CANNOT ADOPT
RULES, THAT FAIL TO IMPLEMENT A STATUTE. RULE MAKING AUTHORITY IS NOT SUFFICIENT
TO ADOPT A RULE," A SPECIFIC LAW TO BE IMPLEMENTED IS ALSO REQUIRED."

" AN AGENCY MAY ADOPT ONLY RULES THAT IMPLEMENT,
(14)

INTERPRET, OR MAKE SPECIFIC THE PARTICULAR
POWERS AND DUTIES GRANTED BY THE <u>ENABLING</u>
<u>STATUTE</u>."

<u>§ 120.536 F.S.</u>

THE "ENABLING STATUTE" CONFERS JURISDICTION ON AN AGENCY TO CREATE RULES
ON A GIVEN TOPIC. AS ONE COURT DESCRIBED THIS JURISDICTION, "AN AGENCY
IS LIMITED TO SUCH JURISDICTION AS IS CONFERRED
BY LEGISLATIVE ENACTMENT. AN AGENCY CANNOT
ENLARGE, REDUCE, OR MODIFY IT'S JURISDICTION
BY IT'S OWN ACTION."

SADDLE BROOK RESORTS V. WIRE GLASS RANCH, 630 So2d 1123 @ 1128 (FLA. 2ND
DCA 1993). THIS LIMITATION ON AGENCY JURISDICTION IS IMPLICITLY MANDATED BY § 120.
52 (8) AND 120.536 (1) F.S. .

THE REASON FOR THE LIMITATION IS THE PRINCIPLE OF "SEPARATION OF POWERS",
FOUND IN ART. II § 3 FLORIDA CONSTITUTION, WHICH STATES;

" THE POWERS OF THE STATE GOVERNMENT, SHALL
BE DIVIDED INTO LEGISLATIVE, EXECUTIVE, AND
JUDICIAL BRANCHES. NO PERSON BELONGING TO
ONE BRANCH SHALL EXERCISE ANY OF THE POWERS
APPERTAINING TO EITHER OF THE OTHER BRANCHES,
UNLESS EXPRESSLY PROVIDED HERE IN."

## MEMORANDUM - II

### REGARDING THE INTERSTATE COMPACT — SEE, F.S.1949.07

" THE GOVERNOR IS HEREBY AUTHORIZED.

PLEASE KEEP IN MIND THE GOVERNOR IS THE EXECUTIVE BRANCH, AND IS AUTHORIZED FOR THIS PURPOSE BY THE LEGISLATURE OR FLORIDA STATUTES. SEE, F.S. 949.07.

" . . . AND DIRECTED TO ENTER INTO A COMPACT ON BEHALF OF THE STATE, WITH ANY STATE OF THE UNITED STATES LEGALLY JOINING THERE IN, IN THE FORM [OF] SUBSTANTIALLY, AS FOLLOWS; "

A COMPACT ENTERED INTO BY AND AMONG THE CONTRACTING STATES. SIGNATORIES HERE TO WITH THE CONSENT OF THE CONGRESS, GRANTED BY AN ACT ENTITLED, "AN ACT GRANT--ING THE CONSENT OF CONGRESS, TO ANY TWO OR MORE STATES TO ENTER INTO AGREEMENTS OR COMPACTS FOR COOPERATIVE EFFORT AND MUTUAL ASSISTANCE IN THE PREVENTION OF CRIME AND FOR OTHER PURPOSES."

"THE CONTRACTING STATES SOLEMNLY AGREE."

IMPERATIVE TO NOTE, ALSO, F.D.O.C. UNDER THE PURVIEW OF F.S. 949.08 IS THE ADMINISTRATIVE AGENCY AS A MEMBER OF THE EXECUTIVE BRANCH IS GIVEN AUTHORITY TO PROMULGATE RULES, AND REGULATIONS BECOMING QUASI-LEGISLATIVE, KEEPING IN MIND THOSE RULES AND REGULATIONS MUST STRICTLY CONFORM TO STATUTE.

### 949.07
(1)
THAT IT SHALL BE COMPETENT FOR THE DULY CONSTITUTED JUDICIAL AND ADMINIST--RATIVE AUTHORITIES OF A STATE PARTY TO THIS COMPACT. HERE IN CALLED "SENDING STATE". TO PERMIT ANY PERSON CONVICTED OF AN OFFENSE WITHIN SUCH STATE AND PLACED ON PROBATION, OR RELEASED ON PAROLE TO RESIDE IN ANY OTHER STATE PARTY TO THIS COMPACT. HERE IN CALLED "RECIEVING STATE" WHILE ON PROBATION, OR PAROLE. IF:

(a) SUCH A PERSON IS IN FACT A RESIDENT OF, OR HAS HIS, OR HER FAMILY RESIDING WITHIN THE RECEIVING STATE, AND CAN OBTAIN EMPLOYMENT THERE.

(16)

(b) THOUGH NOT A RESIDENT OF THE RECEIVING STATE, AND NOT HAVING HIS OR HER FAMILY RESIDING THERE, THE RECEIVING STATE CONSENTS TO THAT PERSON BEING SENT THERE.

BEFORE GRANTING SUCH PERMISSION, THE OPPORTUNITY SHALL BE GRANTED TO THE RECEIVING STATE TO INVESTIGATE THE HOME AND PROSPECTIVE EMPLOYMENT OF SUCH PERSON. A RESIDENT OF THE RECEIVING STATE, WITHIN THE MEANING OF THIS SECTION IS ONE, WHO HAS BEEN AN ACTUAL INHABITANT OF SUCH STATE CONTINUOUSLY FOR MORE THAN 1 YEAR PRIOR TO HIS, OR HER COMING TO THE SENDING STATE, AND HAS NOT RESIDED WITH IN THE SENDING STATE MORE THAN 6 CONTINUOUS MONTHS, IMMEDIATELY PRECEED--ING, THE COMMISSION OF THE OFFENSE FOR WHICH HE OR SHE HAS BEEN CONVICTED.

(2)
THAT EACH RECEIVING STATE WILL ASSUME THE DUTIES OF VISITATION OF/AND SUP--ERVISION OVER PROBATIONERS OR PAROLEES, OF ANY SENDING STATE AND IN THE EXERCISE OF THOSE DUTIES, WILL BE GOVERNED BY THE SAME STANDARDS THAT PREVAIL FOR IT'S OWN PROBATIONERS AND PAROLEES.

(3)
THAT DULY ACCREDITED OFFICERS OF A SENDING STATE MAY AT ALL TIMES ENTER A RECEIVING STATE AND THERE APPREHEND AND RETAKE ANY PERSON ON PROBA--TION OR PAROLE, FOR THAT PURPOSE NO FORMALITIES WILL BE REQUIRED OTHER THAN ESTABLISHING THE AUTHORITY, OF THE OFFICER AND THE IDENTITY OF THE PERSON TO BE RETAKEN, ALL LEGAL REQUIREMENTS TO OBTAIN EXTRADITION OF FUGITIVES FROM JUSTICE, ARE HEREBY EXPRESSLY WAIVED ON THE PART OF STATES PARTY, HERE TO AS TO SUCH PERSONS, THE DECISION OF THE SENDING STATE TO RETAKE A PERSON ON PROBATION OR PAROLE SHALL BE CONCLUSIVE, UPON AND NOT REVIEWABLE WITHIN THE RECEIVING STATE; PROVIDED HOWEVER, THAT IF AT THE TIME WHEN A STATE SEEKS TO RETAKE A PRISONER, PROBATION--ER, OR PAROLEE, THERE SHOULD BE PENDING AGAINST HIM OR HER, WITH THE RECEIVING STATE, ANY CRIMINAL CHARGE, OR HE OR SHE SHOULD BE SUSPECTED OF HAVING COMMIT--TED WITHIN THE STATE A CRIMINAL OFFENSE, THE PROBATIONER OR PAROLEE SHALL NOT BE RETAKEN WITHOUT THE CONSENT OF THE RECEIVING STATE UNTIL DISCHARGED FROM PROSECUTION OR IMPRISONMENT, FOR SUCH AN OFFENSE.

(4)
THAT THE DULY ACCREDITED OFFICERS OF THE SENDING STATE WILL BE PERMIT--TED TO TRANSPORT PRISONERS BEING RETAKEN THROUGH ANY AND ALL STATE PARTIES,

(17)

TO THIS COMPACT WITHOUT INTERFERENCE.

(5)

THAT THE GOVERNOR OF EACH STATE MAY DESIGNATE AN OFFICER, WHO ACTS JOINTLY WITH LIKE OFFICERS OF OTHER CONTRACTING STATES, IF AND WHEN APP- -OINTED, SHALL PROMULGATE SUCH RULES AND REGULATIONS, AS MAY BE DEEMED NECESSARY, MORE EFFECTIVELY CARRY OUT THE TERMS OF THIS COMPACT.

"HERE, THE EXECUTIVE BRANCH DESIGNATES AN OFFICER WITH QUASI-LEGISLATIVE POWER. HOW- -EVER, RULES MUST BE STRICTLY ADHERING TO STATUTE."

(6)

THAT THIS COMPACT SHALL BECOME OPERATIVE IMMEDIATELY UPON IT'S RATI- -FICATION BY ANY STATE AS BETWEEN IT AND ANY OTHER STATE OR STATES, SO RATIFYING, WHEN RATIFIED, IT SHALL HAVE THE FULL FORCE AND EFFECT OF LAW WITHIN SUCH STATE. THE FORM OF RATIFICATION TO BE IN ACCORDANCE WITH THE LAWS OF THE RATIFYING STATE.

(7)

THAT THIS COMPACT SHALL CONTINUE IN FORCE AND REMAIN BINDING UPON EACH RATIFYING STATE UNTIL RE-NOUNCED BY IT. THE DUTIES AND OBLIGATIONS HEREUNDER OF A RE-NOUNCING STATE SHALL CONTINUE, AS TO PAROLEES OR PROBATIONERS RESIDING THERE IN AT THE TIME OF WITHDRAWAL UNTIL RETAKEN OR FINALLY DISCHARGED BY THE SENDING STATE. RE-NUNCIATION OF THIS COMPACT SHALL BE BY THE SAME AUTHORITY, WHICH RATIFIED IT, BY SENDING 6 MONTHS NOTICE, IN WRITING OF IT'S INTENTION TO WITHDRAW FROM THE COMPACT, TO THE OTHER STATES PARTY THERE TO.

## MEMORANDUM — III

### EXTRADITION AND DETAINERS

EXRADITION AND DETAINERS ARE PLACED IN ORDER TO HOLD, ALREADY INCARCER-
-ATED INDIVIDUALS FOR THE COMPLETION OF THEIR SENTENCE.
ALABAMA V. BOZEMAN, 121 S. CT. 2079 (FLA. 2001) AND
BARNARD V. HENMAN, 89 F. 3d 373 (7TH CIR. 1996) @ PG. 374.

> WARRANT FROM COMPLAINT EXECUTED VIA REASON OF
> ALREADY IN CUSTODY OR NOT, THEN PLACING OF DE-
> -TAINER TO SECURE EVENTUAL EXECUTION OF WARRANT.
> (EVEN NOTE; COMMISSION AND JUDGES AGREEMENT
> ON CONCURRENCY OF CREDIT [ i.e. STATE SENDING
> RUNS CREDIT OCCUR   ON OUTSTANDING RECEIVING
> STATE OFFENSE ] ).

U. S. V. KELLEY, 300 F. SUPP. 224 ( D. MASS. 2003 ). DISMISSAL TAKES PLACE
AND DEMAND FOR SPEEDY TRIAL. NOTE; WHERE TRIAL AND HEARING ARE SUBSTANT-
-IATED BY F. S. 941.45, "COMPLAINT" IS CLEARLY UNDER I. A. D. PURVIEW, AND ARE
IDENTIFIED WITH RIGHT ACKNOWLEDGED. A COMPLAINT IS MADE TO ISSUE A WARRANT,
AND WHEN THE INDIVIDUAL IS INCARCERATED. A DETAINER IS LODGED.

> "IN THE INSTANT CASE NOT ONLY WAS THE INITIAL
> WARRANT SATISFIED BY ARREST, IT IS EQUALLY
> IMPERATIVE TO POINT OUT PAROLE WAS TRANSFER-
> -RED TO FLORIDA, UNDER INTERSTATE COMPACT;
> BUT IT HAD INITIATED HEARING, THEREFORE,
> RESPONSIBLE FOR FURTHER PROCEEDINGS."

IN THOMPSON V. CRABTREE, 82 F. 3d 312 (9TH CIR. 1996). THE EXECUTION OF
A PAROLE WARRANT AGAIN IS DECIPHERED FROM ONE PENDING AND SECURE BY PLACE-
-MENT OF DETAINER; TIME LIMITATIONS WERE OBVIOUSLY INITIATED BY FLORIDA PAR-
-OLE COMMISSION, FOR MASSACHUSETTS PAROLE BOARD. OTHERWISE, WHY WOULD THE
PETITIONER HAVE HAD TO SIGN, IN ORDER TO TEMPORARILY POSTPONE HEARING UNTIL

DISPOSITION OF THE FLORIDA CHARGE. NO HEARING TOOK PLACE AFTER THE IN-
-STRUCTIONS ON THE DOCUMENT SIGNED BY THE PETITIONER WERE FOLLOWED EX-
-ACTLY. MOREOVER, THE PETITIONER HAS REPEATEDLY AND CONSISTENTLY ATTEMPTED
TO PROCURE DISPOSITION UP TO AND INCLUDING THE FILING OF A WRITTEN REQUEST
UNDER I.A.D..

IN BARNARD SUPRA @ 374, WHERE A WARRANT WAS ISSUED AS A DETAINER
BY OKLAHOMA'S FEDERAL PROBATION OFFICE,    MARSHALS ACTUALLY EXECUTED THE
WARRANT AND TOOK HIM INTO CUSTODY. NOTE WORTHY IS THE FACT THAT BARNARD WAS IN
FEDERAL CUSTODY FOR 71 DAYS AND DID NOT RECEIVE A REVOCATION HEARING SUBSEQ-
-UENTLY PAROLING ONE SENTENCE TO START THE OTHER. HOWEVER, BECAUSE;

> " THE EXECUTION OF THE PAROLE VIOLATOR WARRANT ON
> DECEMBER 23, 1992, TRIGGERED THE COMMISSIONS
> DUTY TO HOLD A TIMELY REVOCATION HEARING AND THAT
> HIS PAROLE TERM CONTINUED TO RUN IN THE ABSENCE
> OF SUCH A HEARING."

WHILE SLIGHTLY DISTINGUISHABLE FEDERAL, DIFFERENT STATE ETC, THE FACT
THAT BARNARD WAS ACTUALLY ARRESTED (EVEN THOUGH HE WAS IN CUSTODY) IS STRIKINGLY
FAMILIAR TO THE CASE AT ISSUE, WHERE PETITIONER PELLAND WAS ACTUALLY ARRESTED ON
BOND AND AT LIBERTY.
THIS IS EVIDENCED BY THE PROCESS ACTIVATED BY THE FLORIDA PAROLE COMM-
-ISSION ; THE RESPONSIBLE AGENCY CONCERNING A PAROLE VIOLATOR UNDER THE INTER-
-STATE COMPACT. AS ONE WARRANT WAS EXECUTED, HEARINGS WERE SCHEDULED.

BARNARD RECIEVED CREDIT;

> " THE COMMISSION, DID GRANT BARNARD CREDIT FOR ALL
> THE TIME HE SPENT IN STATE CUSTODY, BEGINNING WITH
> HIS ARREST ON APRIL 3, 1992 AND INCLUDED THE 71 DAYS
> HE SPENT IN FEDERAL CUSTODY. THUS, BARNARD RECIEVED
> THE FULL CREDIT FOR ALL TIME SERVED IN CUSTODY PRIOR
> TO HIS PAROLE REVOCATION SENTENCE."

FURTHERMORE,
> " THE TRIAL JUDGE ALSO HELD THAT THE COMMISSION'S CAL-
> - CULATION OF BARNARD'S SENTENCE WAS PROPER."

WHEN LOOKING AT CROOKER V. U.S. , 814 F. 2d 75 (1ST. CIR. 1987), IT IS EXPLAINED ;

> " THE REASON FOR THE I.A.D. , AS STATED IN ARTICLE
> I, IS THAT DETAINERS INTERFERENCE WITH THE RIGHTS
> OF "PERSONS ALREADY INCARCERATED " IN OTHER JURIS-
> -DICTIONS , "PRODUCE [S] UNCERTAINTIES WHICH OBSTRUCT
> PROGRAMS OF PRISONER TREATMENT AND REHABILITATION ."
> CONSISTENT WITH THIS PURPOSE ARTICLE II (b), DEFINES
> A "SENDING STATE" AS A STATE "IN WHICH [THE] A
> PRISONER IS INCARCERATED "; ARTICLE III, THE INITIAL
> SUBSTANSIVE SECTION , COMMENCES ; "(a) WHENEVER
> A PERSON HAS ENTERED UPON A TERM OF IMPRISONMENT
> IN A PENAL INSTITUTION OR CORRECTIONAL INSTITUTION
> . . . ." AND ARTICLE IV , REFERS TO A PRISONER "SER-
> -VING A TERM OF IMPRISONMENT, FOLLOWING TRIAL ON
> THE INDICTMENT, INFORMATION, OR COMPLAINT FOR
> WHICH HE WAS SOUGHT.

## MEMORANDUM IV

BEING ARRESTED SOLELY ON A FUGITIVE OF JUSTICE WARRANT THE "TIME CLOCK" WAS INITIATED ON NOVEMBER 3, 2000 ADDITIONALLY. THE WARRANT CLEARLY INSTRUCTS "MORRISEY" HEARING TO WHICH A TEMPORARY WAIVER AND NON ADMISSION OF GUILT (TO WHICH THE PETITIONER FOLLOWED ALL INSTRUCTIONS CONCERNING THE SITUATION) WHERE A DISPO- -SITION IS SOUGHT ON A DIFFERENT CASE THAT COULD HAVE BEARING ON THE POSSIBLE PAROLE VIOLATION BEFORE THE PRELIMINARY HEARING. IT DOES NOT ALLEVIATE THE ADMINISTRATIVE AGENCY IN AGREEMENT WITH OTHER ENTITIES FROM THE RESPONSIBILITY TO HOLD THE HEARING REGARDLESS OF WHETHER IT RESULTED IN A CONVICTION OR NOT WHO PROVIDED A FORM AND PROCEDURE ESTABLISHING THE CRITERIA AND THEREFORE VESTING THAT IT SHOULD TAKE PLACE.

EQUALLY NOTEWORTHY IS THAT THE SITUATION IS SEVERLY MISAPPREHENDED BY THE ENTITIES IS AGREEMENT OVER THE CARE AND CUSTODY OF THE PRISONER AND / OR THE DECISION MAKING PROCESS BECAUSE IT DIFFERS FROM A SITUATION WHERE A PAROLEE FROM A SENDING STATE IS ARRESTED IN THE RECEIVING STATE ON UNRELATED OFFENSES AND IS ALREADY IN CUSTODY RE- -MAINING CONTINUOUSLY. THE SENDING STATE FILES THE COMPLAINT / DEMAND ACCORDINGLY AS IT HAS AGREED WITH THE RECEIVING STATE SUBSEQUENTLY RESULTING IN THE ISSUANCE OF A WARRANT CAUSING A DETAINER TO BE LODGED AGAINST THE PRISONER MERELY HOLD- -ING THE INDIVIDUAL SHOULD THE UNRELATED OFFENSE BE DISPOSED OF FAVORABLY FOR FURTHER INVESTIGATION OR UNTIL THAT SENTENCE IF RENDERED IS COMPLETED.

FROM THE PRESENT SITUATION WHERE AN INDIVIDUAL IS AT LIBERTY AND ARRESTED SOLEY ON A WARRANT FROM THE SENDING STATE WHICH COULD ONLY BE COUNTED AS JAIL TIME ON THE SENDING STATES SENTENCE BECAUSE THERE WAS NO OTHER SENTENCE THUS STARTING THE CONSTITUTIONAL CLOCK ON A WARRANT AND ARREST ISSUED EXECUTED BY AND FOR THE SENDING STATE.

TO SAY THAT THE PRISONER WHO TRANSFERRED PAROLE FROM MASSACHUSETTS TO FLORIDA UNDER THE INTERSTATE CORRECTIONS COMPACT 941.56 F.S. HAS A COMPLAINT WARRANT ISSUED AND EXECUTED UNDER THE INTERSTATE AGREEMENT ON EXTRADITION F.S. 941.01. BY DEMAND RESULTING IN A DETAINER BEING LODGED UNDER THE INTERSTATE AGREEMENT ON DETAINERS F.S. 941.45 IS NOT UNDER I.A.D. SEE EXHIBITS "G & R" _____. WHEN THE PRISONER REPEATEDLY REQUESTS. AND FOLLOWS CRITERIA SET FORTH BY STATUTE IS LUDICROUS UNDERSTATEDLY THE MANDATORY STATUTORY LANGUAGE OF F.S. 941.45 STATES OTHER- -WISE TO WHICH ALL ADMINISTRATIVE AGENT RESPONDENTS ARE BOUND.

TO INSINUATE THAT THE PRISONER IS UNDER NO MORE ARDUOUS RESTRAINT IS EQUALLY DISPROVED. DUE TO THE NUMEROUS RESTRICTIVE REASONS WHICH CAUSES ADDITIONAL BURDEN TO THE PRISONER THAT HINDER REHABILITATION ADVANCEMENT PROGRESS AND PREPARATION FOR PRODUCTIVE RE ENTRY INTO SOCIETY AS SEEN BY VARIOUS TRANSMISSIONS. CORRESPON- -DENCE & DOCUMENTS INCLUDING A PROPERLY FILED NOTICE AND REQUEST FOR FINAL

(2. 2)

DISPOSITION UNDER I.A.D, F.S.941.45 ART. III. M.G.L.A. 276 § 11 THRU 22R

WHETHER THE "VOTE" WHICH TOOK PLACE. SEE EXHIBIT-"AA" WHERE THE PRISONER HAD
NO PERSONAL APPEARANCE AT OR BEFOREHAND BY HEARING AS TO BE AFFORDED BY LAW ¢ AN
ATTEMPT TO FUFILL A FINAL HEARING FAILS TO PROVIDE MINIMAL DUE PROCESS AS ABOVE AND:

"A HEARING REQUIRED BY DUE PROCESS MUST
BE AFFORDED BEFORE THE DECISION"
SEE ARMSTRONG V. MANZO 380 U.S. 545:
85 S.CT.1187:14 L.Ed.62 (1965)

AS DIRECTED BY THE ADMINISTRATIVE AGENCY VIA WARRANTS. SEE EXHIBIT-"W-1" AND THE
U.S. SUPREME CT. EXPLANATION OF MORRISSEY V. BREWER 92 S.CT, 2593 [1972] IT IS CLEAR
THAT SEVERAL PROVISIONS OF THE XIV AMENDMENT DID NOT TRANSPIRE HERE PERSONIFIED BY
THE FACT THAT THE AGREEING ENTITY F. P.C. ACTING ON BEHALF OF C.M.P.B. INITIATED NOTICE
(WHY THE CONTINUATION OF PROPER PROCEDURE DID NOT TAKE PLACE SEE HYSER V. REED 115 U.S.
APP. DC 254:318 F. 2d 225 (1963): GOLDBERG V. KELLY 397 U.S. AT 267-271: 90 S.CT. AT
1020-1022.25 L.Ed.2ND 287. "MORRISSEY" SUPRA NOR DID ANY REVOCATION HEARING WITH
THE RIGHT TO BE HEARD IN PERSON TAKE PLACE. MORRISSEY SUPRA AT 2603.2604: CHASE V.
PAGE 456 P.2d 590-594 (OKL. CRIM. APP. 1969).

IT IS ALSO WELL ESTABLISHED THAT IN THIS CASE THE PETITIONER HAS REPEATEDLY MADE
THESE REQUESTS WHICH ARE FAR BEYOND ANY REASONABLE CRITERIA TO ESTABLISH DISPOSITION
ON THE MATTER CAUSING HIM TO BE BURDENED BEYOND THE NORMALCY OF IMPRISONMENT FOR
UNRELATED CRIMES OR OFFENSES WHERE FLA. HAD ALREADY UTILIZED THE MASS. CONVICTION
TO INCREASE THE PENALTY FOR THE UNRELATED OFFENSE(S) IN SCORING IT AS "PRIOR RECORD".
SEE RULE 3.704 : AND 3.992(a) SEE EXHIBIT-"X-1" FLA. R. CRIM. P. COMBINED TO THE
OPPOSITE OR CONTRARY TO THE INTENT OF I.A.D. AND THE REASON FOR NOTICE AND REQUEST FOR
FINAL DISPOSITION. THE PRISONER HAS BEEN HINDERED AND SUFFERED THE BURDEN BY REDUCED
PROGRESS. AND PLACEMENT OF NEGATIVE RESTRICTIONS AS POINTED OUT.

WITH THE MAXIMUM MASS. PENALTY BEING _____

(AND WHETHER A 1ST. VIOLATION IN ANY MATRIX POSSESSED OR UTILIZED BY C.M.P.B. WARRANTS
THIS IS UNKNOWN). THE ARREST DATE OF NOVEMBER 3, 2000 COMBINED WITH NON COMPLIANCE
OF MINIMAL DUE PROCESS REQUIREMENTS AND THE FACT THAT BECAUSE OF THE DETAINER AND
FAILURE TO DISPOSE EXTENDED UNDUE PREJUDICE. HARDSHIP. AND HINDERANCE TO
PROGRESS STAGNATED AND PUNISHED THE PRISONER FOR THE ENTIRE FLA. TERM THUS FAR
AS AFORESTATED CAUSING THE PRISONER TO HAVE SUFFERED UNDER THE BURDEN OF THE
MASS. SENTENCE FOR A MAXIMUM PERIOD.

(23)

## MEMORANDUM I

IT IS APPARENT FROM EXHIBIT (S) "W-2" _____ THAT "OBJECTIVE SPECULATION" LEADS PETITIONER TO INCLUDE F.S. 941.13 . 941.14 WITH SUBSEQUENT F.S. 941.15 AS RESPONDENTS POSSIBLE DEFENSE. LEADING TOWARD A "FLORIDA ONLY" ACTION. WHILE REVIEWING KEEP IN MIND F.S. 941 IS TITLED "CORRECTIONS INTERSTATE COOPERATION" AND THERE HAS BEEN SHOWN FACIAL SUFFICIENCY WHERE FLORIDA WAS ACTING SOLELY UNDER THE PROVISIONS OF THIS STATUTE DIRECTLY PERTAINING TO MASSACHUSETTS ALLEGED OFFENSE . F.S. 941 IS ALSO NOT UTILIZED FOR ARREST UNLESS ANOTHER STATE IS INVOLVED AND IN THIS CASE M. G. L. A. 276 §§ 11 THRU 20 R IS THE COMPLIMENTARY MASSACHUSETTS LAW

ANOTHER IMPORTANT FACTOR OR IS THAT WHEN STATUTES ARE FOLLOWED AS JUDI--CIAL AND EXECUTIVE BRANCH ADMINISTRATIVE AGENCIES ARE BOUND AND RAISED IN MEMORANDUM I THE ENTIRE STATUTE MUST BE UTILIZED HARMONIOUSLY. IN OTHER WORDS WE SHOULDN'T USE ONE SUB-SECTION AND IGNORE OTHERS. THE EQUIVALENCE IS EXEMPLIFIED BY PREVENTION OF HEARINGS FOR DISPOSITION WHEN REPEATEDLY REQUESTED THEN PENALIZING THE PETITIONER WHEN IT IS THE RESPONDENTS WHO DENIED ESSENTIAL RIGHTS

ALSO THIS COURT NOT NEED BE REMINDED OF BASIC HABEAS CORPUS RIGHTS U.S. CONSTITUTION ARTICLE I SECTION 9. FLA. CONSTITUTION ARTICLE I SECTION 13. AND ACCOMPANYING PROVISIONS TO BAIL OR BOND U.S. CONSTITUTION AMENDMENT VIII . FLA. CONSTITUTION ARTICLE I SECTION 14   IT APPEARS THAT THE ABOVE PROVISIONS OF F.S. 941.13 AND /OR 941.14 WERE UTILIZED IN CONJUNCTION WITH F.S. 941.15 SUBSEQUENTLY RESULTING IN EXHIBIT "W-3" "COMMITTMENT WARRANT" TITLED "COMMITTMENT TO AWAIT REQUISITION BAIL ". F.S. 941.15 . THEN ALLOWS AN ARREST "PRIOR TO REQUISITION ". F.S. 941.13 . OR "ARREST WITHOUT WARRANT ". F.S. 941.14 TO BE SECURED BY THE COURT THROUGH THE ABOVE F.S. 941.15 ___ __ __ __ WITH FULL RIGHTS OF 941.16 BAIL CLEARLY SHOWING THE ARREST NUMERATION "00 – 32 FJ " WAS IN FACT BONDABLE CONTRARY TO DOCUMENTATION SEE EXHIBIT "W-3" BECAUSE THE MAXIMUM POSSIBILITY OF REMAINING SENTENCE (3-8 YEARS CASE #94-0573 . 1 THRU 5 ) WAS APPROXIMATELY 5 YEARS IF THE ALLEGATION PROVED TRUE AND RESULTED IN REVOCATION BY HEARING WITH THE RIGHT TO BE HEARD EQUALLY IMPORTANT TO THE ISSUE OF NO BAIL OR BOND AVAILABILITY NOR INFORM--ATION TO THE PETITIONER AS TO THE RIGHT OR DENIAL OF IT IS THAT F.S. 941 INCORPORATES THE RIGHT OF SUCH "ARRESTEES " AS WITH ALL ARRESTEES __ __ THE RIGHT TO CONTEST DETENTION AND CONFINEMENT. F.S. 941. 10. (M.G.L.A. 276. §19) LAYS THE GROUND WORK STATUTORILY MANDATED FOR SUCH INSTANCE. IN THIS CASE THE PETITIONER WAS DENIED THE SPECIFIC PROVISIONS TO PROCURE COUNSEL AND THE RIGHT TO BE INFORMED OF THE AVAILABILITY TO HABEAS CORPUS.

(47)

AND ACCEPTANCE OF THAT PETITION IF DESIRED. NOTING THE PETITIONER WAS NOT ACTUALLY INFORMED AS TO WHETHER AFTER ARREST ON 11/6/00 AND VIDEO COURT (FROM JAILHOUSE TO COURTROOM) 12/1/00 HE WAS RE-HELL (F.S. 941.15-.17) OR ACTUALLY UNDER REQUISITION/DEMAND BY THE GOVERNOR OF MASS. AS TO NOT ENTER INTO OTHER PROVISIONS DENIED SUCH AS PRELIMINARY "MORRISSEY" NOTICE ONLY AND NO SUBSEQUENT HEARING AS DISCUSSED IN MEMORANDUM IV AFTER TEMPORARY WAIVER. AND PLAINTIFF'S PROPER NOTICING OF ACTING AUTH-ORITATIVE AGENT (FLORIDA PAROLE COMMISSION) UPON DISPOSITION.

AN OVERVIEW SHOWS MANY OF THE DERROGATORY ASPECTS OF INTERSTATE AGREEMENTS F.S. 941. M.G.L.A. 276. §§ 11 THRU 2D R. "MORRISSEY" NOTICE ONLY. WITHOUT FUNDAMENTAL ESSENTIAL DUE PROCESS PROVISIONS AND PROTECTIONS. ATTEMPTING TO RENDER FURTHER PENALTY YEARS LATER WHEN THE PETITIONER WAS ACTUALLY ARRESTED 11/6/00  SOLELY DUE TO MASSACHUSETTS CASE #94-D573. (1 THRU 5) SUSPECTED PAROLE VIOLATION THAT NEVER HAS AFORESTATED BAIL. HABEAS CORPUS PROVISIONS. MORRISSEY HEARING (PRELIMINARY) OR REVOCATION BY HEARING WITH THE RIGHT TO BE HEARD AND PRESENT WHEREAS ALL WERE CONSISTENTLY PREVENTED.

## RELIEF REQUESTED

WHERE FORE ; PETITIONER PRAYS FOR THE FOLLOWING RELIEF ;

1) A DECLARATION OF RIGHTS BE MADE BY THE COURT UPON EACH CAUSE HEREIN STATED.
2) A) A PRE EMPTORY WRIT OF MANDAMUS BE ISSUED DIRECTING THE DEFENDANTS COM-
   - PLIANCE WITH THE RULES CONCERNING ___ F.S. 947 _____ PAROLE
   VIOLATION WARRANT PRELIMINARY HEARING.
2) B) PROCESSING I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION DUE TO
   NO F.A.C. OR F.D.C. RULE CONTRARY AND IN COMPLIANCE WITH FLA. STATUTES
   941.56 & 941.45 . DUE PROCESS AND THE REQUIREMENTS OF LAW AS APPLIED
   TO THE FACTS OF THE CASE.
3) AN ORDER INCLUSIVE TO THE WRIT REQUIRING DEFENDANTS TO REVERSE THE DECISION
   FOR REFUSAL TO PROCESS I.A.D. WRITTEN NOTICE AND REQUEST FOR FINAL DIS-
   - POSITION ; FURTHER INSTRUCTION TO PROCESS PROPERLY SUBMITTED NOTICE
   REQUEST ; AND FOR PAROLE COMMISSION TO HOLD HEARING ESTABLISHING CRE-
   - DIT FOR PETITIONER TOWARDS SUBSEQUENT PENALTY IF APPLICABLE DUE TO
   DEPARTMENTS DELAY.
   4) ALL COSTS ASSOCIATED WITH THE EXPENSE OF THIS ACTION INCLUDING COURT COST,
   SERVICE CHARGES , IF APPLICABLE DELIVERY ; COPIES AND OTHER COSTS AS
   APPLICABLE.

RESPECTFULLY SUBMITTED,

_/ 1 / 7 /05_
D ATE

ROGER PELLAND

EXHIBIT D

UNIVERSAL APPENDIX

BELONGS TO PETITION SUPERIOR
COURT; IT IS ALSO UNIVERSAL
AND WAS UTILIZED IN TAYLOR
AND LEON Co FLORIDA.

EXHIBIT D

IN THE SUPERIOR COURT
IN AND FOR NORFOLK COUNTY
AND THE COMMONWEALTH OF MASSACHUSETTS

ROGER PELLAND,
    PETITIONER,

CASE NO.: NOCV2005-00633

V.

THE COMMONWEALTH OF MASSACHUSETTS,
EXECUTIVE OFFICE OF PUBLIC SAFETY,
PAROLE BOARD,
    RESPONDENT,

# "APPENDIX"

# TABLE OF CONTENTS

CONTENTS:

PAGE(S) NO.:

EXHIBIT-A ) ARREST AFFIDAVIT _____ 28
EXHIBIT-B ) CERTIFICATE OF DISCHARGE OF BOND _____ 29
EXHIBIT-C ) NOTICE OF PRELIMINARY HEARING _____ 30
EXHIBIT-D ) WAIVER _____ 31
EXHIBIT-E ) IDENTIFICATION OF PAROLE EXAMINER _____ 32
EXHIBIT-F ) ENVELOPE _____ 33
EXHIBIT-G ) LETTER FROM CLASSIFICATION AT LAKE BUTLER, FLORIDA _____ 34
EXHIBIT-H-1 ) LETTER FROM STATE OF MASS., PAROLE BOARD _____ 35
EXHIBIT-H-2 ) LETTER TO STATE OF MASS., PAROLE BOARD _____ 36
EXHIBIT-H-3 ) LETTER CON'T. FROM H-2 _____ 37
EXHIBIT-H-4 ) LETTER CON'T. FROM H-2 _____ 38
EXHIBIT-I ) REQUEST TO CLASSIFICATION _____ 39
EXHIBIT-J ) REQUEST TO CLASSIFICATION _____ 40
EXHIBIT-K ) REQUEST TO CLASSIFICATION _____ 41
EXHIBIT-L ) REQUEST TO CLASSIFICATION _____ 42
EXHIBIT-M ) LETTER FROM STATE OF MASS., PAROLE BOARD _____ 43
EXHIBIT-N-1 ) LETTER TO MS. KOZAT _____ 44
EXHIBIT-N-2 ) LETTER CON'T. FROM N-1 _____ 45
EXHIBIT-N-3 ) LETTER CON'T. FROM N-1 _____ 46
EXHIBIT-N-4 ) LETTER CON'T. FROM N-1 _____ 47
EXHIBIT-O ) LETTER FROM STATE OF MASS., PAROLE BOARD _____ 48
EXHIBIT-P ) REQUEST TO CLASSIFICATION _____ 49
EXHIBIT-Q ) REQUEST TO MEDICAL _____ 50
EXHIBIT-R ) REQUEST TO CLASSIFICATION _____ 51
EXHIBIT-S-1 ) LETTER TO STATE OF MASS., PAROLE BOARD _____ 52
EXHIBIT-S-2 ) LETTER CON'T. FROM S-1 _____ 53
EXHIBIT-T-1 ) REQUEST TO WARDEN AT TAYLOR INSTITUTION, PERRY, FLORIDA _____ 54
EXHIBIT-T-2 ) WRITTEN NOTICE AND REQUEST_____ 55
EXHIBIT-T-3 ) CON'T. FROM T-2 _____ 56
EXHIBIT-T-4 ) CON'T. FROM T-2 _____ 57
EXHIBIT-T-5 ) REQUEST TO CLASSIFICATION _____ 58
EXHIBIT-T-6 ) REQUEST TO CLASSIFICATION _____ 59
EXHIBIT-T-7 ) GRIEVANCE (FORMAL) _____ 60
EXHIBIT-T-8 ) GRIEVANCE RESPONSE _____ 61
EXHIBIT-T-9 ) GRIEVANCE (FORMAL) _____ 62

(26)

## TABLE OF CONTENTS – CON'T.

CONTENTS :                                                                                  PAGE (S) NO. :

EXHIBIT–T-1) GRIEVANCE (FORMAL) _____ 62A
EXHIBIT–U) PROCEDURE INFORMATION _____ 63
EXHIBIT–V) LETTER TO FLORIDA PAROLE COMMISSION (F.P.C.) _____ 64
EXHIBIT–W) RECEIVED LETTER ON 2/1/05 FROM MARTIN COUNTY SHERIFF DEPT. "THE WARRANT" ____ 65
EXHIBIT–W-1) RECEIVED FACSIMILE TRANSMISSION COVER SHEET ON 2/1/05 _____ 66
EXHIBIT–W-2) LETTER FROM MARTIN COUNTY SHERIFF DEPT. "COMPLAINT" _____ 67
EXHIBIT–W-3) LETTER FROM MARTIN COUNTY SHERIFF DEPT. "COMMITMENT WARRANT" _____ 68
EXHIBIT–X) CRIMINAL PUNISHMENT CODE "FLORIDA" _____ 69
EXHIBIT–X-1) CON'T FROM X _____ 70
EXHIBIT–Y) LETTER FROM STATE OF MASS., PAROLE BOARD _____ 71
EXHIBIT–Z) REPLY TO MR. LA FRATTA LETTER _____ 72
EXHIBIT–Z-1) CON'T FROM Z _____ 73
EXHIBIT–AA) LETTER FROM MR. DONALD LA FRATTA CONCERNING "MEETING" _____ 74

"EXHIBIT-A"

# ARREST AFFIDAVIT

COURT DOCKET NO.

1.

2.

| Fingerprinted | By |
| ☐ Identification Only | ☐ AFIS |
| ☐ Criminal | |

DEFENDANT NAME (LAST, FIRST, MIDDLE): PELLAND, ROGER W

CHECK TRUE NAME ☐→

A.K.A. ☐ →

FBI NO.

FDLE NO.

ARR. AGENCY ORI. NO.

FLO / Y3190101O

OBTS NO. Y130110091111

JOOKING OFFICER

JAIL NUMBER

LOCAL CASE NO.

DATE OF BIRTH: 12/05/52

PERMANENT ADDRESS / STREET NO.  STREET NAME  CITY  PHONE
3290 Aster W. # D258  Stuart Fl 3199411/2

STATE  ZIP CODE  CNTY

DEFENDANT REQUIRED TO APPEAR IN CIRCUIT COURT

ON ___

AT ___  AM/PM

SEX M  HEIGHT 507  WEIGHT 160  RACE W-1 B O  N

EYE COLOR: BLK BRN GRN MAR (UNK) BLU GRY HAZ PNK

HAIR COLOR: BAL BLN GRY RED (UNK) BLK BRO WHI SYN

SOCIAL SECURITY NUMBER: 011849292612

OCCUPATION OR EMPLOYER

DISTINGUISHING MARKS

DEFENDANT REQUIRED TO APPEAR IN COUNTY COURT

ON ___

AT ___  AM/PM

| ARREST DATA → | DATE 11/03/00 | MILITARY TIME 1530 | SECTOR 2-4 | STREET 3290 Aster Ln #D258 | CITY Stuart | STATE Fl | CNTY V/2 |
| OFFENSE DATA → | DATE 1/01/29/00 | MILITARY TIME — | SECTOR | STREET MASSACHUSETTS | CITY | STATE Fl | CNTY V/2 |

| Weapons Seized/Type 1. Yes ☐ 2. No ☐ | Residence Type 1. City 3. Florida 2. County 4. Out-of-State | Activity N N/A P Possess | S Sell B Buy T Traffic | R Smuggle D Deliver E Use | K Dispense/ Distribute | M Manufacture/ Produce/ Cultivate | Z Other |

CHARGE STATUS

| | Indication of: Alcohol Influence Drug Influence | Y | N | Unk | Citizenship US | Activity N N/A A Amphetamine | B Barbituate C Cocaine E Heroin | H Hallucinogen M Marijuana O Opiur vDeriv | P Paraphernalia/ Equipment S Synthetic | U Unknown Z Other |

☐ PC ☐ CAPAIS ☐ BW ☐ FW ☐ PW ☐ Juv ☐ PU ☐ CITATION    CHARGE/STATUTE NO.

IF DRUGS

| SEQ NO. | FELONY | FEL TRAF | MISD | MISD TRAF | ORD | OTHER | CHARGE | ACTIVITY | TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 1. | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | Fugitive - St. of MASS. | | |
| 2. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | (Armed Robbery # CO1057794) | | |
| 3. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |
| 4. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |
| 5. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |
| 6. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |

DEFENDANT'S COPY

PRINCIPAL ARRESTING OFFICER / AGENCY (PRINT): Dt Dougherty MCSO

OFFICER ID NO. 1311/892

BONDSMEN / SURETY NAME

BOND AMOUNT: none

CO-DEFENDANT'S (LAST, FIRST, MIDDLE)

VICTIM'S NAME: St of Fl

## SUMMARY OF OFFENSES AND PROBABLE CAUSE AFFIDAVIT

The above named defendant was arrested for the following reasons;

**PROBABLE CAUSE**

The def. was arrested as a fugitive from Mass for the charge of Violation Parole - Armed Robbery - Mass. Counts no bond

The preceding is true to the best of my present knowledge or belief.

Signature ___ 1311/892

Sworn & Subscribed before me this ___ day of ___ 19 ___

NOTARY / ASA ___

My commission expires ___

*Sequence number taken from fingerprint card containing (nq)

*EXHIBIT-B"*

**APPEARANCE BOND**

SEND ALL COURT NOTICES TO:

NO. A06 - 1339cmg

**STATE OF FLORIDA**

vs.

TRANSFER BOND EXECUTED FOR:

Roger Pellnd _____ Principal

In The _____ oun _____ Court

_____ County

STATE OF FLORIDA

KNOW ALL MEN BY THESE PRESENTS: That we _____ Ogol Pellns _____ as principals and
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, an Insurer authorized to do business in the State of Florida, as surety are held and
firmly bound unto the Governor of the State of Florida, and his successors in office, the said principal, in the

sum of $ _____ 500 _____ and the said surety for a like amount, for the payment whereof well and truly to be made we bind
ourselves, our heirs, executors, administrators and assigns firmly by these presents.

Signed and sealed this _____ 24 _____ day of _____ Oct _____ A.D.; 2000 ;

The condition of this obligation is such that if the said principal shall appear on _____ Nov _____ 20 _____ 2000 .

at the next Regular or Special term of the _____ oun _____ Court and shall submit to the said Court to answer a

charge of _____ On Pel _____ and shall submit to orders and
process of said Court and not depart the same without leave, then this obligation to be void, else to remain in full force and virtue. This bond is not
valid for pre-sentence investigation, pre-trial intervention or countermeasure program unless specifically authorized by surety.

TAKEN BEFORE ME AND APPROVED BY ME

X _____

_____ (L.S.)

(PRINCIPAL)

By _____ D.S.
NATIONAL SURETY SERVICES of FLORIDA Inc.
*Managing General Agent*
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA
1575 N.W. 14th Street, Miami, Florida 33125

(ATTORNEY-IN-FACT) (SURETY)

I, _____ am a duly licensed bail bondsman pursuant to chapter 903, Florida Statues, or a duly licensed
general lines agent pursuant to Part-II of chapter 626, Florida Statutes, and have registered for the current year with the Sheriff and Clerk of the Circuit Court of the aforesaid
county, and have filed a certified copy of my appointment by Power of Attorney for the Surety with the office of the Sheriff and Clerk of the Circuit Court of the aforementioned
County.
That
Principal _____ Address: _____

has (given or promised to give) the sum of _____ ($ _____ ) Dollars as consideration for Bail Bond # _____

filed with the Clerk of the _____ located in _____ together with the (promise or receipt) or security belonging

to _____

as follows: (Detail description of Property) _____

That a duly signed receipt has been given to the said _____ (Principal) for the consideration given and/or that the

said _____ (name) has (also been) given a receipt for the security described above.

(Bondsman) _____ Name _____ Roennal _____ Address _____ P.O. Box 4114

---

**AMERICAN BANKERS INSURANCE CO. OF FLORIDA**
**CERTIFICATE OF DISCHARGE OF BOND**

Case Number _____ Bond Amount _____ 500 .  Power No. | A06 - 1339408

Defendant _____ Roger Pellns d _____ oun tr _____ Court

This is to certify that on or about the _____ day of _____ 19 _____

I examined the records of _____ and found that the bond with corresponding

power number has been discharged of record by reason of the following disposition _____

Person rendering decision _____

COURT COPY

date of Discharge _____ Witness my hand and official seal this

EXHIBIT B

```
10/11/2000  ANGELOS CYNTHIA G
10/11/2000  NTC OF DISC AND DEMAND FOR BRADY MATERIAL
10/11/2000  WPNG, WVR ARN REQ. JRT BY PD GOODMAN
10/11/2000  DOCKET SOUNDING SET FOR 11/14/2000 AT 10:30 IN F03/,
10/11/2000  JDG: ANGELOS CYNTHIA G
10/12/2000  DEFENSE ATTY: GOODMAN JEFFREY ASSIGNED
10/16/2000  ORD APPOINTING MENTAL HEALTH EXPERT W/RESPECT TO THE
10/23/2000  SURETY BOND A311339658 POSTED 20000.00
10/24/2000  CAPIAS EXECUTED MARTIN COUNTY SHERIFF By POKRANDT
10/24/2000  SURETY BOND A061339408 POSTED 500.00
10/30/2000  DEMAND FOR NTC OF ALIBI,DEMAND FOR RECIP DISC
11/03/2000  SURETY BOND A311339658 RELEASED 20000.00
11/03/2000  SURETY BOND A061339408 RELEASED 500.00
11/06/2000  SURRENDER BY CARROLL COLLINS/NO TRANS COSTS
11/14/2000  NTC OF TAKING DEPO
11/14/2000  NTC OF TAKING DEPO OF LAW ENFORC OFF
11/14/2000  DOCKET SOUNDING SET FOR 02/12/2001 AT 09:30 IN F03/,
11/14/2000  JDG: JOHN E FENNELLY
11/14/2000  CONT,WAIVE ARN ON CT. 2,
11/21/2000  RTN OF SERV ZENELOVIC
11/21/2000  RTN OF SERV JACQUES
11/21/2000  RTN OF SERV FARNHAM
11/22/2000  JUDGE JOHN E FENNELLY ASSIGNED
12/08/2000  WSUP RTND BANISTER
12/08/2000  WSUP RTND HILLMAN
12/20/2000  STATE'S DISC EXHIBIT
01/10/2001  NTC OF TAKING DEPO
01/23/2001  WSUP RTND BANISTER
01/23/2001  WSUP RTND CARUSO
01/24/2001  PRAE WSUP ISSUED
01/25/2001  WSUP RTND BANISTER
01/25/2001  WSUP RTND CARUSO
01/29/2001  WSUP RTND LANG
01/29/2001  WSUP SRVD SUB JAQUES
01/29/2001  WSUP SRVD SUB ZENELOVIC
01/29/2001  WSUP SRVD SUB FARNHAM
02/01/2001  WSUP RTND CARUSO
02/01/2001  WSUP RTND HILLMAN
02/01/2001  WSUP RTND BANISTER
02/05/2001  WSUP SRVD SUB LANG
02/12/2001  JURY TRIAL SET FOR 02/19/2001 AT 12:00 IN F03/,  JDG:
02/12/2001  JOHN E FENNELLY
02/12/2001  DA MOT CONT
02/16/2001  NTC INTENT SEEK ENHANCED PENALTIES
02/19/2001  JURY TRIAL SET FOR 03/05/2001 AT 09:30 IN F03/,  JDG:
02/19/2001  JOHN E FENNELLY
02/19/2001  JOINT MOTION CONT: SET FOR 3RD WK OF TRIAL
02/23/2001  STATE'S DISC EXHIBIT
02/23/2001  NTC INTENT OFFER EVIDENCE OF OTHER ACTS
02/27/2001  CERT CST BY PD BARBARA SCHOPP 84.00
03/05/2001  STATE'S DISC EXHIBIT
03/05/2001  SNH BY FURTHER ORDER/PLEAD NC AS CHARGED/PRES W/ATTY
03/05/2001  WRITTEN PLEA PACKET FILED
03/05/2001  SCORESHEET
03/07/2001  CERT CST BY PD BARBARA SCHOPP 84.00
04/01/2001  SEALED****PSI*****
05/02/2001  SENTENCE HEARING SET FOR 05/03/2001 AT 02:30 IN F03/,
05/02/2001  JDG: BEN L BRYAN
05/04/2001  DEFENDANT ENTERED PLEA OF NOLO CONTENDERE 1,2
```

"*EXHIBIT-C*"

# FLORIDA PAROLE COMMISSION



## NOTICE OF PRELIMINARY HEARING

Name: KELLAND, Roger                                    DC #:  FL# D87604

                                                       MASS# W057794

Date: _____                         Time: _____

Location:  Martin County Jail, Stuart,         Florida

You are hereby notified that a preliminary hearing will be held, as indicated above, to determine if there is a probable cause or reasonable grounds to believe that you have committed acts which would constitute a violation of your parole or mandatory conditional release conditions.

If you waive your right to a preliminary hearing, this does not affect your right to have a revocation hearing before the Commission upon your return to the Reception and Medical Center of the Department of Corrections.

You are charged with having violated the conditions of your parole or mandatory conditional release upon the following grounds:

Violation of Condition (1), Order of Parole, in that you did, in Martin County, Florida, on September 4, 2000, disobey state law by unlawfully and forcibly, by threat, or secretly confine, abduct, imprison or restrain the person of Pat Hillman without lawful authority and against her will, in violation of Florida Statute 787.02(1)(b) and not conduct yourself in the manner of a responsible citizen.

Violation of Condition (1), Order of Parole, in that you did, in Martin County, Florida, on September 4, 2000, disobey state law by unlawfully entering or remaining a certain dwelling, to-wit: an apartment, the property of Pat Hillman, as owner or custodian, with the intent to commit an offense therein, and in the course of committing the burglary you committed upon Pat Hillman, in violation of Florida Statute 810.02(1)(a).

Violation of Special Condition (b), Order of Parole, In that you did, in Martin County, Florida, on September 4, 2000, violate the special condition of liquor abstinence by consuming an alcoholic beverage as attested by the victim, Pat Hillman, and Detective Zenelovic of the Stuart Police Department.

I hereby acknowledge, having been notified by the FLORIDA PAROLE COMMISSION, that the above referenced parole/mandatory conditional release alleged violator is scheduled for a Preliminary Hearing at the above indicated date, time and location.

_____              _____
            Signature                                       Date

"EXHIBIT D"                                                              ITCI·

# FLORIDA DEPARTMENT OF CORRECTIONS

## INTERSTATE COMPACT

### WAIVER OF PRELIMINARY HEARING WITH ADMISSION OF GUILT

PAROLEE: _Roger Dellond_     DC# _605779_

A report of parole violation has been prepared alleging that the parolee whose name and number appear above has violated parole. I have advised the parolee that a Preliminary Hearing may be held to determine if there are facts that establish a violation of parole and to receive any evidence or argument that the parolee wishes to offer. I have advised the parolee that (s)he may be represented by an attorney, may call witnesses to testify at the hearing, may present their written statements or may present any documents or evidence, and may confront or cross-examine witnesses testifying against the parolee, (unless the hearing officer finds good cause for not allowing confrontation).

1. I, _____ have been advised of the alledged violations and hereby waive a Preliminary Heaing because I am guilty of violating Parole Condition(s) _____.

2. I, _____ request that I be afforded a Preliminary Hearing.

③ I, _Roger Pelland_ request a continuance of the Preliminary Hearing until after disposition of pending charges. I further waive the thirty (30) day time constraint to have a Preliminary Hearing.

④ I, _Roger Pelland_ acknowledge that it is my responsibility to contact _Shelia Roberts_ at _(561) 851·5130_ within two (2) working days following disposition of pending charges.

Note: Please choose one of the first (3) alternatives listed above and indicate your choice by writing your name in the appropriate place. Should you choose #3 you will need to acknowledge #4 by writing your name in the space provided.

_____      _12/12/00_
Signature of Parolee      Date

_____      _12/12/00_
Florida Parole Examiner      Date

Cc:    DC Interstate Compact
      FPC Field Services
      Parolee
      File



"EXHIBIT E"



### Florida Parole Commission

**SHEILA H. ROBERTS**
Parole Examiner

Florida Parole Commission
Elisha Newton Dimmick Bldg.
111 Sapodilla Avenue, Suite #203
West Palm Beach, FL 33401-5292

Telephone: (561) 837-5128
SunCom: 252-5128
Fax: (561) 837-5313
E-Mail: sheilaroberts@fpc.state.fl.us

"EXHIBIT - F"

ROGER PELLAND 0-D87C
JORTH FLORIDA RECEPTION CENTER — FORWARD EXPIRED
P.O. BOX 628 WEST UNIT
LAKE BUTLER, FLORIDA
         32054-0628    QH12102

DEPARTMENT OF CORRECTIONS
100 CAMBRIDGE ST. 22Nd FLOOR
     BOSTON, MA. 02202

LEGAL MAIL

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

(33)

"EXHIBIT-C"

NORTH FLORIDA RECEPTION CENTER
LAKE BUTLER, FLORIDA

DATE:            JULY 10, 2002

INMATE NAME:     PELLAND, ROGER

INMATE NUMBER:   D87064

BED LOCATION:    E2117L (MU)

=========================================================

THIS IS IN RESPONSE TO YOUR REQUEST TO CENTRAL OFFICE REQUESTING ADDRESS FOR
INTERSTATE COMPACT OFFICE IN MASSACHUSETTS.  MR. PORTER'S OFFICE PROVIDED THE
FOLLOWING ADDRESS:

                  MA PAROLE BOARD
                  ATTN: DON LAFRATTA
                  27 WORMWOOD STREET, SUITE 300
                  BOSTON MA 022210-1606.

*NOTE YOUR VOP IS NOT COVERED UNDER THE IAD.

RONALD M. TADLOCK, WARDEN

KAREN E. JENKINS
Classification Officer

CC:INMATE FILE

(34)

"EXHIBIT-H-1"



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Parole Board*

Jane Swift
*Governor*

James P. Jajuga
*Secretary*

*27 Wormwood Street, Suite 300*
*Boston, Massachusetts 02210-1606*
*Telephone 617-727-3271   Facsimile 617-727-5047*



Michael J. Pomarole
*Chairman*

Timothy F. App
*Executive Director*

September 18, 2002

Taylor Correctional Institution
8515 Hampton Springs Rd.
Perry, FL 32348
Attn: Records Supervisor /Institutional Case Worker

RE:   Roger Pelland
OUR:  W-57794
YOUR: W-057794/D87064

Dear Sir:

The subject is a Massachusetts parole violator. We understand that he is serving a FL sentence at your facility for a crime committed on MA parole. He is asking us to withdraw our parole violation warrant.

The subject's petition, his letter is enclosed, is based on his desire to never return to MA and to allow him to participate in beneficial programs in the FL prison system. He also cites his poor health as a compelling reason for this extraordinary request.

Kindly forward to us, in order that we may consider this matter, information on the subject's sentencing data including the dates on his FL commitment, his institutional adjustment and pertinent information on his health. We would also request confirmation that our warrant is lodged, along with your recommendation concerning its withdrawal.

Upon receipt of the above requested information, we will present case to our Board and advise you accordingly.

Thank you, and be assured of our cooperation in matters of mutual interest.

Sincerely,

Donald LaFratta (rv)

Donald LaFratta
Deputy Compact Administrator

cc: Roger Pelland





"EXHIBIT H-2"

SEPTEMBER 2002

ROGER PELLAND 0-D87064
TAYLOR CORRECTIONAL INSTITUTION
8515 HAMPTON SPRINGS ROAD
PERRY, FLORIDA 32348

MA PAROLE BOARD
ATTN: DON LAFRATTA
27 WORMWOOD STREET, SUITE 300
BOSTON, MA 02210-1606

RE: INMATE # W057794

DEAR SIR,
    I AM WRITTING THIS LETTER IN REGARDS TO
THE STATUS OF MY PAROLE IN MASSACHUSETTS.
IN SEPTEMBER, 1999 MY PAROLE WAS TRANSFERED
TO FLORIDA. UNFORTUNATELY, WHILE IN FLORIDA, I
WAS FOUND GUILTY OF FALSE INPRISONMENT AND
A MISDEMEANOR BATTERY, FOR WHICH I RECIEVED
A SENTENCE OF 66.9 MONTHS ON 5MAY 2001.

    PRIOR TO MY CONVICTION I WAS OUT ON BOND
WHEN I WAS ARRESTED ON 11-03-00 AS A
FUGATIVE. SEE ATTACHED COPY. I LEARNED I HAD
HOLD PLACED AGAINST ME BY MASSACHUSETTS FOR
PAROLE VIOLATION WHICH, OF COURSE, WAS A
NON-BONDABLE HOLD. UPON MY SENTENCE AND
FLORIDA DEPARTMENT OF CORRECTIONS INCAR-
SERATION I FOUND THIS HOLD STILL IN PLACE.
I HAD WRITTEN A LETTER IN JULY 2001 TO THE
MASS. D.O.C. (SEE ENCLOSED) TO TRY TO REMEDY

"EXHIBIT - H-3"

THIS SITUATION, BUT AS THE ADDRESS I HAD WAS RETURNED AS NON-DELIVERABLE I WAS UNABLE TO CONTACT YOUR OFFICE. THE ADDRESS I HAVE NOW ATTAINED WILL ALLOW ME TO ADDRESS THE MATTER OF YOUR HOLD. THE HOLD IS PLACING A HARDSHIP AGAINST ME BECAUSE OF MY INABILITY TO PARTICIPATE IN PROGRAMS SUCH AS WORK-RELEASE OR A HALF-WAY HOUSE PROGRAM THAT WOULD FACILITATE MY RE-ENTERING SOCIETY.

I AM ASKING THAT YOU ACCEPT MY PLEA OF GUILTY AS TO THE PAROLE VIOLATION IN ABSENTIA AND VIOLATE MY PAROLE AND START MY VIOLATION. BECAUSE OF THE LENGTH OF MY FLORIDA SENTENCE AND THE HEALTH ISSUES I WILL LIST BELOW I AM MAKING THIS REQUEST TO YOU FOR MY BENEFIT AS WELL AS AN EFFORT TO CONSOLIDATE ALL MY LEGAL PROBLEMS TO THE STATE OF FLORIDA BECAUSE OF MY HEALTH PROBLEMS AND PERSONAL ISSUES, I HAVE NO PLANS TO EVER RETURN TO THE GREAT STATE OF MASSACHUSETTS AND I AM ONCE AGAIN STRESSING MY APPRECIATION FOR ANY AND ALL EFFORTS ON YOUR PART TO END MY MASS. HOLD AND ALLOW MY PARTICIPATION IN PRE-RELEASE PROGRAMS PROVIDED BY THE STATE OF FLORIDA.

(37)

"EXHIBIT-H-4"

IN ADDITION TO MY LEGAL PROBLEMS, I
HAVE ALSO DEVELOPED A POTENTIALLY LIFE
THREATENING LUNG DISORDER. I HAVE HAD
A MILIGNANT GRAPEFRUIT SIZE TUMOR
AND HALF OF MY LEFT LUNG REMOVED. IF
MY LUNG DISORDER BECOMES TERMINAL THE
FLORIDA D.O.C. WILL RELEASE ME SIX MONTHS
PRIOR TO MY DEMISE. HOWEVER, IF MASS.
STILL HAS A HOLD ON ME, I WILL NOT
BE RELEASED TO MY FAMILY BUT TO YOUR
JURISDICTION. THIS IS ANOTHER REASON
WHY I AM HOPING TO HAVE MY PAROLE
SITUATION RESOLVED. I HOPE YOU CAN
UNDERSTAND MY DILEMNA AND WILL
EXPEDITE WHATEVER PAPERWORK
NECESSARY TO COMPLETE PROCESS.
I LOOK FORWARD TO YOUR RESPONCE

SINCERELY,

CC: FILE

(38)

"EXHIBIT-I"



**INMATE REQUEST**

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number:

Team RECEIVED
Institution:

SEP 2 5 2002

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☒ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☐ Other TAYLOR CI<br>CLASSIFICATION |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | PELLAND, ROGER | D87064 | H1214L | ISG | 9-25-02 |

## REQUEST

MS. VERNS,
    ON TODAY'S DATE, I RECIEVED A LETTER FROM THE
MA. PAROLE BOARD. IT IS OF GREAT IMPORTANCE TO ME
AND I REQUEST AN APPOINTMENT WITH YOU TO DIS-
CUSS THIS ISSUE.

SINCERELY
Roger Pelland

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                     DATE RECEIVED: 9/30/02

an appointment will be
scheduleed next weel.
Watch the call out.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____    Date: 7/30/02

Distribution:    White    -Returned to Inmate    Pink    -Retained by official responding, or if the response is to an
            Canary    -Returned to Inmate    (39)    informal grievance then forward to be placed in inmate's file.

EXHIBIT "J"

STATE OF FLORIDA

# INMATE REQUEST

DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number: ~~RECEIVED~~
Team Number:
Institution: JAN 2 2 2003
TAYLOR CI
CLASSIFICATION

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☒ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | PELLAND ROGER | D87064 | H1214L | PC SCOPP | 1-21-03 |

## REQUEST

MS. BURNS,

ON 1-14-03 you & I SPOKE OF MS. COLAT, MASS. DOC, SENDING A REQUEST FOR MY MEDICAL RECORDS. THE FOLLOWING MORNING I SENT AN INMATE REQUEST TO MS. BLUM. HER REPLY TODAY WAS THAT SHE HADN'T RECIEVED THAT REQUEST AS OF YET. PLEASE LOOK INTO THIS SITUATION FOR ME WITH MS. COLAT.

THANK YOU FOR YOUR TIME & EFFORT.

SINCERELY

Roger Pelland

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

### DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: 1-23-03

Forward to Medical Main Unit 1/22/03

watch for call out

The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 1/26/03 |
|---|---|

Distribution:   White   -Returned to Inmate
Canary   -Returned to Inmate

-Data Forgey
-Rewards Supervisor
-Retained by official responding, or if the response is to an
-educational institution informal grievance then forward to be placed in inmate's file.

(40)



" *EXHIBIT - K* "

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

(Instructions on Back)

RECEIVED

FEB 05 2003

TAYLOR CI
CLASSIFICATION

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☒ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | PELLAND, ROGER | D87064 | H1214L | PC SUPP | 2-4-03 |

**REQUEST**

MS. BURNS,
PLEASE FURNISH ME WITH THE ADDRESS OF MS. CATHY COZAT,
MASS. DOC.

Sincerely
Roger Pelland

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

─────── **DO NOT WRITE BELOW THIS LINE** ───────

**RESPONSE**                                    DATE RECEIVED: 2/10/03

The Commonwealth of Massachusetts
Executive Office of Public Safety
Parole Board
27 Wormwood Street, Suite 300
Boston, Massachusetts
02210-1606

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 2/10/03 |

Distribution:   White   -Returned to Inmate      Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate      (41)   informal grievance then forward to be placed in inmate's file.



*"EXHIBIT - L"*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

(Instructions on Back)

Mail Number:
Team Number:
R E̶S̶T̶O̶R̶ED

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☒ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | FEB 1 9 2003<br>☐ Other<br>TAYLOR C.I.<br>CLASSIFICATION |
|---|---|---|---|---|

| FROM: | Inmate Name<br>PELLAND ROGER | DC Number<br>D87064 | Quarters<br>H13/4L | Job Assignment<br>PC SUPP | Date<br>2-18-03 |
|---|---|---|---|---|---|

**REQUEST**

M.S. BURNS,

I'VE THOUGHT ABOUT THE PREDICAMENT I'M IN, MASS. D.O.C.
REQUESTED ALL THE PAPERWORK FROM YOU. MY QUESTION IS, IS THERE
A WAY YOU CAN REQUEST A COPY OF MY MEDICAL RECORDS FROM THE
MEDICAL DEPT., I SIGN THE RELEASE FORM FOR IT, AND YOU CAN
SEND THEM TO MS. COZAT. I'VE BEEN TRYING FOR A YEAR + HALF
TO CLEAR UP THIS SITUATION AND IT SEEMS I'M STILL AT THE
STARTING GATE. AS AN ELDERLY OFFENDER I WISH TO TRANSFER
TO RIVER JUNCTION, BUT I CANNOT WITH THE HOLD MASS.
HAS ON ME. PLEASE HELP ME.

Sincerely

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                          DATE RECEIVED: 2/19/03

you must work this out with
medical.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____                    Date: 2/19/03

Distribution:   White   -Returned to Inmate       Pink   -Retained by official responding, or if the response is to an
               Canary  -Returned to Inmate               informal grievance then forward to be placed in inmate's file.

*EXHIBIT-M"*

March 5, 2003

Kathy Kozak
The Commonwealth of Massachusetts
Executive Office of Human Services
Parole Board
27-43 Wornwood Street, Suite 300
Boston, Massachusetts 02210-1606

Dear Madam:

After appropriate counseling, inmate has signed consent form
for release of information regarding his medical conditions.
To the best of my knowledge, inmate has:
1. Lung cancer.  He underwent surgical resection of the left
   lower lobe, radiation and chemotherapy in year 2001.
2. Hepatitis C Ab (+). He had had this long before contracting
   lung cancer; he had been treated with Alpha-interferon.
3. Diabetes mellitus. He's been treated with insulin.

   Currently, he appears healthy; all his conditions appear
   stable except for the liver function tests, which are
   still abnormal.
   His weight 162 (Which is average for 5"08" tall man); his
   vital signs are good, BP 130/74 pulse 64/min respiration
   18/min temperature 984 today.

   Recent tests (CT scan of the chest, bone scan, chest
   XR's) showed no recurrence of cancer or metastases.
   However, he complains of mid chest pain, which radiates
   to left arm and forearm. We are looking at the area of
   his thoracic spine where there may be a cord compression
   and will fix it in the future. In the meantime, he's
   given supplement calcium to treat ostepenia (rarefaction
   of the bone calcium) possibly secondary to radiation
   therapy.
   His liver functions are bad now, but this is not unusual
   for a patient who carries Hepatitis C.  He has no icterus
   or any signs/symptoms of cirrhosis or liver cancer, which
   may or may not occur in the future.
   His diabetes has been stable.  He continues to receive a
   small amount of insulin since he can not take pills
   because of pretty bad liver.

   If you have any questions feel free to call me at (850)
   838-4076 or (850) 838-4069.

Sincerely,

*Marshalla mo*

Hau Huynh, MD
Chief Health Officer
Taylor correctional Institution,
Diplomat, American Board of Family Practice

HH/ss

---

PRISON HEALTH
SERVICES, INC.

Suite 300
105 Westpark Drive
Brentwood, TN 37027

(615) 373-3100
(800) 729-0069
*fax* (615) 376-9862

*www.prisonhealth.com*

"EXHIBIT N-1"

DEAR MS. COXAT,                                    21 MAY 2003
              RE: ROGER W. PELLAND
                  MASS: W57794
                  FLORIDA: D87064

        I AM WRITING TO ACCERTAIN, IF POSSIBLE,
THE STATUS OF MY OBLIGATION TO MASSACHUSETTS
WHICH I FIRST CONTACTED YOUR DEPARTMENT ABOUT
IN EARLY SEPTEMBER 2002 (SEE ATTACHED COPY
OF MR. DONALD LAFRATTA'S LETTER OF SEPTEMBER 18,
2002 TO THE ADMINISTRATION AT MY PRESENT FLORIDA
DEPARTMENT OF CORRECTIONS [FDC] INSTITUTION-TAYLOR
CORRECTIONAL).
        FROM MY FDC CLASSIFICATION OFFICER HERE
AT TAYLOR C.I., A MS BURNS, I LEARNED THAT YOU
HAD A COUPLE OF TELEPHONE CONVERSATIONS WITH
CLASSIFICATION AND AS A RESULT HAD REQUESTED
COPIES OF MY FDC MEDICAL RECORDS. I SIGNED,
GIVING MY PERMISSION FOR RELEASE OF THOSE RECORDS
ON MARCH 5, 2003. PRESUMABLY, SHORTLY THEREAFTER,
MY RECORDS SHOULD HAVE BEEN RECEIVED THERE IN
YOUR OFFICE.
        NATURALLY, I AM NOT KEPT INFORMED OF THE
PROGRESS OF ALL THIS AND, WHILE THAT IS UNDER-
STANDABLE CONSIDERING MY CIRCUMSTANCES, IT IS
NOT A GOOD FEELING BEING LEFT IN "LIMBO"
ABOUT WHAT IS GOING ON IN TERMS OF MY
SEPTEMBER 2002 REQUEST.
        CONSEQUENTLY, THE PURPOSE OF MY
WRITING IS TO BOTH GAIN AND PROVIDE INFORMATION
WHICH BRING UP MY FIRST QUESTION. DID MY
MEDICAL RECORDS REACH YOU? IF THEY DID
THEN I PRESUME THEY ARE BEING EVALUATED.

"EXHIBIT-N-2"

TCI

IF NOT, AND IF I CAN HELP IN SOME WAY, THEN I CERTAINLY WOULD BE WILLING TO DO ANYTHING IN MY POWER TO DO SO. FOR EXAMPLE, I HAVE JUST RECENTLY LEARNED THAT IT IS POSSIBLE THAT CERTAIN VERY DETAILED RECORDS CONCERNING THE SURGERY I UNDER WENT TO HAVE THE GRAPEFRUIT SIZED MALIGNANT GROWTH REMOVED FROM MY LEFT LUNG AT JACKSONVILLE MEMORIAL HOSPITAL (JACKSONVILLE, FLORIDA) IN JULY, 2001, MAY NOT ROUTINELY BE PART OF MY FDC MEDICAL RECORDS.

APPARENTLY OUTSIDE, CONTRACT SURGEONS FOR FDC MAINTAIN THEIR OWN RECORDS. IT WOULD SEEM SUCH RECORDS WOULD BE OF IMPORTANCE TO THE DEPARTMENT OF CORRECTION PEOPLE IN MASSACHUSETTS IN REACHING A DECISION AS TO THE MEDICAL LIABILITY MY CONDITION MIGHT PRESENT ON REINCARCERATION THERE.                            THE REMOVAL O

ALSO, THE ABOVE OPERATION RESULTED IN A THE LOWER LOBE OF MY LEFT LUNG. THIS FACT MAY BE SIGNIFICANT IN VIEW OF GULF WAR SYNDROME WHICH CHARACTERISTICALLY IS THOUGHT OF AS INHALATION BASED AND WHICH IS ALREADY EFFECTING MY MEMORY, MUSCLE AND JOINT PAIN(CHRONIC), AND MIGRANE HEADACHES. THIS LATTER CIRCUMSTANCE BRINGS ME TO WHAT MAY BE ANOTHER IMPORTANT FACTOR IN ANY DECISION MADE THERE REGARDING MY CASE.

AS YOU MAY KNOW FROM YOUR OWN MEDICAL RECORDS, I AM A DISABLED VETERAN. IT NOW APPEARS THE VETERANS ADMINISTRATION MAY MAKE A FINDING REGARDING FURTHER DISABILITY



"EXHIBIT N-3"

RE: GULF WAR SYNDROME IN MY CASE. I HAVE A LETTER FROM THE DEFENCE DEPARTMENT CONFIRMING THAT MY UNIT, THE 2ND BRIGADE, 1ST CALVARY DIVISION, WAS IN A CONTAMINATED AREA FOR THREE AND A HALF DAY DURING OPERATION DESERT STORM IN JANUARY 1991. FOR THIS REASON AND BECAUSE OF MY 2001 SURGERY, IT MAY BE THAT THE VETERANS ADMINSTRATION MIGHT TAKE RESPONSIBILITY FOR MY FOLLOW-UP MEDICAL CARE INCLUDING NOW CHRONIC PAIN IN MY LEFT SIDE AND ARM, AND WIDER SPREAD MUSCLE AND JOINT PAIN TYPICAL OF GULF WAR SYNDROME. THE ABOVE V.A. POSSIBLY ADDS ANOTHER INCENTIVE FOR ME TO ACTIVELY PERSUE THE GOALS I RAISED IN SEPTEMBER 2002.

THE FDC IS ALSO STRAPPED FOR FUNDS AND ACCORDING TO DR. APLIN, MY HEMATOLOGIST AT NORTH FLORIDA RECEPTION CENTER HOSPITAL (ALSO AN FDC FACILITY), I'M NOT RECEIVING ADEQUATE TREATMENT FOR MY MEDICAL CONDITIONS HERE AT TAYLOR C.I.. THIS DEFICIENCY MIGHT BE COVERED BY THE V.A. IN ONE OF THEIR HOSPITALS WHEN I REACH THE END OF MY SENTENCE AROUND TWO YEARS FROM NOW. IF SO, I CERTAINLY WOULD LIKE TO AVAIL MYSELF OF ANY TREATMENT THEY MIGHT PROVIDE.

I'M SURE YOU CAN SEE - IN COMBINATION WITH THE QUESTIONS RAISED IN MY LAST YEARS SEPTEMBER LETTER - WHY I AM TRYING SO HARD TO AVAIL MYSELF OF FLORIDA PROGRAMS AS WELL NOW AS V.A. TREATMENT HERE IN FLORIDA WHERE I HAVE A HOME AND WILL LIVE WITH MY WIFE WHEN THIS IS OVER.

"EXHIBIT N-4"

ME KNOW WHERE I MAY BE IN THIS PROCESS AND IF THERE ARE THINGS I CAN DO TO HELP WOULD BE GREATLY APPRECIATED. WHILE MY CANCER NOW SEEMS TO BE IN REMISSION, AT LEAST THEY TELL ME THAT HERE, I'VE NOW DEVELOPED DIABETES (DIAGNOSED SOME SIX MONTHS AGO). I'M JUST HOPING TO BE ABLE TO GET OUT, REACH AN UNDERSTANDING WITH MY DOCTORS, AND HAVE A LITTLE TIME WITH MY WIFE.

THANK YOU FOR YOUR TIME & EFFORTS ON MY BEHALF.

SINCERELY,

Roger M. Gilland



*EXHIBIT-C*



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Parole Board*

*Brockton Regional Office*
*231 Main Street*
*Brockton, Massachusetts 02301*
*Telephone # (508) 584-3728*
*Facsimile # (617) 727-1865*

Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

*Maureen E. Walsh*
*Acting Chairman*

Timothy F. App
*Executive Director*

June 3, 2003

Mr. Roger Pelland O D 87064
Taylor Correction Institution
8515 Hampton Springs Road
Perry, Florida 32348

Request to Withdraw Warrant

Dear Mr. Pelland:

This letter is to notify you that on 5/22/03 the Massachusetts Parole Board voted to deny your request to withdraw the warrant they have lodged against you.

It remains the intention of the Parole Board to seek your return to this state as soon as you are released to this warrant.

If you have any questions, please contact my office.

Sincerely,

Kathryn Kozak

Kathryn Kozak,
Parole Officer

(48)

"EXHIBIT - P"

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS RECEIVED Mail Number:
Team Number: _d_
(Instructions on Back)  OCT 1 6 2003 Institution:

TAYLOR C.I.
CLASSIFICATION

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☒ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
| --- | --- | --- | --- | --- |

| FROM: | Inmate Name PELLAND, ROGER | DC Number D87064 | Quarters H12Y4L | Job Assignment HOUSEMAN | Date 10-16-03 |
| --- | --- | --- | --- | --- | --- |

**REQUEST**

MS BURNS,

IT HAS COME TO MY ATTENTION THAT I HAVE TWO DETAINERS.
I KNOW OF THE VOP IN MASSACHUSETTS, BUT NOT THE
SECOND ONE. PLEASE INFORM ME WHO IMPOSED IT AND
WHAT THE CHARGES OF THE DETAINER ARE.
ALSO, I REQUEST A COPY OF MY PROGRESS REVIEW WHICH
I HAD IN EARLY JULY BUT THE COMPUTERS WERE DOWN
WHEN I MET WITH YOU THAT DAY.

THANK YOU

Roger Pelland

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    **DATE RECEIVED:** _____

Boston, MA

non-violent felony

617-727-3271
(no case # given)

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: |
| --- | --- | --- |

Distribution:   White   -Returned to Inmate     Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate             informal grievance then forward to be placed in inmate's file.

(49)

DC6-236 (Revised 8-00)



*"EXHIBIT-G"*

## INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*(Instructions on Back)*

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)

☐ Warden ☐ Classification ☒ Medical ☐ Other
☐ Asst. Warden ☐ Security ☐ Dental

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|-------|-------------|-----------|----------|----------------|------|
| | PELLAND, ROGER | D87064 | H1214L | HOUSEMAN | 10-20-03 |

**REQUEST**

MS. BLUM,

IN EARLY MARCH, THIS YEAR, THE MASSACHUSETTS PAROLE BOARD REQUESTED MY MEDICAL RECORDS BE PROVIDED TO THEM FOR USE IN MAKING A DECISION ON MATTERS CONCERNING ME. DR. HUGHN ALSO PROVIDED A REPORT WHICH WAS ~~A~~ PART OF THE INFORMATION SENT.

MY REQUEST IS THAT I BE PROVIDED WITH A COPY OF HIS REPORT THAT WAS SENT TO THE MASSACHUSETTS PAROLE BOARD. I WISH TO BE INFORMED AS TO HOW COMPLETE THE MEDICAL RECORDS WERE THAT THE MASSACHUSETTS PAROLE BOARD RECEIVED.

THANK YOU

Roger Pelland

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

**DATE RECEIVED:** 10-21-03g

You need to direct your request to the Medical Records Department at Taylor CI

Maria Blume, MSN., RN
Health Service Administrator
Taylor Correctional Institution

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)

Official (Signature): M. Blume, RN   Date: 10/28/03

Distribution: White -Returned to Inmate   Pink -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.
Canary -Returned to Inmate

DC6-236 (Revised 8-00)

(50)

"EXHIBIT - R"

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number:
Team Number: 2
(Instructions on Back)    NOV 0 4 2003    Institution:

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | MS, BURNS ☒ Classification ☐ Security | | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|---|

| | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| FROM: | PELLAND, ROGER | D87064 | H1214L | HOUSEMAN | 11-03-03 |

**REQUEST**

MS, BURNS,

IN MY LAST REQUEST TO YOU DATED 10-16-03, IT WAS SIGNED BY MS. LIVINGSTON ON 10-28-03. PLEASE REFER TO THE PINK COPY IN MY FILE. WHAT IS THE NON-VIOLENT FELONY AND WHAT DO THE NUMBERS 617-727-3271 REPRESENT?

I REQUEST A COPY OF THE FDOC LETTER TO MR. DONALD LAFRATTA, MDOC DEPUTY COMPACT ADMINISTRATOR, CONCERNING THE FDOC'S RECOMMENDATION ON THE WITHDRAWL OF MY DETAINER. ALSO, MS. LIVINGSTON HAS NOT SUPPLIED ME WITH A COPY OF MY YEARLY PROGRESS REVIEW. SEE PINK COPY DATED 10-16-03.

THANK YOU
Roger Pelland

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**    **DATE RECEIVED:** 11-4-03

617-727-3271 is the contact # for MA Parole Board.

I show no letter to Donald Lafratta from FDOC in your packet. You entered under the Interstate Compact Agreement on VOP. Your last Progress report was in fully with Truvel.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____    Date: 11-4-03

Distribution:    White    -Returned to Inmate    Pink    -Retained by official responding, or if the response is to an
              Canary    -Returned to Inmate         informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

("EXHIBIT - S-1")

The Commonwealth of Massachusetts
Executive Office of Public Safety
Parole Board

DECEMBER 21, 2003
RE: MDOC-W057794
FLOS - D87064

Dear Ms. Royak,
   I am writing to you requesting some information.
   During the week of 12-8-03 to 12-12-03 my wife made a phone call to your office. She was attempting to acquire information concerning the two detainers lodged against me and the amount of time Massachusetts would require me to serve. Your reply to her was that I should be able to get this information from my classification office here in Florida.
   Prior to this phone call, I did exactly that. I requested this information from classification here. The reply was that the second detainer was a non-violent felony, but had no case number and your phone number was included. This is the reason for my wife's contact telephonically.
   My request of you is to provide me with information concerning both charges and their case #'s along with the amount of time I have to serve. If you do not have this information, would provide me with an address of where the

("EXHIBIT — S2")

detainers were lodged and a point of
contact there.
    Please expidite this matter as soon as
possible.
                    Sincerely,
                    Roger Delgado
          Taylor Correctional Institution
          8525 Hampton Springs Rd.
          Perry, FL. 32348

CC:FILE

"EXHIBIT-T-1"

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: __TAYLOR__

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Other |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Dental | WARDEN |

| | Inmate Name | DC Number | Quarters | Job Assignment | Date SENT ON 12-10-04 |
|---|---|---|---|---|---|
| FROM: | ROGER PELLAND | D87064 | H-1-205 | HOUSEMAN | 12-10-04 PREPARED |

**REQUEST**

PLEASE ACCEPT, AND PROCESS THIS WRITTEN NOTICE.
AND REQUEST FOR FINAL DISPOSITION
PER F.S. 941.45 I.A.D. ARTICLE III
DUE TO THE COMPLAINT FILED AGAINST ME BY THE
STATE OF MASSACHUSETTS WHICH HAS CALLED PENDING
WARRANT AWAITING BY PLACING OF DETAINER

IF THERE IS ANY OTHER, INFORMATION OR DOCUMENT
NEEDED PLEASE CONTACT ME IMMEDIATELY

THANK YOU

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    **DATE RECEIVED:** _____

The interstate Agreement on Detainers to provide
to address untried indictments to request final
disposition. Your detainer is MA parole board
on a parole violation. Approved order therefore
does not qualify.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____                    Date: 12·14·04

Distribution:    White    -Returned to Inmate           -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                    informal grievance then forward to be placed in inmate's file.

DC6-236 (Rev 12-00)

"EXHIBIT-T-2"

WRITTEN NOTICE AND REQUEST

FOR SUCH DISPOSITION

A)  IN ACCORDANCE WITH F.B. PHILLIPS PART III OF THE INTERSTATE AGREEMENT ON DETAINERS : ARTICLE I  PURPOSE AND POLICY

1)  A DETAINER, BASED ON AN UNTRIED COMPLAINT (i.e. PAROLE VIOLATION REVOCATION HEARING PENDING CHARGE AND A WARRANT) HAS BEEN LODGED AGAINST PRISONER ROGER PELLAND

2)  UNCERTAINTIES WHICH OBSTRUCT PROGRAMS OF PRISONER TREATMENT AND REHABILITATION EXIST

B)  I ROGER PELLAND, DO REQUEST HEARING CONCERNING THE PAROLE VIOLATION, WITH WARRANT PENDING VIA PLACEMENT OF SAID DETAINER . VIA  ARTICLE III (a)(b)(c) AS FOLLOWS

TO DELIVER WRITTEN NOTICE OF THE PLACE OF MY IMPRISONMENT TO THE PROSECUTING OFFICER : (PAROLE BOARD OF THE STATE OF MASSACHUSETTS) AND THE APPROPRIATE COURT OF THE PROSECUTING OFFICERS JURISDICTION

ACCOMPANIED BY A CERTIFICATE OF THE APPROPRIATE OFFICIAL HAVING CUSTODY OF ME   (1) STATING THE TERM OF IMPRISONMENT OR COMMITMENT UNDER WHICH I AM BEING HELD

(2) THE TIME ALREADY SERVED

(3) THE TIME REMAINING TO BE SERVED

(4) THE AMOUNT OF GOOD TIME OR GAIN TIME

(5) TIME OF PAROLE ELIGIBITY

(6) ANY DECISIONS MADE BY THE STATE

PAROLE AGENCY RELATING TO THE PRISONER

(55)

" EXHIBIT. T-5 "

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: TAYLOR

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☒ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

M J PILKINGTON

| FROM: | Inmate Name ROGER PELLAND | DC Number DEC 1 0 2004 D37064 | Quarters H-1-205 L | Job Assignment HOUSEMAN | Date SENT on 12/10/04 PRE/ mail |
|---|---|---|---|---|---|

TAYLOR CLASSIFICATION

**REQUEST**

COULD PLEASE FORWARD A CERTIFICATE CONTAINING

(1) A STATEMENT CONCERNING THE TERM OF IMPRISONMENT

OR COMMITTMENT UNDER WHICH I AM HELD

(2) THE TIME ALREADY SERVED.

(3) THE TIME REMAINING TO BE SERVED

(4) THE AMOUNT OF GOOD TIME OR GAINTIME

(5) TIME OF PAROLE ELIGIBITY

(6) ANY DECISIONS MADE BY THE STATE AGENCY RELATING

TO THE PRISONER.

IN COMPLIANCE WITH ARTICLE III (a) OF THE I.A.D TO

THE WARDEN WHO HAS THE WRITTEN NOTICE AND REQUEST

FOR FINAL DISPOSITION PER ARTICLE III (b)(c) OF THE I.A.D

THANK YOU

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                        **DATE RECEIVED:** _____

See response 12.14.04

_____

_____

_____

_____

_____

_____

_____

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature) _____        Date: 12 · 14 · 04

Distribution:    White    -Returned to Inmate         Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                  informal grievance then forward to be placed in inmate's file.

(58)

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: TAYLOR C.I.

DEC 1 7 2004

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☑ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

MS PILKINGTON TAYLOR CI CLASSIFICATION

| | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| **FROM:** | ROGER PELLAND | A87064 | H-1-L05 | HOUSEMAN | 12/16/04 |

**REQUEST** INFORMAL GRIEVANCE       RESPECTFULLY SUBMITTED

WHERE AS NOT PROCESSING AN APPLICATION ON IAD (DETAINER) FOR THE COMPLAINT SUBSEQUENT TO WARRANT RESULTING IS SAID DETAINER. THIS VIOLATES THE I A D: FS 941.45 ARTICLE III (a) LN 4-13 AS BEING ARRESTED WHILE AT LIBERTY MY HEARING WAS NOT HELD; IT WAS POSTPONED TEMPORARILY UNTIL DISPOSITION OF THE FLORIDA CASE (ie. SENTENCING) TO DATE I HAVE HAD NO HEARING AS REPRESENTATIVES IN A CONTRACT ON INTERSTATE DETAINERS IT IS THIS INSTITUTION'S RESPONSIBILITY TO FORWARD THE ATTACHED FORMAL REQUEST (INCIDENTLY MY WRITEN NOTICE AND REQUEST FOR FINAL DISPOSITION HAS NOT BEEN RECIEVED) NOTE: UNTRIED INDICTMENTS ... MISAPPREHENDS "INFORMATION OR COMPLAINT" THE HEARING WAS MY RIGHT (DUE PROCESS AND AMEND V US. CONSTITUTION) FLORIDA EVEN HOLDS HEARINGS ON ITS OWN PAROLE VIOLATIONS WITHIN TIME FRAMES AND AS AGENT FOR MASSACHUSETS MUST FERWARD AND PROCESS REQUEST UNDER FLORIDA STATUTES      RELIEF - PROCESS I A D REQUEST.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                   **DATE RECEIVED:** _____

The purpose of the IAD is to encourage the expeditious and orderly disposition of outstanding criminal charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints originating from states party to this agreement.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | A. Kirmstron | Date: | 2/27/04 |
|---|---|---|---|

Distribution:   White - Returned to Inmate   Pink - Retained by official responding, or if the response is to an
                Canary - Returned to Inmate            informal grievance then forward to be placed in inmate's file.

(59)

"*EXHIBIT-T-7*"   STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL   *0521-215-012*

*H12C64*

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: PELLAND ROGER _____   D81064   TAYLOR CORRECTIONAL
    Last   First   Middle Initial      Number      Institution

---

FORMAL GRIEVANCE   Part A – Inmate Grievance   SUBJECT PENDING RULES/FAILURE TO
To RESPONSE OF INFORMAL (FILED 12/16/04 RESPONDED 12/27/04) FILED I.A.D. GRIEV.
CONCERNING THE RESPONSE/ A WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION WAS REQUESTED)

CLARIFICATION: RESPONSE TO SPEAK TO MY FRIENDS " INFORMATION OR COMPLAINTS THE INTERSTATE AGREEMENT
ON DETAINERS I.A.D. F.S. 941.45 ARTICLE III (a) MAKES NO STATEMENT CONCERNING CRIMINAL CHARGES
THERE IS NO SUCH LANGUAGE. AS AN ADMINISTRATIVE AGENCY IT IS NOT PROPER TO PROMULGATE RULES EVEN
AS QUASI LEGISLATIVE ADDING THE LANGUAGE "CRIMINAL CHARGE" IS BEYOND YOUR AUTHORITY
FURTHERMORE FIRE PROCEDURE ART SEC (5) DETAINER RELEASE (5)(a) 4 SUCH (AMENDMENT) SUBSECTION
"OTHER STATES WHERE SENTENCES HAVE ALREADY BEEN IMPOSED; THIS COULD NOT POSSIBLY BE ENTERED
CRIMINAL CHARGES "AS IMPLIED  IT IS APPARENT THAT AN INMATE ON PAROLE WHO TRANSFERS UNDER THE
INTERSTATE CORRECTIONS COMPACT F.S. 941.56 WHO IS VIOLATED FROM ANOTHER STATE AND THE COMPLAINT
FROM THAT STATE CAUSES THE ISSUANCE OF A WARRANT THAT SUBSEQUENTLY IS THE RESULT OF A DETAINER
THE INDIVIDUAL MAY REQUEST DISPOSAL UNDER I.A.D.
RELIEF SOUGHT -  FOLLOW THE STATUTORY AUTHORITY OF YOUR RULES F.A.C. 33-601.401; FAC. 601.501
THIS CONTRARY LANGUAGE AND VERIFIES EXISTENCE OF SITUATION WHERE A/OR
STATE PRISONER IS ALREADY SERVING SENTENCE & NOT CRIMINAL CHARGE AND PROCEED

WRITTEN NOTICE AND REQUEST FOR FINAL DISPOSITION OF DETAINER - THANK YOU

| 1/6/05 | RESPECTFULLY SUBMITTED  Roger Pelland  D81064 |
|--------|-----------------------------------------------|
| DATE   | SIGNATURE OF GRIEVANT AND D.C. #              |

---

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:_____ /_____**

                                              #     Signature

PART B – RESPONSE

See Attached Response

"*EXHIBIT - T-8*"

## PART B - RESPONSE

| PELLAND, ROGER | D87064 | 0501-218-012 | (218) TAYLOR C. I. | H1205L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your Request for Administrative Remedy or Appeal has been received, reviewed and evaluated.  Investigation of this matter reveals that the detainer lodged against you is a parole violation.  The purpose of the Interstate Agreement on Detainers is to encourage the expeditious and orderly disposition of outstanding criminal charges and determination of the proper status of any and all detainers based on untried indictments, information, or complaints originating from states party to this agreement.  A parole violation is not considered to be an untried indictment and is not applicable under this agreement.  Based on the above information, your Request for Administrative Remedy or Appeal is denied.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103 007(3)(a) and (b), and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.

R. Schlaf
SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

1-18-05
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding



"EXHIBIT - T - 9"

RECEIPT FOR MAIL LOG # 05 - MR - 4712 NEVER RETURNED
IT IS THE 2ND TALLAHASSEE BOUND APPEAL WHICH FOLLOWED
            MAIL LOG # 05 - MR - 4707
            GRIEVANCE LOG # 05 - 602955

FILED ON 2 - 9 - 05
IT HAS BEEN OVER  69  DAYS AS OF 4 - 18 - 05

SHOULD THIS EXHIBIT BE RETURNED ( TO WHICH COMPLAINT AND INQUIRY )
                    HAS BEEN MADE

THE ACTUAL EXHIBIT ( MAIL LOG # 05 - MR - 4712's RECEIPTED EXHIBIT
                ACTUAL 2ND GRIEVANCE )

WILL BE SUPPLEMENTED

HI - 2052

PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)

RETURN TO: Pellund, Roger      D87004      Taylor CI

LAST      FIRST      MIDDLE INITIAL      NUMBER      INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

_____

_____

| DATE | GRIEVANCE LOG NUMBER | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|---|

**DISTRIBUTION:**
. WHITE COPY
CANARY COPY
PINK COPY
GOLDENROD COPY

**INSTITUTION/FACILITY**
INMATE COPY
INMATE'S FILE
. INMATE COPY
RETAINED BY OFFICIAL RESPONDING

**DISTRIBUTION:**
WHITE COPY
CANARY COPY
PINK COPY
GOLDENROD COPY

**CENTRAL OFFICE**
INMATE COPY
INMATE'S FILE - INST./FACILITY
C.O. INMATE FILE
RETAINED BY OFFICIAL RESPONDING

DC1-303 (Revised 8-00)

05MR4712          2 - 9 - 05

(62)

T9

STATE OF FLORIDA

**INMATE REQUEST** MAILED / FILED DEPARTMENT OF CORRECTIONS
WITH AGENCY CLERK

APR 2 1 2005

**Instructions on Back)**

RECEIVED

Mail Number:
APR 1 9 2005
Institution: TAYLOR

Department of Corrections
Inmate Grievances

TO:    ☐ Warden/Department of Corrections  ☐ Classification  ☐ Medical  ☒ Other
(Check One)  ☐ Asst. Warden  ☐ Bureau of Inmate Grievance Appeals  ☐ Security  ☐ Dental

ATTN: CELESTE KEMP

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | PELLAND ROGER | D87064 | HI-205L | MOD/HSMAN | 4-18-05 |

**REQUEST**

INFORMAL GRIEVANCE — THE GRIEVANCE COORDINATOR AT TAYLOR
CORRECTIONAL INSTITUTION DOES NOT INVOLVE THEMSELVES WITH
THE CORRESPONDENCE BETWEEN PRISONERS AND TALLAHASSEE.
MY 2ND TALLAHASSEE APPEAL DOCUMENT, MAIL LOG # 05-MR-4712.
HAS NEVER BEEN RETURNED. (IT WAS SIMILAR IN NATURE TO MAIL LOG
# 05-MR-4707, GRIEVANCE LOG # 05-6029-63, WHICH WAS RETURNED FOR TECHNICALITIES)
MAIL LOG # 05-MR-4712 IS FAR BEYOND ANY TIME LIMITATIONS RULE
33-103.011 (3)(C). THEREFORE: AS NECESSARY FOR EXTRAORDINARY RELIEF
PER RULE 1.630 FLA. R. CIV. P. HAS BEEN BYPASSED.
SHOULD YOU OR MR. VARGAS' OFFICE DESIRE ATTACHMENT PLEASE
FORWARD IMMEDIATELY AND I WILL SUPPLEMENT IT FOR A PETITION
IS BEING FILED.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All
informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    **DATE RECEIVED:**

Not accepted as an informal grievance. — Informal
grievances are filed at the institution level. For your
information, appeal log # 05-604448 was rec'd on 4/6/05 and
has been forwarded to Classification Services for review. Once
we recieve response, we will forward it to you.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Returned_. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature):                              Date:  4/20/05

Distribution:    White    -Returned to Inmate    Pink   -Retained by official responding, or if the response is to an
                Canary   -Returned to Inmate             informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

RECEIVED

FEB 1 0 2005

Department of Corrections
Inmate Grievances

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

#12052

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From:  PELLAND, ROGER          D87064        TAYLOR CORRECTIONAL
     Last    First   Middle Initial        Number        Institution
                                        056 04448

THIS IS AN ADMINISTRATIVE OF THE 1-18-05 DENIAL OF RELIEF REQUESTED ON 1-6-05
GRIEVANCE LOG # 0501-208-012 WHICH Part A – Inmate Grievance WAS CONCERNING THE DENIAL OF INFORMAL
GRIEVANCE ON 12-27-04 FILED ON 12-16-04 WITH ATTACHED REQUEST.
   THE ISSUE IS THE INSTITUTIONS MISAPPREHENSION WITH THE AUTHERING OF ADMINISTRATING
AGENCIES, NOT ONLY MUST THEY NOT DEVIATE FROM THE RULES, THEY MAY ALSO NOT PROM-
ULGATE RULES THAT DO NOT HAVE STATUTORY AUTHORITY. THE CONTRADICTION TAKES
PLACE WHERE THE TERM "UNTRIED INDICTMENTS" FAILS TO ADD THE REST OF THE
SENTENCE "INFORMATION OR COMPLAINTS" (SEE F.S. 941.45). A COMPLAINT IS FILED IN ORDER TO
GENERATE A WARRANT SUBSEQUENTLY LODGING THE DETAINER. WHERE THE DEPARTMENT HAS
CHOSEN TO ELIMINATE RULES AND CODE (IE. RECINDED OR REPEALED) IT IS BOUND BY STATUTE.
THE INTERSTATE AGREEMENT ON DETAINERS (SEE DETAINER NOTIFIERS) IS DESIGNED STA-
TUTARILY, AS THE ENTIRE STATUTE IS PERTAINING TO EXTRADITION, CORRECTIONS COMPACT
AND DETAINERS (SEE F.S. 941). THE DEPARTMENTS OWN FDC PROCEDURE 601.501 SHOWS
"FROM OTHER STATES ALREADY SERVING SENTENCE" ON PAGE 6. ALSO SINCE MY PAROLE
WAS TRANSFERED TO FLORIDA FROM MASSACHUSETTS UNDER INTERSTATE CORRECTIONS COM-
PACT F.S. 941.56. REGARDLESS, AS STATUTORILY MANDATED BY F.S. 94.45 ARTICLE III SUB-
SECTION (A)(B)(C) THE DEPARTMENT HAS FAILED TO PROCESS A LAWFULLY SUBMITTED WRITTEN
NOTICE AND REQUEST FOR FINAL DISPOSITION AT THE INSTITUTION LEVEL. AS AN
ADMINISTRATIVE AGENCY HAVING NO RULE, NO CODE THE STATUTE MUST BE FOLLOWED
TO AVOID DUE PROCESS VIOLATIONS. AMMENDMENT I AND XIV. RELIEF SOUGHT INSTRUCT
AND INSURE WARDEN PROCESSES I.A.D. WRITTEN NOTICE AND REQUEST FOR A FINAL DISPO-
SITION PER F.S. 941.45.

2-9-05                          Roger Pelland   D87064
DATE                            SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:_____ / _____
                                                              #        Signature

PART B – RESPONSE

SIGNATURE AND TYPED OR PRINTED NAME        SIGNATURE OF WARDEN, ASST. WARDEN, OR        DATE
OF EMPLOYEE RESPONDING                      SECRETARY'S REPRESENTATIVE

                                                              5/6/05

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.
.............................TEAR ON PERF

WITHAGENCYCLF

MAY 1 2 2005

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| PELLAND, ROGER | D87064 | 05-6-04448 | (218) TAYLOR C. I. | H1205L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your request for administrative review has been received, reviewed, and referred to Classification Services who provided the following response:

"The institution's response is appropriate. Parole violations are not covered under the interstate detainers agreement."

Based on the foregoing information, your appeal is denied.

C. SHOCKLEY

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

(62A)

"EXHIBIT - V"

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON

12-22-04

DATE          I/M INT

ROGER PELLAND  △87064 H-1-205
TAYLOR CORRECTIONAL - INSTITUTION
8515 HAMPTON SPRINGS ROAD
PERRY FLA. 32348

THE FLORIDA PAROLE COMMISSION
2601 BLAIRSTONE RD.
TALLAHASSEE, FLA. 32399-2450

DATE 12/22/04
RE: INTERSTATE COMPACT
    I AM DETAINER
    MASSACHUSETTS

DEAR REPRESENTATIVE:

ON 12/12/00 I REQUESTED CONTINUANCE OF THE
PRELIMINARY HEARING; UNTIL DISPOSITION OF CHARGES.

AT THAT TIME I DID IN FACT CALL 561 831 5128, AND
A REPRESENTATIVE TOOK MY INFORMATION; (DISPOSITION, SENTENCING 5/15/01).
TO DATE, I HAVE HAD NUMEROUS INQUIRIES MADE, AND HAVE
NOT HAD SUCH A HEARING.

I WAS IN FACT ARRESTED WHILE AT LIBERTY FOR THAT
VIOLATION. I ALSO BELIEVE MASSACHUSETTS HAS MADE SEVERAL
REQUESTS TO FLORIDA, AND HAD NOT RECIEVED THE REQUESTED
DOCUMENTS. MY PAROLE WAS IN ACCORDANCE WITH THE
INTERSTATE COMPACT. MASS # W05 7794, AND I PRESENTLY HAVE
A DETAINER LODGED AGAINST ME.

THE DETAINER CAUSES DETRIMENT TO MY PROGRESS ON MY
FLA. SENTENCE; MY BEHAVIOR HAS BEEN EXEMPLARY, AND I WOULD
REQUEST THE HEARING THAT NEVER WAS HELD PLEASE; IN ORDER
TO ESTABLISH MY PENALTY, AND OR DISPOSITION.

THANK YOU. Roger Pelland
                    ROGER PELLAND

(64)

"EXHIBIT-W"



PLEASE TYPE
SIGN WITH BALL POINT PEN ONLY — BEAR DOWN

0978

## COMMONWEALTH OF MASSACHUSETTS
### Parole Board

Region __RIC__    District __01__

| WARRANT FOR PERMANENT CUSTODY (STATE) | Name of Parolee  PELLAND, Roger | Institution Number  W-57794 |
|---|---|---|
| | | SID Number |

| Date of Birth | Sex | Race | |
|---|---|---|---|
| 12-5-52 | ☒ Male  ☐ Female | ☒ White  ☐ Black  ☐ Hispanic  ☐ Other | This warrant for permanent custody is issued by the Parole Board in accordance with Chapter 127 section 149 of the Massachusetts General Laws. |

To any officer authorized to serve criminal process in the Commonwealth of Massachusetts or to any Peace Officer authorized to serve criminal Process in the United States: you are required to arrest the parolee and convey him/her to ____MCI-Walpole____. To the superintendent of said institution: you are hereby required to receive the prisoner and safety keep him/her until the expiration of sentence or until otherwise discharged according to law.

**REASON FOR WARRANT FOR PERMANENT CUSTODY:**

Above named parolee has violated condition(s) of his/her parole.

| Chairman or Parole Board Member  R. Murphy | Date Warrant Issued  10-25-00 |
|---|---|

| RETURN OF SERVICE  Mail to:  Warrant Unit  Massachusetts Parole Board  27-43 Wormwood Street  Boston, MA 02210-1606 | Signature of Arresting Officer | Date Arrested |
|---|---|---|
| | By virtue of this warrant I certify that the above named person has been arrested and placed in custody at: | |
| | Institution | Effective Date of Return |
| | Signature of Officer Making Return | Title | Date Returned |

PB-WPCS. 6/1/87

Ronald Jay Rapoport
NOTARY PUBLIC
My commission expires Aug. 14, 2003

White copy — Central File     Yellow copy — institution     pink copy — parole officer

(15)

"EXHIBIT-W1"    RECORDS





## The Commonwealth of Massachusetts

### Executive Office of Public Safety
### Parole Board

27 Wormwood Street, Suite 300
Boston, Massachusetts 02210-1606
Telephone #(617) 727-3271
Facsimile #(617) 727-9047 (Interstate Compact, Special Operations)

Michael J. Pomarole
Chairman

## FACSIMILE TRANSMISSION
## COVER SHEET

| **To:** MICHAEL DOUGHERTY | **From:** PO RON RAPAPORT |
|---|---|
| **Fax:** 561-220-7108 | **Date:** 11/03/00 |
| **Phone:** | **Pages:** 2 INCLUDING COVER PAGE |
| **Re:** PELLAND, ROGER WM DOB/120552 **CC:** | |

**REMARKS:**  ☒ URGENT   ☒ FOR YOUR REVIEW   ☒ REPLY A.S.A.P.   ☒ PLEASE COMMENT

THE ABOVE NAMED SUBJECT IS UNDER COMPACT SUPERVISION IN FL.
THE MASSACHUSETTS PAROLE BOARD HAS ISSUED A WARRANT FOR DETAINER PURPOSES. THIS WILL
ALLOW THE FL PAROLE AUTHORITIES TO PLACE SUBJECT IN CUSTODY AND AFFORD HIM A
MORRISSEY- BREWER PRELIMINARY HEARING. OUR BOARD WILL MAKE A FURTHER DECISION UPON
RECEIPT OF THE HEARING REPORT. WE REQUEST THAT SUBJECT BE HELD ON NO BAIL OR BOND.
YOUR ASSISTANCE IN THIS MATTER WILL BE GREATLY APPRECIATED. ANY QUESTIONS, PLEASE CALL
THIS OFFICER AT 617-727-3271 X 161 OR AFTER 5 PM AND WEEKENDS VIA THE MA STATE POLICE,
SPECIAL OPS, 508-820-2121. THANK YOU.

** CONFIDENTIAL NOTE**

*The documents accompanying this facsimile transmission contains information from the Massachusetts Parole Board that may
be protected from disclosure by law. The information is intended to be for the use of the individual or entity named on the
transmittal sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the
contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately
and return the original message to us at the above address by First Class Mail via the U.S. Postal Service. Thank you.*



(66)

"EXHIBIT-W-2"

IN THE COUNTY COURT IN AND
FOR MARTIN COUNTY, FLORIDA

STATE OF FLORIDA
VS.

Pelland, Roger W. W/M 12/05/52____, Defendant    CASE NO____00-32FJ

COMPLAINT UNDER OATH IN SUPPORT OF ARREST
WITHOUT OF ALLEGED FUGITIVE (F.S. 941.13 AND/OR 941.14)

BEFORE ME THIS DAY PERSONALLY APPEARED Sgt. Steve Cummings_____
                                                      DEPUTY                    MCSO
who, being first duly sworn, deposes and says that he has received credible information
from Mass Parole Board and Inv Unit Boston, Mass by teletype message._____
that Pelland, Roger W._____has allegedly committed the crime of Vop_____
Armed Robbery #CO1W57794_____ in the State of Mass_____ County of
Boston_____ and has fled from justice (has allegedly been convicted of a crime in
the State of Mass_____ and has escape from confinement / has
allegedly broken the terms of his/her criminal bail/probation/ or parole) and that said crime in the
courts the State of Mass_____ is punishable by death or imprisonment
for a term exceeding one year and that the said Pelland, Roger W._____ _____
has been arrested in the State of Florida and said grounds as provided for under provision of
F.S. 941.14.
Further affiant saith naught.

_____
Arresting Officer

Sworn to and subscribed
before me this __6th__ day
of _November_____2000.

_____
Notary
Martin County, Florida

OFFICIAL NOTARY SEAL
MARTHA P CONNELL
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC659992
MY COMMISSION EXP. JUNE 30,2001

MARTIN COUNTY
SHERIFF'S OFFICE
00 NOV -7 AM 11:04

(67)

"*EXHIBIT-W-3*"

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY
AND THE STATE OF FLORIDA

CASE NUMBER:___00-32FJ_____
IN RE:

___Pelland, Roger W.  W/M 12/05/52_____, A FUGITIVE FROM JUSTICE

## COMMITMENT WARRANT
## FLORIDA STATUTE 941.15

TO THE SHERIFF OF MARTIN COUNTY, FLORIDA

WHEREAS, Complaint of oath or Affidavit having been made before me that one
__Pelland, Roger W._____ is charged with the crime (s) of
__Vop Armed Robbery  #CO1W57794_____ in the State of
__Mass_____ County of __Boston_____ and this
person charged with having committed the crime alleged and that this person has
fled from justice.

YOU ARE THEREFORE commanded to keep said accused in the custody of the
County Jail and keep him safely there for a time not exceeding thirty (30) days, to
wit: until the __1st____ day of __December_____, 2000 so as to enable the
arrest of the accused to be made under a warrant of the Governor on a requisition of
the executive authority of the State having jurisdiction of the offense, unless the
accused give bail by bond, with sufficient sureties, in the amount of $__No-Bond__
conditioned for said Defendant to REMAIN IN THE STATE OF FLORIDA and the
Defendants' appearance before me on the __1st_____ day of __December____, 2000
at __9:00__ a.m., at the Martin County Courthouse, Martin County, Stuart, Florida, to be
arrested upon the warrant of the Governor of this State or to be recommitted for a
further period not to exceed sixty (60) days or to be legally discharged, pursuant to
Florida Statute 941.16 and 941.17.

DONE AND ORDERED at STUART, MARTIN COUNTY, FLORIDA, this 6th
day of __November_____, 2000.

_____
Judge of the Nineteenth Judicial Circuit

(1.8)

EXHIBIT - X

'C 1551 PG 2167

**RULE 3.992(a)    IMINAL PUNISHMENT CODE SC    BS HEET2167**

| 1. DATE OF SENTENCE | 2. PREPARER'S NAME ☐ DC ☒ SAO | 3. COUNTY | 4. SENTENCING JUDGE |
|---|---|---|---|
| | Nichols | Martin | |

| 5. NAME (LAST, FIRST, MI.I.) | 6. DOB 12 5 52 | 8. RACE ☐B ☒W ☐OTHER | 10. PRIMARY OFF. DATE 9/4/00 | 12. PLEA ☐ |
|---|---|---|---|---|
| Pelland, Roger | 7. DC # | 9. GENDER ☒M ☐F | 11. PRIMARY DOCKET # 00-1169-CF | TRIAL ☐ |

**I.** PRIMARY OFFENSE: If Qualifier, please check ___A ___S ___C ___R (A=Attempt, S=Solicitation, C=Conspiracy, F:=Reclassification)

| FELONY DEGREE | F.S.# | DESCRIPTION | OFFENSE LEVEL | POINTS |
|---|---|---|---|---|
| F3 | 787.02 | False Imprisonment | 6 | |

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐

I. **36**

**II.** ADDITIONAL OFFENSE(S): Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | |
|---|---|---|---|---|---|---|---|
| | M | 784 Battery | M | ☐☐☐☐ | | X | .2 |
| Description | | | | ☐☐☐☐ | | X | |
| Description | | | | ☐☐☐☐ | | X | |
| Description | | | | | | | |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples Additional Offense points ☐

Supplemental page points _____

II. **.2**

**III.** VICTIM INJURY:

| | Number Total | | | Number Total |
|---|---|---|---|---|
| 2nd Degree Murder | 240 X _____ = _____ | Slight | 4 X | 1 = 4 |
| Death | 120 X _____ = _____ | Sex Penetration | 80 X | _____ = _____ |
| Severe | 40 X _____ = _____ | Sex Contact | 40 X | _____ = _____ |
| Moderate | 18 X _____ = _____ | | | |

III. **4**

**IV.** PRIOR RECORD: Supplemental page attached ☐

| FEL/MM DEGREE | F.S # | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| F1 | 812.13 | 9 | ☐☐☐☐ | Armed Robbery | 2 | X 23 = | 46 |
| F2 | 812.13 | 6 | ☐☐☐☐ | Robbery | 3 | X 9 = | 27 |
| | | | ☐☐☐☐ | | | X _____ = | |
| | | | ☐☐☐☐ | | | X _____ = | |
| | | | ☐☐☐☐ | | | X _____ = | |
| | | | ☐☐☐☐ | | | X _____ = | |

(Level - Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____

IV. **73**

Page 1 Subtotal: **113.2**

(69)

_EXHIBIT- X-1"_

PG- 2168

OR BK ⸱ ⸱551   PageZ168total _ 113.2

V.   Legal Status violation = 4 Points                                                  V. _4_

VI.  Community Sanction violation before the court for sentencing          VI._____
     6 points x each successive violation OR
     New felony conviction = 12 points x each successive violation

VII.  Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points              VII._____

VIII. Prior Serious Felony = 30 Points                                                  VIII._____

                                                        Subtotal Sentence Points  _____

IX.  Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle | Street Gang (offenses committed on or after 10-1-96) | Domestic Violence (offenses committed on or after 10-1-97) |
|---|---|---|---|---|
| ___ x 1.5 ___ x 2.0 ___ x 2.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 |

                                     Enhanced Subtotal Sentence Points  IX._____

                                     TOTAL SENTENCE POINTS  _117.2_

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction.

If total sentence points are greater than 44:

_117.2_   minus 28 =  _89.2_  x .75 =  _66.9_
total sentence points                        lowest permissible prison
                                             sentence in months

The maximum sentence is up to the statutory maximum for the primary and any additional offenses as provided in s. 775.082, F.S., unless the lowest permissible sentence under the code, exceeds the statutory maximum. Such sentences may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

                                     _66.9_
                                     maximum sentence
                                     in years

## TOTAL SENTENCE IMPOSED

|                        |                 | Years | Months _66.9_ | Days |
|------------------------|-----------------|-------|---------------|------|
| ☑ State Prison         | ☐ Life          | _____ | _____ | _____ |
| ☐ County Jail          | ☐ Time Served   | _____ | _____ | _____ |
| ☐ Community Control    |                 | _____ | _____ | _____ |
| ☐ Probation            |                 | _____ | _____ | _____ |

Please check if sentenced as  ☐ habitual offender,  ☐ habitual violent offender,  ☐ violent career criminal,  ☐ prison releasee reoffender,  or a  ☐ mandatory minimum applies.

☐ Mitigated Departure  ☐ Plea Bargain

Other Reason _____

**JUDGE'S SIGNATURE** _____

(70)

_EXHIBIT-Y "_





**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Parole Board*

*45 Hospital Road, Building B3*
*Post Office Box 647*
*Medfield, Massachusetts 02052*
*Telephone # (508) 242-8001*
*Facsimile: (508) 242-8100*

*Maureen E. Walsh*
*Chairman*

*Donald V. Giancioppo*
*Chief of Staff*

January 27, 2005

Roger Pelland D81064
FL-I-205
Taylor Correctional Institution
8515 Hampton Springs Road
Perry, Florida 32348

**RE:    Parole Warrant**

Dear Mr. Pelland:

This is in response to your letter received on December 22, 2004

The parole warrant lodged against you is not covered by the IAD. The parole Board has no obligation to return you to this state until you complete your Florida commitment and are turned over to their warrant.

You have two options at this time. One option is to do nothing and wait for your Florida sentence to expire. At this point you will be turned over to our warrant and returned as a violator. The second option is to petition the Parole Board with a request to withdraw their warrant. Withdrawal of the warrant will reinstate your parole status. All time between the issuance of the warrant and its withdrawal will be considered "dead time" and a new parole discharge date will be calculated.

To request this action you must submit a written request to the Board. You should be aware that withdrawal of a warrant is not done lightly, especially where there has been a new crime and conviction. You must be prepared to present compelling reasons as to why such consideration should be granted. The mere fact that the warrant is preventing movement to lower security usually does not meet this threshold.

I hope this information is helpful. If you decide to write to the Parole Board, channel your letter through my office. Include support documentation helpful to their review.

Sincerely,

Donald LaFratta, Deputy Compact Administrator

(71)

_EXHIBIT-Z"_



ROGER PELLAND, D87004, H1-205
TAYLOR CORRECTIONAL INSTITUTION
8515 HAMPTON SPRINGS ROAD
PERRY, FLORIDA  32348

MR. DONALD LA FRATTA
45 HOSPITAL ROAD, BLDG. B3
P.O. BOX 647
MEDFIELD, MA. 02052

DATE: 2/14/05
RE: LETTER OF JANUARY 27, 2005


DEAR MR. LAFRATTA,

THIS IS IN RESPONCE TO YOUR LETTER RECIEVED FEBRUARY 8, 2005.

AFTER READING THE INFORMATION YOU PROVIDED, I WAS GLAD OF THE COURSE OF ACTION I TOOK. I HAD OPTED FOR THE SECOND OPTION OF PETITIONING THE PAROLE BOARD WITH A REQUEST TO WITHDRAW THEIR WARRANT. THIS WAS ACCOM-PLISHED BY MY ATTORNEY, M.S. LESLIE W. O'BRIEN WITH A LETTER AND SUPPORT DOCUMENTATION DATED JANUARY 18, 2005. IT WAS DIRECTED TO A M.S. KATHY KOZAK, DEPUTY COMPACT ADMINISTRATOR AT 231 MAIN ST. 2ND FLOOR, BROCTON, MA. 02301.

YOUR LETTER ASKED THAT IF I WRITE TO THE PAROLE BOARD, CHANNEL IT THROUGH YOUR OFFICE. SO MY QUESTION OF YOU SIR IS. ARE YOU AWARE OF IT'S EXISTANCE AND, BY CHANCE, HAVE YOU READ IT. THE FACT THAT THE WARR-ANT IS PREVENTING MOVEMENT TO LOWER SECURITY WAS ONLY TO SHOW YOU WHAT IS NOT ALLOWED WHEN A DETAINER IS PLACED.

HERE IN FLORIDA, A THIRD DEGREE FELONY HAS A MAXIMUM OF FIVE YEARS / SIXTY MONTHS. MY SENTENCE WAS 66.9 MONTHS DUE TO THE ADDING OF MY PRIOR SENTENCE FROM MASSACHUSETTS AS SHOW IN THE LETTER W/ DOCUMENTS MY ATTORNEY SENT TO M.S. KOZAK. I'M SERVING TIME FOR THE SAME CRIME IN TWO STATES.

THE MOST COMPELLING REASON I WISH TO PRESENT TO YOU IS MY CLAIM WITH THE DEPARTMENT OF VETERAN AFFAIRS. I HAVE BEEN PERSUING THIS CLAIM SINCE AUGUST, 2003, ON JULY 8, 2004 A DECISION WAS MADE ON MY CLAIM FOR SERVICE CONNECTED COMPENSATION RECEIVED ON AUGUST 11, 2003. I AM APPEALING THIS DECISION AND HAVE 1 YEAR — 8 JULY, 2005 TO COMPLETE THIS OR MY CLAIM WILL NOT BE GRANTED.

"EXHIBIT-Z-1"

THE MOST IMPORTANT PART OF A CLAIM IS THE V.A. EXAMINATION. I MISSED THE JUNE 15, 2004 EXAM DUE TO THE LATE ARRIVAL OF LETTER. I HAVE THE FLORIDA D.O.C. INCOMING LEGAL / OR PRIVILEDGED MAIL LOG WITH THE DATE I SIGNED FOR THIS LETTER ON JUNE 22, 2004. I AM TRYING TO RESOLVE THIS SITUATION AND TO DATE NOT MUCH PROGRESS AND ON JULY 8, 2005 MY CLAIM IS FINAL. I AM APPEALING TO YOUR COMPASSION AND UNDERSTANDING ON LIFTING THE WARRANT / DETAINER MASSACHUSETTS HAS ON ME, SO I MAY ACCOMPLISH MY CLAIM.

   I AM ATTENDING A SUBSTANCE ABUSE EDUCATION', 4-6 MONTH PROGRAM GIVEN BY CiviGenics, Inc. HEADQUARTERED IN MARLBOROUGH, MA.

SINCERLY,
ROGER PELLAND
ROGER PELLAND

(73)

"EXHIBIT-AA"

**Commonwealth of Massachusetts**
**Parole Board**
**45 Hospital Road, Building B3**
**. Medfield, MA 02052**
**508-242-8112**

**Interstate Compact Unit**

Date:    **2/28/2005**

**TO:    Roger Pelland**
Taylor Correctional Institution
8515 Hampton Road
Perry, Florida  32348

☐      The Massachusetts Parole Board has voted to withdraw the parole warrant they had lodged against you.  See attached Record of Decision.
   • Your parole as been reinstated and your recalculated parole discharge date is
   • All conditions imposed at the time of your original release still apply.
   • If you are released from your intervening sentence prior to your parole discharge date you are to contact this office within 48 hours or face revocation.

☐      We are in receipt of your letter requesting withdrawal of the parole warrant lodged against you.
       ☐      Information has been requested from the holding facility.
       ☐      Your request has been forwarded to the Parole Board.  You will be informed of their decision.

☒      The Massachusetts Parole Board has voted to deny your request to withdraw the Parole Warrant that they have lodged against you.  This decision was made on February 17, 2005.

   • It remains the Parole Board's intention to seek your return when you are made available to this warrant.

☐      Other. _____ __

We appreciate your cooperation and assistance.

Very truly yours,

Donald LaFratta

(74)

Exhibit E

Continuation Sheet
12 (a): 12 (b):        : And
12 (d)

Exhibit E

## CONTINUATION SHEET

12 (a)   DISCOVERED, AND A WARRANT IS LODGED AWAITING EXECUTION, AS THE RESPONDING, OR DEFENDING ENTITIES HAVE PORTRAYED BY THE PRODUCTION OF A SUBSEQUENT WARRANT (6/21/01) AND LODGING A DETAINER WITH THE FLORIDA DEPARTMENT OF CORRECTIONS SHORTLY AFTER INTAKE.

ALL AGENCIES INVOLVED FAIL TO ACKNOWLEDGE THE ARREST WHICH HAS NEVER BEEN ADDRESSED OR DISPOSED OF PROPERLY   OPPOSING PARTIES MAINTAIN THAT THE PETITIONER; WHO TRANSFERRED PAROLE FROM MASSACHUSETTS TO FLORIDA UNDER THE INTERSTATE CORRECTIONS COMPACT; WAS ARRESTED UNDER INTERSTATE AGREEMENT ON EXTRADITION; HAD A DETAINER LODGED UNDER THE INTERSTATE AGREEMENT ON DETAINERS WAS NOT ELIGIBLE TO DISPOSE OF SUCH A MATTER UNDER THE SAME PROVISIONS OF THOSE STATUTES UTILIZED AGAINST HIM, IDENTICAL AND COMPLIMENTARY IN BOTH STATE AND COMMONWEALTH'S CONTRACTED STATUTORY AGREEMENT

AS THE ARREST WAS OVER 4 YEARS, 7 ½ MONTHS AGO, WHICH IS BEYOND ANY LEGAL PENALTY THAT COULD HAVE BEEN IMPOSED AND THE PETITIONER ON 6/15/05 WILL BE RELEASED FROM FLORIDA NON RELATED OFFENSES SENTENCE. THE PETITIONER IS PUNISHED BEYOND A LEGAL PERIOD OF CONFINEMENT.

12 (b) UNDER RECONSIDERATION) BECAUSE RELIEF REQUESTED AND CREDIT IN THE MATTER AT HAND WILL NOT BE OR IN ALL PROBABLY NOT BE RESOLVED WITH ANY EXPEDIENCY OR BEFORE THE PETITIONERS RELEASE FROM PRISON (FLORIDA INCARCERATION) AND THAT JURISDICTION COULD NOT REMAIN PROPERLY BEFORE ANY FLORIDA COURT TO THE PETITIONER'S KNOWLEDGE AND UPON RESUBMITTAL FOR RECONSIDERATION, HE HAS BEEN UNABLE TO OBTAIN THE APPELLATE COURTS ADDRESS BY REQUESTS REPEATEDLY TO THE CLERK OF COURT IN DEDHAM MASSACHUSETTS THE PETITIONER HAS EXHAUSTED EVERY POSSIBLE AVENUE OF RELIEF AND THERE IS NO OTHER TIMELY MANNER IN WHICH TO RECEIVE APPROPRIATE RELIEF.

## Continuation Sheet

12 (d)   For Leon County Florida

  (1) Yes   .

  (2) Petition For Writ of Mandamus

  The 2nd Judicial Circuit For Leon County Florida

  301 S. Monroe St. Tallahassee Florida 32301

  Case No 2005 CA 000100

  Pending   Show Cause Issued   No Date

  Pending   No Result

  (3)   No Hearing   Hearing Requested

  (4)   No Appeal   As Petition Is Pending

  (5)   The Issue Is Not Raised As There Is No Appeal.

  (6)   Concerning Name, Location, Date, Result and (7) Are Non Applicable

12 (d)   For Taylor County Florida

  (1)   Yes

  (2)   Petition For A Writ of Mandamus

  The 3rd Judicial Circuit For Leon County Florida

  108   N Jefferson St Perry Florida 32347

  Case No. 05-296-CA.

  Pending   Show Cause Issued   No Date

  Pending   No Result

  (3)   No Hearing

  (4)   No Appeal   As Petition Is Pending

  (5)   The Issue Is Not Raised As There Is No Appeal.

  (6)   Concerning Name, Location, Date, Result, And (7) Are Non Applicable