```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

ROGER PELLAND,                      )
                                    )
           Petitioner,              )
                                    )
     v.                             )
                                    )    C.A. No. 05-11242-NMG
JAMES CROSBY, Secretary Fla.        )
Dept. of Corr.; FLA. PAROLE         )
COMMISSION; MASS. SEC. DEPT.        )
OF CORR. AND PAROLE BOARD,          )
                                    )
           Respondents.             )
```

ORDER

For the reasons stated below, the Court orders that this action be dismissed without prejudice.

BACKGROUND

On June 13, 2005, petitioner Roger Pelland filed a pleading captioned as a petition for relief under 28 U.S.C. § 2254. He did not pay the filing fee or file an application to proceed in forma pauperis. At the time of the filing, Pelland was incarcerated in a Florida state prison; he was due to be released to the custody of Massachusetts authorities on June 15, 2005. The petition has not been served on the respondents.

According to the petition, in 1995, Pelland was sentenced to three to eight years of incarceration after pleading guilty in a Massachusetts state court to armed robbery and robbery. He was apparently granted parole in or before 2000 and moved to Florida. On October 25, 2000, the Massachusetts Parole Board issued a warrant for Pelland's arrest after Pelland allegedly violated the

terms of his parole; on November 3, 2000, Florida authorities arrested Pelland pursuant to this warrant. Pelland was not returned to Massachusetts at the time. On May 5, 2001, Pelland was sentenced in a Florida state court. The sentence was due to expire on June 15, 2005.

Pelland claims that his right to due process was violated because "the following was deprived and/or not afforded [in regard to the parole violation charge and subsequent arrest]: bail; right to judicial proceedings afforded by law (i.e. habeas corpus); a preliminary complete hearing process; final revocation hearing," and because Pelland "has received no credit [towards his parole] from the date of the arrest." Pet. at 6. Pelland also complains that the unresolved Massachusetts parole violation charge adversely affected his prisoner classification while serving his 2001-2005 Florida sentence.

Pelland represents that he currently has actions pending in Florida and Massachusetts state courts challenging the alleged denial of due process. More specifically, Pelland's motion for reconsideration of the dismissal of his Massachusetts action is pending in Norfolk Superior Court.[1]

---

[1] Pelland indicates that he has not been provided the address of the Massachusetts appellate courts. If Pelland's motion to reconsider is denied by the Norfolk Superior Court, Pelland may appeal to the Massachusetts Appeals Court by filing a notice of appeal with the Norfolk Superior Court. See Mass. R. App. P. 3, 4.

DISCUSSION

I.  Pelland's Pleading Shall Be Construed
    as a Petition under 28 U.S.C. § 2241

Pelland has characterized his pleading as a petition under 28 U.S.C. § 2254, but he admits he is not challenging his 1995 Massachusetts conviction or the imposition of a three to eight-year sentence.  Rather, the present action concerns only the October 2000 Massachusetts parole violation charge and Pelland's alleged inability to challenge it.  Thus, Pelland's petition is more properly characterized as a petition for habeas relief under 28 U.S.C. § 2241.  See United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999)(petitions pursuant to § 2241 generally attack the execution of a sentence rather than the fact of a conviction or sentence); see also Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (considering whether "action is properly brought under § 2254 as a challenge to the validity of [the petitioner]'s conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence").

II. The Petition Shall Be Summarily Dismissed

Although Pelland brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).  Under Rule 4(b), the Court is required to examine a

petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); cf. Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition).

Here, it "plainly appears from the face of the motion. . . that [Pelland] is not entitled to relief in the district court." A § 2241 petitioner must exhaust his available state court remedies before seeking relief in the federal district court. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973) ("The [state court] exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a "swift and imperative remedy in all cases of illegal restraint or confinement." (internal quotation marks omitted)); Higgins v. State of Rhode Island, 187 F.3d 622, 1998 WL 1085812, at *1 (1st Cir. 1998) (not selected for publication).[2] Here, the events related to

---

[2] Actions brought under 28 U.S.C. § 2254 are likewise subject to a state court exhaustion requirement. See 28 U.S.C. § 2254(b)(1)(A).

4

Pelland's Massachusetts parole violation charge are the subject of Pelland's petitions for habeas relief in Florida and Massachusetts state courts. Pelland must complete these state court proceedings before seeking relief in a federal district court.[3]

## CONCLUSION

Accordingly, the Court orders that this action be dismissed without prejudice.

```
 6/30/05                              /s/ Nathaniel M. Gorton
DATE                                 UNITED STATES DISTRICT JUDGE
```

---

[3] The Court recognizes that Pelland suggests the state proceedings are not providing "expedient relief," Pet. at 12, but, where, as here, there is no indication relief in the state courts is unavailable, the speed at which the state courts adjudicate Pelland's petitions is not relevant to the question of whether Pelland is entitled to seek relief in this Court.